Cole S. Cannon (Utah Bar No. 12053)
cole@cannonlawgroup.com
Janet M. Conway (Utah Bar No. 7488)
janet@cannonlawgroup.com
CANNON LAW GROUP, PLLC
53 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 363-2999

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESELSELLERZ.COM, LLC, DIESEL POWER GEAR, LLC, 4X4 ANYTHING, LLC, SPARKS MOTORS, LLC, DAVID W. SPARKS, DAVID KILEY, JOSHUA STUART, AND KEATON HOSKINS, <br><br> Defendants. | **DEFENDANTS' MOTION TO DISMISS, PURSUANT TO RULE 12(b)(6), OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)** <br><br> Case No.: 2:17-CV-00032-BCW <br><br> Magistrate Brooke C. Wells |

---

Defendants, DIESELSellerz.com, LLC ("DIESELSellerz"), Diesel Power Gear, LLC ("DPG"), 4x4 Anything, LLC ("4x4 Anything"), Sparks Motors, LLC ("Sparks Motors"), David Sparks ("Sparks"), David Kiley ("Kiley"), Joshua Stuart ("Stuart"), and Keaton Hoskins ("Hoskins") (collectively referred to as "Defendants" or the "Diesel Brothers"), by and through undersigned counsel, moves this Court to dismiss Plaintiff Utah Physicians for a Healthy Environment, Inc.'s ("UPHE" or "Plaintiff") Complaint (the "Complaint") pursuant to Fed. R.

Civ. P. 12(b)(6), partially or in its entirety, on the grounds that Plaintiff has failed to state a claim for relief, or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e), on the grounds that Plaintiff's Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 3

III. ARGUMENT ................................................................................................................. 6

    1. The statute of limitation bars Plaintiff's claims, as Plaintiff alleges the actions first began more than five years prior to the date of filing the Complaint............................................... 7

    2. The Court should dismiss the Complaint against the individuals, because they are employees of the Defendant entities, and not personally liable for actions taken on behalf of those entities...................................................................................................................... 8

    3. Plaintiff's claims against DIESELSellerz are precluded by the Communications Decency Act, 47 U.S.C. § 230, and moreover fail, because Plaintiff has not alleged any cognizable injury in fact...................................................................................................................... 11

        a. The Communications Decency Act bars Plaintiff's claims. ........................................ 11

        b. Plaintiff's claims against DIESELSellerz fail, because Plaintiff has not alleged any cognizable injury in fact................................................................................................. 13

    4. The claims against DPG fail because Plaintiff asserts no specific allegations that DPG works on vehicles, sells vehicles or parts for vehicles, or own/operate vehicles. ................ 14

    5. The claims against 4x4 Anything fail because Plaintiff has no standing to assert claims, due to the lack of redressability or no cognizable injury in fact.......................................... 16

  B. The Court should dismiss the Complaint and require Plaintiff to refile it with a more definite statement of its claims under Rule 12(e). .................................................................. 18

IV. CONCLUSION................................................................................................................. 20

**TABLE OF AUTHORITIES**

## CASES

*Anderson v. Farmland Industries, Inc.*, 45 F. Supp. 2D 863 (D. Kansas 1999) ........................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 6

*Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F.3d 814 (7th Cir. 1997) . 16

*Bartlett v. State of Utah,* Case No. 2:06-cv-00048 PGC, U.S.D.C., D. Utah, Order Granting
  Defendants' Motion for a More Definite Statement, dated June 23, 2006 ............................... 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 6

*Chi. Lawyers' Comm. for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th
  Cir. 2008) ............................................................................................................................. 11

*City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251 (10th Cir. 2011) .......................................... 17

*Collins v. Purdue Univ.*, 703 F. Supp. 2d 862 (N.D. Ind. 2010) ................................................... 12

*Cope v. Anderson,* 331 U.S. 461 (1947) ......................................................................................... 8

*Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961 (N.D. Ill. 2009) ...................................................... 11

*Gabelli v. S.E.C.,* 133 S.Ct. 1216, 1220 (2013) ............................................................................. 7

*GLFP, Ltd. v. CL Mgmt., Ltd.*, 163 P.3d 636 (Utah App. 2007) ................................................... 14

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49 (1987) ............... 16

*Heaps v. Nuriche, Inc.*, 345 P.3d 655 (Utah 2015) ................................................................... 9, 10

*Hoa v. Vietnamese Unified Buddhist Assoc. of Utah*, 351 P.3d 106 (Utah App. 2015) ............... 13

*Holmes Dev., LLC v. Cook*, 48 P3d 895 (Utah 2002) .................................................................... 14

*Illinois v. Celotex Corp.*, 516 F. Supp. 716 (C.D. Ill. 1981) ........................................................ 10

*Illinois v. Commonwealth Edison Co.*, 490 F. Supp. 1145 (N.D. Ill. 1980) ................................. 10

*In re Biorge*, No. 10-23318, 2011 WL 1134109 (Bankr. D. Utah Mar. 28, 2011) ....................... 13

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) ........................................ 6

*Kreisler v. Goldberg*, 478 F.3d 209 (4th Cir. 2007) ..................................................................... 13

*McHency v. Renne*, 84 F.3d 1172 (9th Cir. 1996) ........................................................................ 18

*Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.,* 502 F.3d 1316 (11th Cir. 2007)
  ............................................................................................................................................... 7

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) .................... 12

*NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047 (10th Cir. 1993) .............................................. 14

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) ................................................................ 18

*Salt Lake City Corp. v. Big Ditch Irr. Co.,* 258 P.3d 539 (Utah 2011) ........................................... 9

*Sierra Club v. Oklahoma Gas and Electric Company,* 816 F.3d 666 (10th Cir. 2016) ................... 7

*Steel Co. v. Citizens for a Better Environment, 523 U.S. 83* (1998) ............................................. 17

*Surgical Supply Ctr. v. Industrial Comm'n, Dep't of Emp't Sec.*, 223 P.2d 593 (Utah 1950) ....... 14

*U.S. v. Midwest Generation, LLC*, 720 F.3d 644 (7th Cir. 2013) ................................................... 8

*United Transp. Union v. Fla. E. Coast Ry. Co.,* 586 F.2d 520 (5th Cir. 1978) ............................. 8

*Wallace v. Kato,* 549 U.S. 384 (2007) ............................................................................................. 7

*WildEarth Guardians v. Public Service Co. of Colorado*, 690 F.3d 1174 (10th Cir. 2012) ......... 17

**STATUTES AND REGULATIONS**

28 U.S.C. § 2462 ................................................................................................ 7, 8

42 U.S.C. § 7522 ................................................................................................ 1, 15

42 U.S.C. § 7602(e) ................................................................................................ 5

42 U.S.C. § 7604 ................................................................................................ 10

47 U.S.C. § 230 ................................................................................................ 2, 11, 12

Utah Code § 31A-27a-504(11)(a) .......................................................................... 9

Utah Code § 32B-4-302(2)(a) ............................................................................... 9

Utah Code § 48-2c-101 et seq. ............................................................................. 9

Utah Code § 48-2c-601 ........................................................................................ 9

Utah SIP Regulation R307-201-2 ......................................................................... 1

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 6, 20

Federal Rule of Civil Procedure 12(e) ................................................................ 18, 19

Federal Rule of Civil Procedure 8(a)(2) .............................................................. 18

# I. INTRODUCTION

The Diesel Brothers are diesel truck enthusiasts, passionate about modified off-road diesel trucks as a recreational lifestyle, masters of social media marketing, and best known for their popular reality television show, titled "Diesel Brothers," which show airs on the Discovery Channel, and features diesel trucks being modified for recreational use.

According to Plaintiff's Complaint, the Diesel Brothers are comprised of four companies, and four individuals who work for those companies, and include Sparks Motors, an automobile repair shop and used automobile dealership; DIESELSellerz, an online marketplace where third parties post advertisements to sell their personal diesel vehicles and related products; 4x4 Anything, an online store that sells aftermarket automobile parts and accessories; and DPG, an online store that sells apparel, including its branded Diesel Power Gear clothing line.

On July 27, 2016, UPHE's counsel sent the Diesel Brothers a notice letter, demanding it cease committing alleged violations of 42 U.S.C. § 7522. (Compl. ¶ 5, Att. 1). The Diesel Brothers promptly complied by removing potentially violative material from its websites. (*Id.* ¶¶ 116, 118, 125). On October 3, 2016, counsel for UPHE sent the Diesel Brothers a supplemental notice letter, demanding it cease committing alleged violations of Utah SIP Regulation R307-201-2. (*Id.* ¶ 6, Att. 2). Neither the EPA nor the Utah Administrator responded to UPHE's notices (*Id.* ¶ 8), and UPHE filed the instant citizen action on January 10, 2017.

Plaintiff's Complaint alleges the Diesel Brothers have violated 42 U.S.C. § 7522 and Utah SIP Regulation R307-201-2 by 1) knowingly removing federally-required pollution control equipment on diesel vehicles and engines ("First Claim for Relief"), (*Id.* ¶ 135); 2)

manufacturing, selling, offering to sell and/or installing defeat devices and/or aftermarket exhaust systems in diesel vehicles and engines ("Second Claim for Relief"), (*Id.* ¶ 141); and 3) owning and/or operating motor vehicles registered in Utah without maintaining all emission control systems and devices in operable condition, and by removing, and/or making inoperable, emission control systems or devices in motor vehicles in Utah ("Third Claim for Relief"). (*Id.* ¶¶ 149-50). Plaintiff liberally broad-strokes the allegations in its Complaint, makes sweeping legal conclusions, and vaguely asserts all claims against "each Defendant individually, all Defendants collectively, and any group of Defendants as may be applicable." (*Id.* ¶ 50).

Plaintiff's Complaint fails as a matter of law on multiple grounds. First, the applicable statute of limitations is five years from the date in which the claim first accrues. Plaintiff specifically alleges Defendants' violative actions commenced more than five years prior to the date of filing the Complaint. Thus, the claims are time-barred. Second, the Complaint does not state any basis to maintain claims against the individual defendants. It is not enough to simply allege each are a "person" as defined in the statute, and vaguely assert ambiguous allegations against all Defendants collectively.

Third, Plaintiff's claims against DIESELSellerz are precluded by the Communications Decency Act, 47 U.S.C. § 230. Moreover, Plaintiff's claims against DIESELSellerz fail, because Plaintiff has not alleged any cognizable injury in fact. Fourth, Plaintiff's claims against 4x4 Anything fail as to the First Claim for Relief and Third Claim for Relief, because Plaintiff fails to allege any cognizable injury in fact, and Plaintiff's Second Claim for Relief fails for lack of redressability, since Plaintiff admits 4x4 Anything promptly ceased selling all allegedly violative

parts months before the present lawsuit was initiated. Fifth, Plaintiff's claims against DPG fail to allege any cognizable injuries in fact, as DPG only sells clothing and apparel.

Finally, the Complaint largely fails to connect its allegations to a specific defendant, making it impossible to tell which allegations apply to which defendant. Plaintiff's vague and ambiguous references prejudice Defendants' ability to prepare their defense, and will hinder the Court's efforts to evaluate the sufficiency of Plaintiff's claims. This defect requires a more definite statement under Federal Rule of Civil Procedure 12(e).

For all of these reasons, the Court should dismiss the Complaint.

## II. STATEMENT OF FACTS[1]

The Diesel Brothers are best known for their popular reality television show called "Diesel Brothers," which airs on the Discovery Channel, and features diesel trucks being modified primarily for off-road recreational use. *See* Defendants' Request for Judicial Notice in Support of its Motion to Dismiss Plaintiff's Complaint or, alternatively, Motion for a More Definite Statement ("Defendants' RJN"), Exh. 1, http://discovery.com/tv-shows/diesel-brothers, filed concurrently herewith. Its audience are diesel truck enthusiasts, who are passionate about modified off-road diesel trucks as a recreational lifestyle. *Id.*

According to Plaintiff's Complaint, the Diesel Brothers are comprised of four separate but related entities, and the individuals who manage and/or are employed by one or more of those entities. (Compl. ¶ 50). The first company, Sparks Motors, operates an automobile repair shop and used automobile dealership in Davis County, Utah. (Defendants' RJN*,* Exh. 1). The

---

1 This Statement of Facts is based on the allegations in the Complaint, which Defendants assume are true *only* for the purposes of this Motion, but otherwise do not thereby admit.

second company, DIESELSellerz, operates an online marketplace website, www.dieselsellerz.com, similar to www.craigslist.org, where third parties list vehicles for sale. (*Id.*, Exhs. 1 and 2) DIESELSellerz also makes entertaining videos to post online to drive customers to its website. (*Id.*) The third company, DPG, operates an online store, www.dieselpowergear.com, that sells clothing and other apparel, primarily marketing its branded "Diesel Power Gear" clothing line. (Defendants' RJN, Exhs. 2 and 3) From time to time, DPG offers a 'no purchase necessary" sweepstakes, where the prize is a modified truck, awarded to someone who has registered for the sweepstakes on its website. (*Id.*) The final company, 4x4 Anything, is a separate company from DPG, that sells aftermarket parts for off-road use, on DPG's website, http://dieselpowergear.com/pages/4x4anything. (Compl. ¶¶ 116, 118, 125; Defendants' RJN, Exh. 2).

As for the individual defendants, Sparks is a custom vehicle builder, licensed auto dealer, and social media and television personality. (Compl. ¶ 27). Sparks is also a manager of DIESELSellerz, DPG, 4x4 Anything, and manager of B&W Auto, LLC, which is the manager of Sparks Motors. (*Id.* ¶¶ 23-26). Sparks works at 1955 South 1800 West, Woods Cross, Utah 84087, which Plaintiff characterizes as the "DIESELSellerz.com complex." (*Id.* ¶ 27). Defendants Kiley and Hoskins also work at the "DIESELSellerz.com complex," and according to the Complaint, build and sell diesel vehicle trucks at DIESELSellerz. (*Id.* ¶¶ 28, 30). The last named defendant, Stuart, also works at the "DIESELSellerz.com complex," and is a manager of DIESELSellerz and 4x4 Anything. (*Id.* ¶ 29). Plaintiff does not specifically allege that Stuart

builds or sells vehicles. Sparks, Kiley, Stuart and Hoskins are each alleged to be a "person" within the meaning of 42 U.S.C. § 7602(e). (*Id.* ¶¶ 27-30).

As for the substance of the Complaint against Defendants, the Complaint's factual allegations boil down to four "examples" of alleged violations. First, the Complaint alleges the Diesel Brothers 1) obtained a 2013 Ford F250; 2) removed emission control parts on that vehicle and replaced with a hollow exhaust pipe; 3) thereafter posted a video on Facebook showing the vehicle being driven by Sparks in Woods Cross, Utah; 4) offered to sell that vehicle on www.ebay.com; and 5) sold that vehicle to an unidentified Utah customer, who registered that vehicle in Utah. (*Id.* ¶¶ 63-77).

Next, the Complaint alleges the Diesel Brothers 1) obtained a 2012 Dodge Ram 2500 SLT; 2) removed emission control parts on that vehicle; 3) advertised that vehicle as a "sweepstakes prize" to customers on DPG's website; 4) posted a video on www.youtube.com, showing that vehicle being driven in Salt Lake City, Utah; and 5) awarded that vehicle as a prize to a DPG sweepstakes contestant. (*Id.* ¶¶ 78, 92-93).

Third, the Complaint alleges the Diesel Brothers removed emission devices on a 2013 GMC Denali, presumably owned by a third party, then operated that vehicle in Utah, and that vehicle was thereafter offered for sale by a third party, identified in the Complaint only as idriveutahtrucks.com. (*Id.* ¶¶ 94, 96, 106).

Finally, the Complaint alleges 4x4 Anything sold and/or offered to sell parts in violation of federal law, but that 4x4 Anything promptly removed those parts from its website upon

receiving notice from UPHE in July, 2016, and ceased all allegedly violative conduct well before

January 10, 2017, when the instant action was filed.  (*Id.* ¶¶ 116, 118, and 125).

## III.  ARGUMENT

***A. The Court should dismiss the Complaint, pursuant to Rule 12(b)(6), for failure to state any claim for relief.***

In order to withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege enough facts,

"taken as true, to state a claim to relief that is plausible on its face."  *Kansas Penn Gaming, LLC*

*v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted) (quoting

*Twombly*, 550 U.S. at 570). A plaintiff must "offer specific factual allegations to support each

claim" and while the Court must "accept as true all of the allegations contained in a complaint"

this requirement is "inapplicable to legal conclusions."  *Kansas Penn*, 656 F.3d at 1214 (internal

quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, "in ruling on a motion to

dismiss, a court should disregard all conclusory statements of law and consider whether the

remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is

liable." *Id.* Here, Plaintiff devotes much of its Complaint to reciting a long narrative about the

problems with Utah's air quality, and providing a detailed discussion regarding federal and state

emissions regulations.  Plaintiff then makes grandiose generalized allegations against the

Defendants collectively.  However, once stripped down to the relevant factual allegations, it is

clear the Complaint does not state any plausible claim for relief.

*1. The statute of limitations bars Plaintiff's claims, as Plaintiff alleges the actions first began more than five years prior to the date of filing the Complaint.*

Plaintiff affirmatively avers that all of its allegations and claims for relief set forth in its Complaint, are based on conduct commencing on August 1, 2011. (Compl. ¶¶ 53, 135, 141). The Complaint was not filed until January 10, 2017, more than five years after the date in which the claim first accrued. As a result, this action is barred by the applicable statute of limitations. The Clean Air Act does not expressly provide for a statute of limitations period to commence an action. *Sierra Club v. Oklahoma Gas and Electric Company,* 816 F.3d 666, 670 (10th Cir. 2016); *see also Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007). Therefore, the courts have held that 28 U.S.C. § 2462 applies to citizen suits under the Clean Air Act. *Id.* Under 28 U.S.C. § 2462, the statute of limitations for bringing an action for civil penalties is "five years from the date when the claim first accrued." *Id.* A claim accrues "when the plaintiff has a complete and present cause of action." *Gabelli v. S.E.C.*, 133 S.Ct. 1216, 1220 (2013) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Under the Clean Air Act, a claim first accrues on the date when a violation first begins to occur. *Sierra Club,* 816 F.3d at 671; *Nat'l Parks*, 502 F.3d at 1322. In this case, Plaintiff specifically alleges the conduct first commenced on August 1, 2011. Accordingly, the applicable statute of limitations' clock started ticking on that date, and would thus run on August 1, 2016. However, Plaintiff did not file this action until January 10, 2017. Since Plaintiff's claims first accrued more than five years ago, the entire action is time-barred. *Sierra Club*, 816 F.3d at 672 (even though violative conduct continued into applicable limitations period, court dismissed

action because conduct first commenced more than five years prior to filing of action); *see also U.S. v. Midwest Generation, LLC*, 720 F.3d 644, 648 (7th Cir. 2013) (court ultimately found that the violative conduct, having commenced more than five years before the action was filed, resulted in the entire action being time-barred by 28 U.S.C. § 2462).

Since Plaintiff's action for legal remedies is time-barred, its claims for equitable relief are also time-barred under the concurrent remedy doctrine, which provides that when a party seeks both legal and equitable remedies, and its legal remedies are barred by the statute of limitations, the party's equitable claims are barred by the concurrent remedy doctrine. *Sierra Club*, 816 F.3d at 675; *see also United Transp. Union v. Fla. E. Coast Ry. Co.*, 586 F.2d 520, 523-24 (5th Cir. 1978) (statute of limitations bars both legal and equitable relief); *Nat'l Parks*, 502 F.3d at 1326 (citing *Cope v. Anderson*, 331 U.S. 461, 464 (1947)) (because legal claims were time-barred, claims for declaratory and injunctive relief were also barred by concurrent remedy doctrine).

Because Plaintiff was aware that the allegedly violative conduct complained of in its Complaint began on August 1, 2011, and Plaintiff thereafter waited more than five months past the applicable five-year statute of limitations to institute this lawsuit, Plaintiff's action is time-barred and must be dismissed.

    *2. The Court should dismiss the Complaint against the individuals, because they are employees of the Defendant entities, and not personally liable for actions taken on behalf of those entities.*

Even if Plaintiff's action is not time-barred, Plaintiff's Complaint is, at best, only against the entities. Sparks Motors, DIESELSellerz, DPG, and 4x4 Anything are all valid Utah limited liability companies. Each of the individual defendants works at one or more of these companies,

and the Complaint's vague allegations do not specifically identify any activities of the individuals that were done outside the scope of their employment with the entity defendants. Under Utah's Revised Limited Liability Act, Utah Code § 48-2c-101 et seq. (2002), individuals are shielded from liability in suits taken against the companies where they work, and provides "no organizer, member, manager, or employee of a company is personally liable . . . for a debt, obligation, or liability of the company or for the acts or omissions of the company or of any other organizer, member, manager, or employee of the company." U.C.A. § 48-2c-601.  *See also Salt Lake City Corp. v. Big Ditch Irr. Co.,* 258 P.3d 539, 545-546 (Utah 2011) (and cases cited therein).

Defendants recognize this immunization from personal liability is not absolute. Where suits arise from claims of violations of state or federal law, Utah law provides that a court should look at the governing statute in which the action is being brought to determine issues of personal liability which would otherwise be shielded under the Utah Limited Liability Act.  *Heaps v. Nuriche, Inc.*, 345 P.3d 655, 658 (Utah 2015).  Before personal liability can be imposed, the law requires the applicable statute under which the claim is brought to have express language of the legislature's intent to impose personal liability on individuals.  *Id.* at 659.  In *Heaps*, the court distinguished the applicable statute under which the Plaintiff filed the action from other statutes that expressly addressed personal liability and noted:

> For example, the Insurer Receivership Act explains that any "person acting on behalf of the insurer who" inappropriately gives preference "is personally liable." Utah Code § 31A-27a-504(11)(a). Similarly, the Alcoholic Beverage Control Act provides that "a manager or member of [a] limited liability company in charge of the premises in which [a violation of the Act] is committed is... personally liable."§ 32B-4-302(2)(a). In each of

these contexts, when the Legislature has imposed personal liability on corporate officers and agents, it has done so expressly.

*Id*. at *659.*

Based on this reasoning, the court refused to impose individual liability on the managers of the defendant entity for employee's unpaid wage claims, since the wage claim statute did not expressly provide for personal liability.  *Id.*

While there are no cases in the Tenth Circuit directly addressing personal liability of managers or employees in citizen suits for alleged violations of the Clean Air Act, the court was faced with this exact issue in *Illinois v. Commonwealth Edison Co.*, 490 F. Supp. 1145 (N.D. Ill. 1980). There, the court looked to the language and intent of Congress in drafting the provision authorizing citizen suits under the Clean Air Act and found "the deliberate omission of responsible corporate officers from the definition of "person" contained in Section 302(e) evinces Congress' intent not to allow corporate officers to be named defendants in suits of this type." *Id.*  at 1148 (Court granted defendants' motion to dismiss claims arising under the Clean Air Act against all of the individual corporate officers of the defendant entity, specifically holding "they are not subject to citizen's suits under Section 304 of the Clean Air Act, 42 U.S.C. § 7604.") *See also Illinois v. Celotex Corp.*, 516 F. Supp. 716 (C.D. Ill. 1981) (holding that, given the absence of language specifically defining "person" to include a responsible corporate officer for citizen suits when the term was included for EPA enforcement actions, Congress did not intend that corporate officers be subject to civil citizen suits).

Since Sparks, Kiley, Stuart, and Hoskins, are all managers and/or employees of one or more of the defendant companies, and Plaintiff does not allege any basis to assert its claims against them other than by virtue of their employment with one or more of those companies, Plaintiff has failed to state a claim against Sparks, Kiley, Stuart, or Hoskins, and they should be dismissed from this lawsuit.

> *3. Plaintiff's claims against DIESELSellerz are precluded by the Communications Decency Act, 47 U.S.C. § 230, and moreover fail, because Plaintiff has not alleged any cognizable injury in fact.*

> *a. The Communications Decency Act bars Plaintiff's claims.*

DIESELSellerz is entitled to immunity from suit under the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("CDA Section 230"), because Plaintiff seeks to hold DIESELSellerz liable for displaying information provided by another party. CDA Section 230 provides "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." In other words, no party can bring a suit that seeks to treat a website as the author of allegedly actionable content, where that content is authored by another party. Congress enacted CDA Section 230 to "preserve the vibrant and competitive free market that presently exists for the Internet … unfettered by Federal or State regulation." 47 U.S.C. §§ 230(b)(1)–(2). The statute specifically bars actions that seek to impose liability on an interactive computer service for publishing content provided by another. *See, e.g.*, *Chi. Lawyers' Comm. for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008); *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 967-68 (N.D. Ill. 2009). CDA Section 230 immunity should be determined "at the earliest possible stage." *See Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-58 (4th Cir. 2009). CDA Section 230 provides immunity from any claim which (1) treats an interactive computer service, (2) as a publisher or speaker (3) of information provided by another information content provider. *See* 47 U.S.C. § 230(c)(1); *Dart*, 665 F. Supp. 2d at 965-66. These elements are all met here.

First, DIESELSellerz is an "interactive computer service," defined as "any information service … that provides or enables computer access by multiple users to a computer server[.]" *See* 47 U.S.C. § 230(f)(2); *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 878 (N.D. Ind. 2010) (websites generally deemed interactive computer services). Any end-user may access DIESELSellerz' website to place advertisements for the sale of privately owned vehicles, as well as respond to advertisements listed on the site as a potential purchaser. Therefore, DIESELSellerz' website provides access by multiple users.

Second, Plaintiff's claims seek to treat DIESELSellerz as the "publisher or speaker." *See Dart*, 665 F. Supp. 2d at 968 ("[C]ourts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." (Citation omitted)). Plaintiff attaches a list to its Complaint, titled "Sampling of modified trucks offered for sale on DieselSellerz.com," which list clearly shows that the vehicles listed for sale are being offered by third party users of the website, not DIESELSellerz. (Compl. ¶ 5, Att. 1, Exh. H). Thus, the second prong of the test under the CDA is met.

Third, the content that DIESELSellerz is accused of improperly publishing was provided by "another information content provider." *Dart*, 665 F. Supp. 2D at 955-56. As noted

previously, it is obvious upon a careful review of the "Sampling of modified trucks offered for sale on DieselSellerz.com," attached to Plaintiff's Complaint, that the content complained of by Plaintiff on DIESELSellerz' website is supplied by a third-party. It is the republication of precisely this third-party supplied content for which Plaintiff appears to allege DIESELSellerz is liable. Thus, because Plaintiff's claims seek to treat DIESELSellerz as the publisher of third-party supplied content, CDA Section 230 requires dismissal of Plaintiff's complaint.

b. *Plaintiff's claims against DIESELSellerz fail, because Plaintiff has not alleged any cognizable injury in fact.*

Plaintiff's claims require the following actions: 1) removing and/or installing parts that violate the Clean Air Act on a vehicle; 2) selling parts that violate the Clean Air Act; and 3) owning/operating a vehicle in Utah that violates the Clean Air Act. None of those claims apply to DIESELSellerz. DIESELSellerz' sole business is to operate an online marketplace and produce entertaining videos to post on its website. Plaintiff's claims also cannot be directly attributed to DIESELSellerz due to its association with the other named defendant companies, because DIESELSellerz is a separate legal entity from the other named defendant companies, and, as a separate legal entity, has its own distinct legal rights and obligations. *Hoa v. Vietnamese Unified Buddhist Assoc. of Utah*, 351 P.3d 106, 109 (Utah App. 2015), citing *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007); *In re Biorge*, No. 10-23318, 2011 WL 1134109, at *1 (Bankr. D. Utah Mar. 28, 2011) (same).

It does not matter if there is commonality between the named entities or the individuals and the entity. Two corporate entities "are separate and distinct legal entities" even if they have

identical memberships and ownerships. *Hoa*, 351 P.3d at 109, citing *Surgical Supply Ctr. v. Industrial Comm'n, Dep't of Emp't Sec.*, 223 P.2d 593, 595 (Utah 1950). "[The court] cannot ignore the separate status of these entities merely because their owners are related." *GLFP, Ltd. v. CL Mgmt., Ltd.*, 163 P.3d 636, 644 (Utah App. 2007), citing *NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993) ("Generally, a corporation is a legal entity. . . and such a legal entity may not be disregarded. . . ." (quotations omitted)). Indeed, the Utah Supreme Court has held that two corporations that had the same management and were "practically indistinguishable" were nevertheless separate entities and thus refused to recognize them as the same entity for purposes of standing to pursue a legal action. *Holmes Dev., LLC v. Cook*, 48 P3d 895, 910, n6 (Utah 2002).

While the Complaint does not specify which allegations and claims apply to which defendant, since DIESELSellerz only operates an online marketplace for third parties to sell vehicles, and neither owns/operates vehicles, modifies or sells vehicles or parts for vehicles, Plaintiff cannot allege claims directly against DIESELSellerz. Further, because DIESELSellerz is a distinct legal entity, separate from the other entities, Plaintiff's claims cannot be attributed to DIESELSellerz, based on its association with the other defendant companies, and DIESELSellerz should be dismissed from the lawsuit.

*4. The claims against DPG fail because Plaintiff asserts no specific allegations that DPG works on vehicles, sells vehicles or parts for vehicles, or owns/operates vehicles.*

DPG is an apparel company. Other than using general allegations against all Defendants collectively, Plaintiff asserts no specific allegations that DPG works on vehicles, sells or offers to

sell vehicles, or owns or operates vehicles.  As such, DPG cannot possibly have engaged in any activity related to the alleged modification of vehicles, sale of modified vehicles, or ownership or operation of vehicles that may violate 42 U.S.C. § 7522 or Utah SIP Regulation R307-201-2. DPG's affiliate company, 4x4 Anything, has its landing page within DPG's website, and 4x4 Anything sells auto parts on that page.  However, DPG does not sell automotive parts.

Since DPG operates an online store that sells only clothing and apparel, and DPG neither owns/operates vehicles, modifies or sells vehicles or parts for vehicles, Plaintiff cannot possibly be alleging its First Claim for Relief and Third Claim for Relief directly against DPG.  Further, under the same legal reasoning as set forth in the previous section for DIESELSellerz, because DPG is a distinct legal entity, separate from the other entities, including 4x4 Anything, Plaintiff's First Claim for Relief and Third Claim for Relief cannot be attributed to DPG.

From time to time, DPG offers a 'no purchase necessary" sweepstakes, where the prize is a modified truck given away to a contestant who has registered for the sweepstakes on DPG's website.  Plaintiff specifically alleges the Diesel Brothers "awarded the 2012 Dodge Ram as a prize to a Diesel Power Gear sweepstakes contestant." (Compl. ¶ 93).  Assuming, *arguendo,* that the 2012 Dodge Ram violates 42 U.S.C. § 7522(a)(3)(B), and further assuming, *arguendo*, that 42 U.S.C. § 7522(a)(3) applies to vehicles in these circumstances, that provision specifically defines the violation in terms of "selling or offering to sell."  Since the vehicles are being given away as a prize to a "no purchase necessary" sweepstakes contestant, DPG is not selling or offering to sell any vehicle, and thus are not in violation of 42 U.S.C. § 7522(a)(3)(B). As such,

none of Plaintiff's claims fail to state any claim for relief against DPG, and DPG should be dismissed from the lawsuit.

       *5.   The claims against 4x4 Anything fail because Plaintiff has no standing to assert claims, due to the lack of redressability or no cognizable injury in fact.*

       Plaintiff alleges that 4x4 Anything offers to sell exhaust gas recirculation delete kits and aftermarket exhaust systems.  (Compl. ¶¶ 116, 118, 125).  However, Plaintiff acknowledges that all offending material was promptly removed off of 4x4 Anything's online store, after receiving notice from UPHE in July, 2016.  (*Id.*) Because 4x4 Anything fully ceased offering to sell any products that could violate the Clean Air Act a full five months before the Complaint was filed, Plaintiff lacks standing to bring its Second Claim for Relief against 4x4 Anything, for lack of redressability.

       Redressability, in the context of citizen suits under the Clean Air Act, requires a plaintiff to assert allegations of present and ongoing violations at the time the Complaint is filed, and plaintiff has no standing to pursue wholly past violations where the alleged violator ceases the complained of activity upon proper notice.  *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60 (1987) (explaining purpose of analogous notice requirement under the Clean Water Act).  "In essence, the purpose of the notice requirement is to give the alleged violator an opportunity to bring itself into compliance with the Act and, thus, render unnecessary the citizen suit."  *Anderson v. Farmland Industries, Inc.*, 45 F. Supp. 2D 863, 866 (D. Kansas 1999), citing *Gwaltney,* 484 U.S. at 60; *accord Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997) ("In practical terms, the notice must

be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will *avert* a lawsuit.") (Clean Water Act)(Emphasis added).

"To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury."*WildEarth Guardians v. Public Service Co. of Colorado*, 690 F.3d 1174, 1185 (10th Cir. 2012), citing *City of Hugo v. Nichols (Two Cases),* 656 F.3d 1251, 1264 (10th Cir. 2011). "The plaintiff bears the burden to establish standing at the time the suit is filed, and if the defendant's offending conduct has ceased by that time, [the court will] dismiss for lack of redressability." *Id. See also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 107-09 (1998)(The Supreme Court held that a plaintiff cannot meet the redressability prong of standing where the alleged violations have been resolved or abated before suit is filed.)

In this case, Plaintiff served the statutory pre-suit notice letter to 4x4 Anything, and identified categories of parts advertised in 4x4 Anything's online store that allegedly violated federal law on July 27, 2016. (Compl. ¶ 5). 4x4 Anything promptly ceased offering to sell all allegedly violative products, five months prior to Plaintiff's filing of this lawsuit. (*Id.* ¶¶ 116, 118, 125). All of the allegations Plaintiff has specifically asserted against 4x4 Anything are for wholly past alleged violations. Therefore, Plaintiff does not have standing to pursue a claim against 4x4 Anything under its Second Claim for Relief. Moreover, since 4x4 Anything operates an online store, it neither owns/operates vehicles, modifies or sells vehicles. Thus, Plaintiff cannot be directly asserting its First Claim for Relief or Third Claim for Relief against 4x4 Anything, and because 4x4 Anything is a distinct legal entity, separate from the other defendant

companies, any alleged violations of those claims cannot be attributed to 4x4 Anything.

For all of these reasons, 4x4 Anything should be dismissed from this lawsuit.

**B. The Court should dismiss the Complaint and require Plaintiff to refile it with a more definite statement under Rule 12(e).**

Under Federal Rule of Civil Procedure 12(e), a court may order "a more definite statement of a pleading … which is so vague or ambiguous that the [defendants] cannot reasonably prepare a response." *Id*. Federal Rule of Civil Procedure 8(a)(2) only requires a pleading to include "a short and plain statement of the claim." *Id.* However, "this short and clear statement needs to provide fair notice to *each individual* defendant, unless the plaintiff has a good faith belief that each and every defendant named in his complaint engaged in each and every claim to which he alleged." *Bartlett v. State of Utah,* Case No. 2:06-cv-00048 PGC, U.S.D.C., D. Utah, Order Granting Defendants' Motion for a More Definite Statement, dated June 23, 2006 (emphasis in original). In a case with both legal entities and individual actors as defendants, the complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008); *see also McHency v. Renne,* 84 F.3d 1172, 1175 (9th Cir. 1996) (Trial court properly dismissed complaint under Rule 12(e) because "plaintiffs have made sweeping allegations against the [defendants], but the complaint frequently does not make clear connections between specific allegations and individual defendants.").

In this case, Plaintiff fails to apprise Defendants or the Court which defendants are allegedly liable for which wrongs, asserting all allegations and claims against Defendants, collectively. The Complaint states: "In each of the allegations below, the term Diesel Brothers means each Defendant individually, all Defendants collectively, and any group of Defendants as may be applicable." (Compl. ¶ 50). As a result, it has been a guessing game to determine which allegations and claim(s) Plaintiff may be asserting against each Defendant, respectively. Moreover, as to the individuals, the Complaint does not specifically allege what actions were taken by which individual, instead essentially alleging all individuals performed all acts. Nor does the Complaint allege whether the individuals' actions were taken during the normal course of their employment, or if they are being separately alleged to have taken actions outside of their scope of employment with the companies, instead alleging all are a "person" as defined in the statute.

Plaintiff's vague references prejudice Defendants' ability to prepare their defense, and will hinder the Court's efforts to evaluate the sufficiency of Plaintiff's claims. This defect requires a more definite statement under Federal Rule of Civil Procedure 12(e).

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), or in the alternative, dismiss the Complaint and require Plaintiff to refile it with a more definite statement under Rule 12(e).

Dated this 15th day of February, 2017.


*/s/ Janet M. Conway*
Janet M. Conway, Esq.
CANNON LAW GROUP, PLLC
*Attorney for Defendants*

*/s/ Cole S. Cannon*
Cole S. Cannon, Esq.
CANNON LAW GROUP, PLLC
*Attorney for Defendants*