Attorneys for Plaintiff
Meghan Dutton, Esq.
Utah State Bar No. 14440
Meghan Dutton Law PLLC
299 South Main Street #1300
Salt Lake City, Utah 84111
(801) 673-2300
meghan@megduttonlaw.com

Reed Zars, Esq.
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6268
reed@zarslaw.com
*Admitted Pro hac vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> DIESELSellerz.com LLC, et al., ) <br> Defendants ) <br> ) | Case No. 2:17-cv-00032-BCW |

**Plaintiff's Objection to Diesel Brothers' Request for Judicial Notice**

**I. <u>Introduction</u>**

Defendants Diesel Brothers' Request for Judicial Notice, Doc. No. 24 ("Request"), that asks the Court to take judicial notice of three of Defendants' website "landing pages," should be denied. First, Defendants' Request, filed in support of their Motion to Dismiss pursuant to Rule 12(b)(6), Doc. No. 23, represents an improper effort to render as false several allegations in Plaintiff's complaint that are presumed by law to be true. Second, Defendants' Request should be denied because it runs counter to the related rule that no documents may be added by a

defendant to the allegations in a complaint unless those documents are referenced in that complaint. Third, Defendants' Request runs counter to the requirements in Fed.R.Civ.P. Rule 201(b) that judicial notice is only available for facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

## II. **Argument**

Defendants ask the court to take judicial notice of three of their website "landing pages" attached as Exhibits 1, 2 and 3, to contradict the allegations in Plaintiff's complaint regarding the participation of defendants DIESELSellerz.com LLC ("DIESELSellerz") and Diesel Power Gear LLC ("DPG") in the removal and defeat of pollution control systems in diesel vehicles in violation of the Clean Air Act.[1] If judicial notice is taken of Defendants' landing page evidence, Defendants argue in their Motion to Dismiss that the Court must, as a consequence, dismiss DIESELSellerz and DPG. This is because, according to Defendants but contrary to the allegations in the complaint,

- ➢ "DIESELSellerz' sole business is to operate an online marketplace and produce entertaining videos to post on its website." Def. Mot. at 13.
- ➢ DIESELSellerz "neither owns/operates vehicles, modifies of sells vehicles or parts for vehicles." Def. Mot. at 14.
- ➢ "DPG is an apparel company." Def. Mot. at 14.
- ➢ "DPG operates an online store that sells only clothing and apparel, and DPG neither owns/operates vehicles, modifies or sells vehicles or parts for vehicles." Def. Mot. at 15.

Defendants' Request for judicial notice of their landing page screen shots should be denied because it is well established that when evaluating a motion to dismiss under Rule 12(b)(6), "[t]he court must accept as true all the factual allegations in the complaint,

---

[1] DIESELSellerz and DPG identified, Complaint ¶¶ 23-24, DIESELSellerz and DPG's removal of pollution control equipment, ¶¶ 50-61, their removal of pollution control equipment on specific vehicles, ¶¶ 62-106, and their advertising and sale of aftermarket defeat and exhaust devices, ¶¶ 107-131.

construe them in a light most favorable to the plaintiff, and resolve all reasonable inferences in plaintiff's favor." *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Defendants' Request, if granted, would turn this rule on its head by allowing Defendants to use their proffered landing pages to argue the factual allegations in the complaint are not true. Because this strategy is plainly contrary to the rules regarding the adjudication of Rule 12(b)(6) motions to dismiss, Defendants' Request should be denied.

Similarly, judicial notice of Defendants' landing pages should be denied as an improper effort to add foreign materials into Plaintiff's allegations. Defendants correctly note that a judicially noticed fact that is not subject to reasonable dispute may be drawn from a website. *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000). However, in the context of a Rule 12(b)(6) motion to dismiss, a fact in a document not incorporated by reference or attached to the complaint may not be added by the defendant to the pleadings as a judicially noticed fact unless "the document is referred to in the complaint and is central to the plaintiff's claim." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Nowhere in Defendants' Request is there any citation to a reference in the complaint regarding the web site landing pages proffered by Defendants. This is because there is no such reference. Neither is there any reference in the complaint to any other document containing the facts Defendants seek to establish conclusively by judicial notice: that DIESELSellerz and DPG only market vehicles to third parties and sell apparel. Because the landing page screen shots do not reflect documents referenced in or attached to the complaint, Defendants' Request for judicial notice should be denied. *Id.*

Finally, Defendants' Request should be denied because the facts that Defendants seek to elicit from their landing pages, *i.e.* the supposed non-involvement of DIESELSellerz and DPG in any of the complaint's alleged Clean Air Act violations, cannot "be accurately and readily determined" from such sources. Fed.R.Civ.P. Rule 201(b)(2). According to Rule 201(b), a court "may judicially notice a fact that is *not subject to reasonable dispute because it* (1) is generally known within the trial court's territorial jurisdiction; or (2) *can be accurately and readily determined* from sources whose accuracy cannot reasonably be questioned*.*" (Emphasis added.)

The landing page screen shots of Defendants' web pages are unable to "accurately and readily" establish that DIESELSellerz and DPG have not participated in any of the prohibited actions themselves, and have no financial, legal, managerial or employment relationship with the other individual and closely-held corporate defendants. In fact, the opposite appears to be true. For example, rather than the landing page of DIESELSellerz accurately showing the company "only operates an online marketplace website . . . where third parties list vehicles for sale," Def. Mot. at 4, the landing page highlights one of Diesel Brothers' "badass trucks" at the top, identifies the "beards behind the builds" as the four individual Diesel Brothers defendants here, and states: "We are for real. Check out the trucks we've already built and given away." Request, Exhibit 2, p. 2.[2]

Similarly, the landing page for DPG prominently displays Diesel Brothers' modified recreational vehicle "Heavy Badger," includes images of all the individual defendants, and

---

[2] DIESELSellerz' isolation from the activities complained of in Plaintiff's complaint is further contradicted by Defendants' Request Exhibit 1, p. 2, where the company is characterized more as the mothership: "In the world of diesel vehicles, no one has more fun or builds bigger, badder trucks than Heavy D, Diesel Dave and their crew at DieselSellerz."

encourages viewers to participate in a sweepstakes to win a truck modified by Diesel Brothers, the "Mega Ramrunner." Request, Exhibit 3, p. 3. Defendants' own Exhibits demonstrate that DPG is more than "an online store that sells only clothing and apparel." Therefore, because Defendants' Exhibits do not establish facts that "can be accurately and readily determined," Defendants' Request should be denied.

In sum, because the landing page facts propounded by Defendants cannot be accurately and readily determined, Defendants' Request should be denied.

### III. Conclusion

For all the reasons set forth above, Plaintiff respectfully asks the court to deny Defendants' Request. Further, to the extent the Court denies Defendants' Request, Plaintiff respectfully asks the Court to ignore all facts in Defendants' Motion to Dismiss that are not based on the allegations in the complaint, consistent with Defendants' representation in that Motion that "This Statement of Facts is based on the allegations in the Complaint." Def. Mot. at 3, n.1.

Respectfully submitted this 3rd day of March, 2017.

For Plaintiff,

| | |
|---|---|
| s/ Meghan Dutton | s/ Reed Zars |
| Meghan Dutton, Esq. | Reed Zars |
| Utah Bar No. 14440 | Attorney at Law |
| Meghan Dutton Law PLLC | 910 Kearney Street |
| 299 South Main Street #1300 | Laramie, WY 82070 |
| Salt Lake City, Utah 84111 | 307-760-6268 |
| (801) 673-2300 | reed@zarslaw.com |
| meghan@megduttonlaw.com | *Admitted Pro hac vice* |