Attorneys for Plaintiff
Meghan Dutton, Esq.
Utah State Bar No. 14440
Meghan Dutton Law PLLC
299 South Main Street #1300
Salt Lake City, Utah 84111
(801) 673-2300
meghan@megduttonlaw.com

Reed Zars, Esq.
Utah State Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6268
reed@zarslaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| Utah Physicians for a Healthy Environment, Inc., Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cv-00032-RJS |
| DIESELSellerz.com LLC, et al., Defendants. | ) | |

**Plaintiff's Motion for Leave to Add B&W Auto LLC as a Defendant**

A. Grounds for Motion and Relief Sought.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Utah Physicians for a Healthy Environment herein moves for leave to add B&W Auto LLC as a defendant.[1] Upon investigation, Plaintiff recently discovered that Defendant Sparks Motors LLC was not a Utah limited liability company as the name suggests (and as Plaintiff asserted in its

[1] Plaintiff sought Defendants' consent to this motion by letter served electronically on May 21, 2017. Defendants never responded. Defendants also did not respond to Plaintiff's May 23rd proposed uncontested motion and two subsequent emails. Plaintiff therefore files this motion unilaterally.

complaint), but rather a fictitious name used by B&W Auto LLC. In other words, B&W Auto LLC is the owner of, and is doing business as "Sparks Motors LLC." Being a real party in interest, and subject to the claims set out in the original complaint, Plaintiff moves for leave to add B&W Auto LLC as a defendant in this action.

B. Argument.

The Scheduling Order in this action prescribes August 11, 2017 as the deadline for Plaintiff to move for the addition of a party. Doc. No. 48. This motion therefore is timely.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may request leave from the court to amend its pleading, and "[t]he court should freely give leave when justice so requires." Further, the addition of that party relates back to the date the original complaint was filed if (1) the complaint sets forth a claim against the party with respect to "a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," (2) the party received "such notice of the action that it will not be prejudiced in defending on the merits," and (3) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. Rule 15(c)(1)(C).

Justice requires the addition of B&W Auto LLC as a defendant in this action because it is the legal entity behind the fictitiously named defendant Sparks Motors LLC. Plaintiff mistakenly assumed Sparks Motors LLC was in fact an LLC when Plaintiff filed the complaint in this action. Sparks Motors LLC, however, is not an LLC. It is a so-called "DBA" posing as an LLC. It is B&W Auto LLC doing business as Sparks Motors LLC. **Attachment 1**. B&W Auto LLC is the registrant of the name Sparks Motors LLC. Sparks Motors LLC has been used as a DBA by B&W Auto LLC since June 3, 2015. Meanwhile, B&W Auto LLC has

been in existence since June 29, 2000. **Attachment 2.** To ensure the claims in Plaintiff's complaint apply to the responsible entity for the applicable duration of potential liability, and to ensure meaningful injunctive and civil penalty relief, B&W Auto LLC should be added as a defendant to this action.

Justice also requires that the addition of B&W Auto LLC as a defendant relate back to the filing date of Plaintiff's complaint, January 11, 2017, because at that time B&W Auto LLC had full notice of the claims in this action, and that, but for Plaintiff's mistaken belief that Sparks Motors LLC was an actual LLC, B&W Auto LLC knew it was the true target regarding the claims brought against Sparks Motors LLC. Notice of this action was provided to B&W Auto LLC because B&W Auto LLC was served with both the pre-suit notice letters and the complaint in this action as the registered agent for Sparks Motors LLC. Defendant David Sparks, B&W Auto LLC's owner, was also served with both notices and the complaint. Notice was additionally supplied to B&W Auto LLC through Defendants' counsel in this action, Mr. Cole Cannon, because Mr. Cannon was provided notice as the registered agent for B&W Auto LLC and Mr. Cannon is also the registered agent for Defendant DIESELSellerz.com. In short, B&W Auto LLC was notified of the claims in this case at the same time as all of the other defendants and, knowing of its own liability with respect to the claims asserted, would not be prejudiced by its inclusion as a defendant.

On February 15, 2017, Defendant Sparks Motors LLC, together with the other defendants, moved to dismiss Plaintiff's complaint. Doc. No. 23. If B&W Auto LLC is added as a defendant, and assuming the arguments Sparks Motors LLC made in the motion to dismiss were those of its principal B&W Auto LLC, Plaintiff agrees that the resolution of

such motion will apply to B&W Auto LLC as if it had been named as a defendant at that time.

C. Conclusion.

In conclusion, Plaintiff respectfully asks for leave to add B&W Auto LLC as a defendant in this case. Plaintiff also asks that the addition of B&W Auto LLC as a defendant relate back to the original, January 11, 2017 filing date of the complaint, and that B&W Auto LLC respond timely to all discovery previously served, and to be served.

A proposed Order is attached hereto for the convenience of the Court.

Respectfully submitted this 30th day of May, 2017.

For Plaintiff,

/s Meghan Dutton
Meghan Dutton, Esq.
Utah Bar No. 14440
Meghan Dutton Law PLLC
299 South Main Street #1300
Salt Lake City, Utah 84111
(801) 673-2300
meghan@megduttonlaw.com

/s Reed Zars
Reed Zars
Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, WY 82070
307-760-6268
reed@zarslaw.com