IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT,<br><br>Plaintiff,<br><br>v.<br><br>DIESEL POWER GEAR LLC, 4x4 ANYTHING LLC, B&W Auto LLC d/b/a SPARKS MOTORS LLC, DAVID W. SPARKS, DAVID KILEY, JOSHUA STUART, and KEATON HOSKINS,<br><br>Defendants. | **PRELIMINARY INJUNCTION**<br><br><br>Case No. 2:17-CV-32<br><br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

By stipulation of Plaintiff Utah Physicians for a Healthy Environment and Defendants B&W Auto LLC and David W. Sparks, the court enters the following preliminary injunction:

It is hereby ordered that during the pendency of this action, B&W Auto LLC and David W. Sparks, and any officer, agent, servant, employee, and attorney of B&W Auto LLC and/or David Sparks, and any other person who participates or acts in concert with B&W Auto LLC and/or David Sparks, are enjoined from:

1) Knowingly or intentionally violating 42 U.S.C. § 7522(a)(3)(A) of the Clean Air Act;[1]

---

[1] Under that Section, it is prohibited "for any person to remove or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under this subchapter prior to its sale and delivery to the ultimate purchaser, or for any person knowingly to remove or render inoperative any such device or element of design after such sale and delivery to the ultimate purchaser . . . ."

1

2) Knowingly or intentionally violating 42 U.S.C. § 7522(a)(3)(B) of the Clean Air Act;[2] and

3) Purchasing for resale or reselling any vehicle, unless after reasonable inspection by B&W Auto, David Sparks, and/or any of their agents, it appears the vehicle has not been modified in violation of 42 U.S.C. § 7522(a)(3)(A) or (B).

No bond is required.[3]

DATED this 8th day of June, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[2] Under that Section, it is prohibited "for any person to manufacture or sell, or offer to sell, or install, any part or component intended for use with, or as part of, any motor vehicle or motor vehicle engine, where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under this subchapter, and where the person knows or should know that such part or component is being offered for sale or installed for such use or put to such use . . . ."

[3] The court finds Defendants are not likely to be harmed by the injunction. *See* Fed.R.Civ.P. 65(c) ("The court may issue a preliminary injunction . . . only if the movant gives security *in an amount that the court considers proper* to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.") (emphasis added); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) ("[T]rial courts have wide discretion under Rule 65(c) in determining whether to require security . . . .").