**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | | |
|---|---|---|
| Utah Physicians for a Healthy Environment, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:17-cv-32-RJS-DBP |
| Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart, and Keaton Hoskins, | ) ) ) ) ) | Chief Judge Robert J. Shelby |
| Defendants. | ) | |

**[Proposed] Joint Revised Pretrial Order**

This matter having come before the court on October 7, 2019, at a pretrial conference held before the Honorable Chief Judge Robert J. Shelby, pursuant to Fed. R. Civ. P. 16; and Reed Zars and George Hays having appeared as counsel for plaintiff, and Cole Cannon and Janet Conway having appeared as counsel for the defendants, the following action was taken:

1.     JURISDICTION. This is an action for injunctive relief and civil penalties under the federal Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 through 7671q. Jurisdiction of the court is invoked under 42 U.S.C. § 7604(a) (citizen suit provision of the CAA), 28 U.S.C. § 1331 (federal question statute), and 28 U.S.C. § 1355 (recovery of penalties). Jurisdiction additionally exists under 28 U.S.C. § 1331 (federal question), including 42 U.S.C. § 7522 (motor vehicle tampering and defeat device prohibitions) and 40 C.F.R. § 52.2320(c)(59), Utah Admin. Code R307-201-2 (federally-enforceable Utah motor vehicle emissions systems requirements). The jurisdiction of the court is not disputed and is hereby determined to be present.

VENUE. Venue was determined by the court to be proper pursuant to 28 U.S.C. §§ 1391(b) and (c). Venue is laid in the Central Division of the District of Utah.

2. GENERAL NATURE OF THE CLAIMS OF THE PARTIES

(a) Plaintiff's claims: Plaintiff's amended complaint alleges defendants David Sparks ("Heavy D"), Joshua Stuart ("Redbeard") and Keaton Hoskins ("The Muscle"), and their related limited liability companies including B&W Auto LLC and Diesel Power Gear LLC ("DPG"), violated Clean Air Act Section 203(a)(3)(A) and (B), 42 U.S.C. § 7522(a)(3)(A) and (B), and Utah SIP Regulation R307-201-2, 40 C.F.R. § 52.2320(c)(59), by removing pollution control devices from diesel vehicles, selling and installing pollution control defeat parts, and selling defeat parts installed in vehicles. Plaintiff's amended complaint also alleges defendants DPG, David Sparks and Keaton Hoskins violated Utah SIP Regulation R307-201-2 by owning and/or operating vehicles in Utah (registered or that should have been registered) without their required pollution control equipment installed and operational.

(b) Defendant's claims: *Briefly summarize.*

For liability phase, Defendants claim Dave Sparks is not personally liable for B&W Auto's violations, and neither Dave Sparks nor Joshua Stuart are personally liable for Diesel Power Gear's violations relating to giveaway trucks. Further, Defendants claim DPG did not sell any additional parts, other than the 88 parts specifically determined at summary judgment, in violation of the Clean Air Act.

For penalty phase, Defendants claim Plaintiff lacks standing to pursue mandatory injunctive relief. Defendants claim that the 17 trucks and 88 parts found to violate the Clean Air Act at summary judgment constitute very few total violations, with most sales going to out-of-state customers, and Plaintiffs have no evidence to show that Defendants' small fraction of total emissions along the Wasatch Front has caused the level of harm for extraordinary relief. Defendants claim that penalties and other relief granted to Plaintiff should be based on considerations of overall lack of harm to Plaintiff, Defendants' efforts to curtail violations, and Defendants' ability to pay and continue to operate their businesses.

Plaintiff's and Defendants' material facts that are not at issue:

1. B&W Auto removed emission control devices in trucks, installed defeat parts in trucks, and sold or offered to sell trucks with defeat parts installed, in violation of the Clean Air Act as identified in summary judgment ruling.

2. Diesel Power Gear sold 88 automotive parts that violate the Clean Air Act and Utah SIP, as identified in summary judgment ruling. *Utah Physicians for a Healthy Env't v. Diesel Power Gear LLC*, 374 F. Supp. 3d 1124, 1130 (D. Utah Mar. 12, 2019).

3. Hoskins personally owned, operated, and thereafter sold two trucks that violated the Clean Air Act and Utah SIP, as identified in summary judgment ruling

4. Diesel Power Gear is liable for "sale" of 10 giveaway trucks out of the 17 B&W Auto trucks that were in violation of the Clean Air Act, as identified in summary judgment ruling.

5. Diesel Power Gear is liable with B&W Auto for B&W Auto's sale of giveaway trucks in violation of the Clean Air Act, as identified in summary judgment ruling.

6. Sparks and Stuart are both personally liable for Diesel Power Gear's violations relating to the 88 parts sales, as identified in summary judgment ruling.

4. CONTESTED ISSUES OF FACT. The contested issues of fact remaining for decision are:

Plaintiff's Contested Issues of Fact.

1. The extent to which Defendants David Sparks, Joshua Stuart and DPG are liable for offering to sell and selling aftermarket EGR delete kits.

2. The extent to which Defendants David Sparks, Joshua Stuart and DPG are liable for offering to sell and selling aftermarket exhaust pipes (so-called "straight pipes") that enable the removal of emission control devices.

3. The extent to which Defendants David Sparks, B&W Auto and DPG are liable for offering to sell and selling vehicles with defeat parts installed.

4. The extent to which Defendants David Sparks, Keaton Hoskins, B&W Auto and DPG are liable for owning and/or operating vehicles registered in Utah, or which should have been registered in Utah, in which pollution control devices had been removed or were inoperable.

5. The extent to which Defendants should pay the maximum statutory penalty for their CAA and Utah SIP violations. Requests for Relief G, H and I.

6. The extent to which the court should "take into account" the following factors in CAA Section 205, 42 U.S.C. § 7524, and CAA Section 113, 42 U.S.C. § 7413, to reduce the maximum statutory penalties:
    - the gravity of the violation
    - the economic benefit or savings (if any) resulting from the violation
    - the size of the violator's business
    - the violator's history of compliance with this subchapter
    - action taken to remedy the violation
    - the effect of the penalty on the violator's ability to continue in business, and
    - such other matters as justice may require.

7. The extent to which a portion of any penalty assessed against any Defendant, up to $100,000, should be earmarked for the Tampered Diesel Truck Restoration Program, to be administered by the Davis County Health Department as set forth in Plaintiff's Exhibit 70, as a beneficial mitigation project pursuant to 42 U.S.C. § 7604(g)(2). Request for Relief, J.

Defendants' Contested Issues of Fact

1. Whether David Sparks is personally liable for B&W Auto violations.
2. Whether David Sparks is personally liable for DPG giveaway trucks violations.
3. Whether Josh Stuart is personally liable for DPG giveaway trucks violations.
4. Whether B&W Auto's modifications of 17 trucks constitute more than 17 violations, notwithstanding the ultimate sale of modified vehicle constitutes a separate violation.
5. Whether B&W Auto modified additional trucks in violation of Clean Air Act, identified in Plaintiff's complaint, but not previously identified at summary judgment.
6. Whether DPG is liable for more than 88 parts sales, when Plaintiff failed to establish the alleged identified additional parts violate the Clean Air Act at summary judgment.
7. Determination of total number of violations for Hoskins' two trucks.

5. CONTESTED ISSUES OF LAW. The contested issues of law, in addition to those implicit in the foregoing issues of fact, are: *Either set forth each issue or indicate that no special issues of law other than those implicit in the foregoing issues of fact were reserved.*

Plaintiff's Contested Issues of Law

**Liability Issues**

1. The extent to which the removal of each system, device, or any part thereof from a motor vehicle under the Utah SIP, or the removal of any device and/or element of design from a motor vehicle under CAA 42 U.S.C. § 7522(a)(3)(A), constitutes a separate offense subject to penalty.
2. The extent to which the sale, offering for sale or instalation of a part or component that bypasses, defeats or renders inoperative any device and/or element of design from a motor vehicle under CAA 42 U.S.C. § 7522(a)(3)(B) is subject to a separate penalty for each device or element of design bypassed, defeated or rendered inoperative by such part or component.
3. The extent to which vehicles not registered in Utah, but that should be registered or otherwise licensed, must comply with Utah SIP regulation R307-201-2.

**Injunctive Relief**

4. To obtain a permanent injunction, a plaintiff that has prevailed on the merits must show an injunction is necessary to prevent irreparable harm, that the balance of equities favors an injunction, and that an injunction is in the public interest. *Winter v. NRDC*, 555 U.S. 7, 31 (2008); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). *Amoco Production v. Village of Gambell*, 480 U.S. 531 (1987).
5. Defendants should be enjoined permanently from violating the Clean Air Act and Utah SIP.
6. Defendants should be required to restore the illegally modified trucks in their possession.
7. *See United States Tribe v. Hubenka*, 2014 WL 12634287, at *1, *19 (D.Wyo. Oct. 22, 2014) (CWA defendant required "to bear the expense of restoring the environment"). *See also United States v. Telluride Co.*, 146 F.3d 1244, 1245-1246 (10th Cir. 1998).
8. As in the *U.S. v. Volkwagen* matter, Case 3:15-md-02672-CRB (N.D. Calif.), mitigation of defendants' past and ongoing excess emissions from tampered vehicles in Utah is an

appropriate form of injunctive relief.
https://www.cand.uscourts.gov/crb/vwmdl/settlement-documents-2-liter. It is also consistent with EPA's 2012 policy "Securing Mitigation as Injunctive Relief in Certain Civil Enforcement Settlements (2d edition)" available at:
https://www.epa.gov/sites/production/files/2016-08/documents/2ndeditionsecuringmitigationemo.pdf

**Penalty Assessment**

Clean Air Act Section 205(b), 42 U.S.C. § 7524(b), provides the factors the Court is to "take into account" in the assessment of a civil penalty for CAA Section 203, 42 U.S.C. § 7522 violations.

. . . the court shall take into account the gravity of the violation, the economic benefit or savings (if any) resulting from the violation, the size of the violator's business, the violator's history of compliance with this subchapter, action taken to remedy the violation, the effect of the penalty on the violator's ability to continue in business, and such other matters as justice may require.

Clean Air Act Section 113, 42 U.S.C. § 7413(e), requires similar considerations, along with the duration of the violation, in assessing penalties for violation of the Utah SIP.

According to the Tenth Circuit, in assessing penalties under the Clean Air Act, courts "generally presume that the maximum penalty should be imposed." *Pound v. Airosol Company, Inc.*, 498 F.3d 1089, 1095 (2007). Courts then use the statutory factors cited above to determine "what degree of mitigation, if any, is proper." *Id*. Moreover, the burden of showing that a civil penalty would have a detrimental effect on the violator's business rests with the violator. *See, e.g., Pub. Int. Res. Grp. of New Jersey, Inc. v. Powell Duffryn Terminals, Inc.,* 720 F. Supp. 1158, 1166 (D.N.J. 1989)*, aff'd in part and rev'd in part,* 913 F.2d 64 (3rd Cir.1990) (([CWA case] concluding that defendant had 'failed to demonstrate that assessing a severe penalty would jeopardize defendant's continued operation').

To the extent Defendants' contested issues of law below are inconsistent with Plaintiff's statements of law applicable to the trial as set forth above, Plaintiff objects to Defendants' characterizations.

Defendants' Contested Issues of Law

Plaintiff take the position that the lower the volume of violations, the higher the penalty amount per violation should be. Plaintiff also base the gravity of harm on social media marketing and video recordings, as well as the celebrity status of the individuals, not on actual pollutants discharged into the Wasatch Front. Plaintiff disregard calculating the economic benefit to Defendants resulting from violation, including the lack of financial profit from violations, especially with regard to Diesel Power Gear and Hoskins. Defendants claim any calculations for penalty amount should be based on Defendants' ability to pay and continue business operations, and have produced Defendants' prior three years of financial records and complete sale history for Diesel Power Gear, showing Defendants generate a modest income, based largely on clothing apparel sales, their television show, and media appearances. Any relief granted to Plaintiff should be based on consideration for lack of actual harm to the Wasatch Front, a disgorgement of profits resulting from violations, and Defendants' ability to pay and continue to operate their businesses.

EPA formal policies regarding calculating penalty amount, which may be helpful for the Court to consider, include: EPA's ability to pay policy (https://www.epa.gov/enforcement/guidance-evaluating-ability-pay-civil-penalty-administrative-enforcement-actions); EPA penalty and financial models (https://www.epa.gov/enforcement/penalty-and-financial-models); EPA's policy on mitigation (https://www.epa.gov/enforcement/securing-mitigation-injunctive-relief-certain-civil-enforcement-settlements-2nd-edition); EPA's policy on supplemental environmental projects (https://www.epa.gov/enforcement/supplemental-environmental-projects-seps); DOJ's January 9, 2018, memorandum entitled, "Settlement Payments to Third Parties" (https://www.justice.gov/enrd/page/file/1043726/download).

6. EXHIBITS. The following were received in evidence or were identified and offered: *List individually, indicating whether received or identified.*

| (a) Plaintiff's Exhibits | Admitted by Stipulation |
|---|---|
|  |  |
| 1. DPG Exhaust kits for sale.pdf | yes |
| 2. DPG EGR Deletes for sale.pdf | yes |
| 3. DPG all vendors parts Bates 1-12, and parts Bates 28489, 28491, 31668, 31752 and 31851.pdf | yes |
| 4. DPG/4X4 Anything Premier spreadsheet Bates 1019-1021, 1058-1061.pdf | yes |
| 5. 2007 Dodge Ram 2500 2014 7-20 ad Bates 12144.pdf | yes |
| 6. Diamond Eye instructions and screen shots | no |
| 7. MBRP instructions and screenshots | no |
| 8. 2017 Mitchell1 Emission Control Guide (corrected) | no |
| 10. 2008 Chevy Hercules & Megaram 2017 in SLC.pdf | no |
| 11. 2008 Chevy Hercules Sparks Exhibit 20.pdf | yes |
| 12. 2008 Chevy Hercules video.mp4 | no |
| 13. 2008 Ford F350 2014 10-22 ad Bates 11872.pdf | yes |
| 14. 2009 Ford F350 2015 2-13 ad Bates 12691 | yes |
| 15. 2010 Dodge Ram 2015 3-19 ad Bates 11798-11799.pdf | yes |
| 16. 2011 Dodge Ram 2500 Bates 2030 - 2035.pdf | yes |
| 17. 2011 Dodge Ram Tune Files Bates 11090- 11117.pdf | yes |
| 18. 2011 F350 Box Truck 2016 6-28 Sparks Motors ad VIN 8905.pdf | yes |
| 19. 2011 F350 Box Truck 2017 5-26 sale to Mikel Longfellow Bates 26348-26349.pdf | yes |
| 20. 2011 Ford F250 2015 1-26 ad Bates 12692.pdf | yes |
| 21. 2013 Denali Sparks Exhibit 32.pdf | yes |
| 22. 2013 Dodge Ram 5500 ad *sparks Motors* autowix.com.pdf | no |
| 23. 2013 Dodge Ram 5500 the Rock ad Sellerz.pdf | yes |
| 24. 2014 Mini Megaram Sparks Exhibit 29.pdf | yes |
| 25. 2014 MiniMegaRam 3.0L PPEI tuned.pdf | yes |
| 26. 2014 MiniMegaRam Exhibit D Hofer Decl 95-4 | yes |
| 27. 2014 MiniMegaRam Exhibit E Van Der Brink Depo 95-5 | yes |
| 28. 2015 GMC Cheyenne Lord 2017 11-6 signed declaration | yes |
| 29. 2015 GMC Cheyenne Lord Sparks Exhibit 34 | yes |
| 30. White Knight 2014 7-8 ad Bates 12183 - 12188.pdf | yes |
| 31. 2013 F250 DPF CAT SCR diagram | no |
| 33. 2013 Ford F250 2019 6-17 Kenley Ford repair receipt | no |
| 34. 2014 ebay ad for 2013 Ford-250 | yes |
| 35. 2012 Ford Application for COC 2013 Ford-250 | no |

| | |
|---|---|
| 36. 2012 EPA COC for 2013 Ford-250 | no |
| 37. 2016 SGS Pretest Underbody Pictures | no |
| 38. 2016 SGS FTP NOx and PM Test Results | no |
| 39. 2016 SGS OBDII Scan Results | no |
| 40. 2016 St Denis CV | no |
| 41. 2017 Worldwide inspection results | no |
| 51. 2007 Utah recommendations PM25 Area Designations 2006.pdf | yes |
| 52. 2009 10-8 EPA finalizes nonattainment designations for Utah counties.pdf | no |
| 53. 2010 Decreased sperm motility -- air pollution in Salt Lake City NCBI.pdf | no |
| 54. 2010 January Utah DAQ Emissions Flyer.pdf | yes |
| 55. 2011 6-6 UDEQ Wintertime PM powerpoint.pdf | no |
| 56. 2015 Air Pollution and Public Health Utah Health Dept.pdf | no |
| 57. 2015 DAQ Final_Annual_Report.pdf | yes |
| 58. 2015 U of Utah PM2.5 in Salt Lake Valley.pdf | no |
| 59. 2016 2-10 Weber Morgan AQ Advisory Committee Minutes.pdf | no |
| 60. 2016 6-27 Weber County Work-Group-Presentation.pdf | no |
| 61. 2016 9-29 Utah-Governor-Ozone-Area-Recommendation.pdf | yes |
| 62. 2016 9-29 Utah-Ozone-Designation-Recommendation-Staff-Analysis.pdf | yes |
| 63. 2016 12-1 EPA serious PM2.5 designation fact sheet.pdf | no |
| 64. 2017 May ICCT NOx Health Fact Sheet global 2post.pdf | no |
| 65. 2019 8-22 Particulate Air Pollution and Mortality in 652 Cities NEJM.pdf | no |
| 66. 2015 air pollution and infertility Nurses.pdf | no |
| 67. 2017 Low level air pollution and death JAMA.pdf | no |
| 68. 2018 Accute air pollution and pregnancy loss Salt Lake City.pdf | no |
| 69. 2019 Association between air pollution and emphysema JAMA.pdf | no |
| 70. UPHE – Davis County Health Department Tampered Diesel Trucks Restoration Program Agreement. | yes |
| | |
| **Plaintiff's Videos** | |
| | |
| 1200 HORSEPOWER DONUTS black GMC.mp4 | no |
| 2007 Zeus Duramax burnouts video.mp4 | yes |
| 2013 Ford #BuiltDiesel PowerStroke Haul.mp4 | no |
| 2014 Diesel Trucks Destroy a Prius - The PRIUSPOCALYPSE.mp4 | no |
| 2014 Mega Cab Ram Runner – SEMA.mp4 | yes |
| Brodozer Moab 2016 video.mp4 | no |
| BUILT DIESEL 3 Cummins Giveaway Truck Mods by Industrial Injection.mp4 | yes |
| BUILT DIESEL 3_ 12-Valve Cummins Truck Modifications Kiley | yes |

| | |
|---|---|
| drives.mp4 | |
| BUILT DIESEL 3_ 2006 Duramax First Runner Up Wins rolls coal in Sunnyside WA (6/19/14).mp4 | yes |
| BUILT DIESEL 3_ OBS Powerstroke Truck Modifications.mp4 | yes |
| BUILT DIESEL 4_ The DieselSellerz Crew Q&A Session no buy no giveaway.mp4 | yes |
| Built Diesel 5 Giveaway.mp4 | yes |
| BUILT DIESEL 5 The Six-Door Powerstroke Muscle red.mp4 | yes |
| BuiltDiesel Smokes Out Prius Paul.mp4 | no |
| Dodge Twin Turbo Cummins PRANK! #DieselDave Rolls Coal!.mp4 | no |
| EFI Tuning on the Duramax Built Diesel 3 Giveaway Truck.mp4 | no |
| Having a bad day- Watch this and I guarantee you'll feel better.mp4 | yes |
| Megaram 2017 turnaround.mp4 | no |
| Mid July Madness and US Duramax Winner.mp4 | no |
| MTN OP Truck For a Buck! with Kiley time lapse 2-2-2015 tuned deleted.mp4 | yes |
| Pickup vs. Semi at Diesel Brothers.mp4  (Toxic Diesel) | no |
| Pugs Gear F-650 Truck for a Buck Winner Bunch Texas.mp4 | yes |
| Pugs Truck for a Buck Info and Winners Update "buy for $".mp4 | yes |
| SUPER SIX - 6x6x6 MONSTER Diesel!! 20000lb SEMA Patriot.mp4 mm (1320 video) | yes |
| | |
| **Plaintiff's Physical Evidence** | |
| | |
| 2013 Ford F250, VIN 1FT7W2BT2DEA61696, and related parts. | no |
| | |
| **(b)  Defendants' Exhibits** | **Admitted by Stipulation** |
| | |
| Exhibit 1003 Distributor agreement with Premier Performance | yes |
| Exhibit 1004 Distributor agreement with Diesel Auto Performance. | yes |
| Exhibit 1005 Distributor agreement with Thunder Diesel. | yes |
| Exhibit 1006 Distributor agreement with Transamerica Wholesale | yes |
| Exhibit 1007 2015 DaRezz LLC form 1065 and K1s. | yes |
| Exhibit 1008 2015 DPG 1065 and K1s | yes |
| Exhibit 1009 2015 Sparks federal and state tax returns | yes |
| Exhibit 1010 2016 B & W Auto LLC 2016 1120S Amended (Clt) | yes |
| Exhibit 1011 2016 DaRezz balance sheet Jan - Dec 2016 | yes |
| Exhibit 1012 2016 DaRezz profit and loss Jan - Dec 2016 | yes |
| Exhibit 1013 2016 Diesel Power Gear, LLC 2016 1065 Archive Tax Return US | yes |
| Exhibit 1014 2016 DPG balance sheet as of Dec 2016 | yes |
| Exhibit 1015 2016 DPG profit and loss Jan - Dec 2016 | yes |

| | |
|---|---|
| Exhibit 1016 2016 Sparks tax returns 2016 1040 (Clt) | yes |
| Exhibit 1017 2017 B&W Auto 2017 Tax Return Documents | yes |
| Exhibit 1018 2017 DPG - 12-31-2017 Prepared Financial Statements | yes |
| Exhibit 1019 2017 Sparks Tax Return Documents | yes |
| Exhibit 1020 2018 DPG 2018 Profit and Loss | yes |

Defendants intend to seek judicial notice of Dkt # 65-6 and/or #107-2, Declaration of Janet M. Conway and exhibits thereto, to the extent those exhibits are published by governmental authorities and report undisputed facts, such as air quality annual reports and dept of transportation annual reports on number of registered vehicles in Utah.

  (c) Exhibits of any third parties:

  (d) Exhibits received in evidence and placed in the custody of the clerk may be withdrawn from the clerk's office upon signing of receipts therefor by the respective parties offering them. The exhibits shall be returned to the clerk's office within a reasonable time and in the meantime shall be available for inspection at the request of other parties.

  (e) Exhibits identified and offered that remain in the custody of the party offering them shall be made available for review by the offering party to any other party to the action that requests access to them in writing.

  (f) Except as otherwise indicated, the authenticity of received exhibits has been stipulated but they have been received subject to objections, if any, by an opposing party at the trial as to their relevancy and materiality. If other exhibits are to be offered, the necessity for which reasonably cannot now be anticipated, they will be submitted to opposing counsel at least _____ days prior to trial.

7. WITNESSES.

  (a) In the absence of reasonable notice to opposing counsel to the contrary:

    (i) plaintiff <u>will</u> call as witnesses:

1. Mr. David Sparks, 1955 S 1800 W, Woods Cross, UT 84087. (385) 220-2900. Mr. Sparks is expected to testify regarding (a) the advertising and sale of EGR delete kits, straight pipes and diesel vehicles with aftermarket defeat parts installed, (b) his personal and

-11-

business-related income and finances, and (c) the appropriate remedies for CAA violations established.

2. Mr. Keaton Hoskins, 1955 S 1800 W, Woods Cross, UT 84087. (385) 220-2900. Mr. Hoskins is expected to testify regarding his operation of diesel vehicles with aftermarket defeat parts installed. He is also expected to testify regarding his personal and business-related income and finances.

3. Mr. Joshua Stuart, 1955 S 1800 W, Woods Cross, UT 84087. (385) 220-2900. Mr. Stuart is expected to testify regarding the advertising and sale of EGR delete kits and straight pipes. He is also expected to testify regarding his personal and business-related income and finances.

4. Mr. Mark E. Elwood, CPA, Sadler, Gibb & Associates, LLC., 2455 E Parleys Way Ste. 320, Salt Lake City, UT 84109. 801-783-2950. Mr. Elwood is expected to testify regarding the personal and business-related income and finances of the defendants.

5. Mr. James F. Pound, JK Tax & Accounting Services, Inc., 1919 South 830 West, Ste. D, Syracuse, UT 84075. Mr. Pound is expected to testify regarding the personal and business-related income and finances of the defendants.

6. Mr. Darrin Matheson, 20 N 600 W, Kaysville, UT 84037. 801-546-8860. Mr. Matheson is expected to testify regarding his inspection of defendants' vehicles and the pollution control devices applicable to diesel vehicles.

7. Mr. Charles Gee, 20 N 600 W, Kaysville, UT 84037. 801-546-8860. Mr. Gee is expected to testify regarding his inspection of defendants' vehicles, the excess emissions related to tampered diesel vehicles, and the proposed Tampered Diesel Truck Restoration Program.

8. Dr. Michael St. Denis, 5732 Lonetree Blvd, Rocklin, CA 95765. 916-786-1006. Dr. St. Denis is expected to testify regarding the emission testing of the "full delete" 2013 Ford F250, and to provide a view of the truck and its pollution control equipment in the public parking lot immediately adjacent to the courthouse.

9. Dr. Kirtly Jones, 3798 East Sunnydale Lane, Salt Lake City UT 84108. 801- 864-2825. Dr. Jones is expected to testify regarding the impacts of poor air quality on her personal health and the health of her patients.

10. Dr. Howie Garber, 1623 Mt. Moran Rd., Driggs, Idaho 83422. 801-450-3770. Dr. Garber is expected to testify regarding the impacts of poor air quality on his personal health and the health of his patients.

   (ii)    <u>Plaintiff may call as witnesses,</u>

1. Mr. Evan Nelson, 20 N 600 W, Kaysville, UT 84037. 801-546-8860. Mr. Nelson may testify regarding his inspection of a Dodge Ram 5500 on defendants' lot.

2. Ms. Heather Pledger, 1955 S 1800 W, Woods Cross, UT 84087. (385) 220-2900. Ms. Pledger may testify regarding her purchase and sale of aftermarket defeat parts.

3. Mr. Cody Holley, Service Manager, Ed Kenley Ford, 1888 N. Main, Layton, UT 84041. 801-776-5691. Mr. Holley may testify regarding his dealership's restoration of the "full delete" 2013 Ford F250.

4. Mr. Nate Strand, Service Technician, Ed Kenley Ford, 1888 N. Main, Layton, UT 84041. 801-776-5691. Mr. Strand may testify regarding his dealership's restoration of the "full delete" 2013 Ford F250.

   (iii)    plaintiff may use the following depositions:

1. Hans Peterson, August 4, 2016.
2. Heather Pledger, August 4, 2016.
3. David Sparks, August 22, 2016.

4. David Kiley, August 23, 2016.

5. Joshua Stuart, August 23, 2016.

6. Keaton Hoskins, August 22, 2016.

7. Mr. Brett Van Der Brink, December 14, 2017.

8. Travis Hansen, December 7, 2017.

(b) In the absence of reasonable notice to opposing counsel to the contrary:

(i) Defendants <u>will</u> call as witnesses:

1. David Sparks

2. Keaton Hoskins

3. Joshua Stuart

4. Mark E. Elwood, CPA, Sadler, Gibb & Associates, LLC.

5. James F. Pound, JK Tax & Accounting Services, Inc.

(ii) Defendants <u>may</u> call as witnesses:

1. Heather Pledger

2. Jim Anderson

3. Dr. Kirtly Jones

4. Dr. Howie Garber

(iii) defendant will use the following depositions: *None.*

(c) In the event that witnesses other than those listed are to be called to testify at the trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the court at least ____ days prior to trial. This restriction shall not apply to rebuttal witnesses whose testimony, where required, cannot reasonably be anticipated before the time of trial.

8. REQUESTS FOR INSTRUCTIONS. If the case is to be tried before a jury, requests for instructions to the jury and special requests for voir dire examination of the jury

shall be submitted to the court pursuant to DUCivR 51-1.  Counsel may supplement requested instructions during trial on matters that could not reasonably be anticipated prior to trial.

9. AMENDMENTS TO PLEADINGS.  There were no requests to amend pleadings.  *Or*  The following order was made regarding amendments to the pleadings: *Set out*.

10. DISCOVERY.  Discovery has been completed.
11. TRIAL SETTING.
    a. The case was set for trial on without a jury to begin on November 5, 2019 at 9:00 o'clock a.m. in Salt Lake City.
12. POSSIBILITY OF SETTLEMENT.  Possibility of settlement is considered ___ good  ___fair  X  poor.
13. OBJECTIONS.

To the extent Defendants' Exhibits 1000 – 1006 reflect documents provided in discovery, those exhibits should be the original documents from discovery that contain their original stamped Bates numbers.

DATED: _____

BY THE COURT

_____
UNITED STATES DISTRICT JUDGE

The foregoing proposed pretrial order (prior to execution by the court) is hereby adopted this _____ day of _____, 20____.

Dated: October 25, 2019

For Plaintiff,

   s/  Reed Zars
Reed Zars, Utah Bar #16351
Attorney at Law
910 Kearney St.
Laramie, WY 82070
307-760-6268
reed@zarslaw.com

   /s George Hays
George Hays, admitted pro hac vice
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
415-566-5414
georgehays@mindspring.com


For Defendants:,

  /s  Janet M. Conway
Cole S. Cannon (Utah Bar No. 12053)
cole@cannonlawgroup.com
Janet M. Conway (Utah Bar No. 7488)
janet@cannonlawgroup.com
CANNON LAW GROUP
53 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 363-2999