Reed Zars, Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, WY  82070
reed@zarslaw.com
(307) 760-6268

George E. Hays, admitted *pro hac vice*
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
georgehays@mindspring.com
(415) 566-5414

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc.,<br><br>                        Plaintiff,<br><br>    v.<br><br>Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart and Keaton Hoskins,<br><br>                      Defendants. | **Plaintiff's Motion for Costs and Fees**<br><br>Case No. 2:17-cv-32-RJS-DBP<br><br><br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Plaintiff Utah Physicians for a Healthy Environment ("UPHE") respectfully moves this

Court, pursuant to the Clean Air Act at 42 U.S.C. § 7604(d), to recover its reasonable costs and

attorneys' fees from the Defendants in this case.[1]

---

[1] Beginning in March, and most recently earlier this week, plaintiffs' counsel reached out to counsel for the defendants to discuss plaintiff's request for fees and costs.  As of this time, no resolution of this issue has occurred as a result of these overtures.

## I.   INTRODUCTION

This case began with plaintiff's July 27, 2016 pre-suit notice letter, followed by a supplemental notice letter on October 3, 2016, followed by plaintiff's January 10, 2017 complaint.  Before it served its notice letters plaintiff performed a significant amount of legal and factual research, including the purchase and exhaustive emission testing of one of defendants' diesel trucks from which all of its pollution control devices had been removed (known as having been "fully deleted").

After filing its complaint, plaintiff promptly initiated written discovery, conducted a site inspection of defendants' facilities and modified diesel vehicles in Wood Cross, and deposed all of the individual and LLC defendants.  Plaintiff also subpoenaed and deposed several subsequent owners of defendants' fully deleted diesel trucks.

On January 23, 2018, after briefing and oral argument, the court denied defendants' motion to dismiss and provisionally granted plaintiff's motion for summary judgment on the issue of plaintiff's standing.  On April 4, 2018, in response to plaintiff's motion to compel and defendants' subsequent stipulation, the court ordered defendants to supplement their discovery responses.  On June 8, 2018, after briefing and oral argument, plaintiff's motion for a preliminary injunction was entered.  On March 12, 2019, after briefing and oral argument, plaintiff's three additional motions for summary judgment were substantially granted, and defendants' motion for summary judgment was denied.  Efforts to settle the case before and after these rulings proved futile.  Finally, after four days of trial in November, 2019, on March 6, 2020 the court found the defendants liable for over 400 violations of the Clean Air Act and Utah SIP, responsible for the payment of a civil penalty of $851,451, and subject to a permanent injunction prohibiting similar violations in the future.

## I.   ARGUMENT

**A.   Plaintiff Obtained Success on the Merits of its Claims and is Entitled To Recover its Reasonable Attorneys' and Expert Witness Fees and Costs from the Defendants.**

In its March 6, 2020 Bench Trial Order, the court found defendants liable for over 400 violations of the Clean Air Act and Utah State Implementation Plan ("SIP), including the knowing removal of emission control devices from diesel trucks, the installation of emission control defeat parts in diesel trucks, the sale of defeat parts alone and as part of diesel trucks, and the ownership and operation of diesel trucks without functioning emission control devices. As a consequence, the defendants were assessed a penalty of $851,451 and were permanently enjoined from engaging in the prohibited acts described above.  But for Plaintiff's case, and the time and costs expended by its counsel, none of this relief would have been obtained.

After finding for UPHE, the court stated,

> '[I]n issuing any final order in any action brought pursuant to [Clean Air Act § 7604(a)], [the court] may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.' An award is appropriate here because UPHE obtained success on the merits of its claims and did so while serving the public interest by enforcing the Act. By bringing this action against Defendants, UPHE promoted the Act's goal of reducing ambient air pollution. UPHE is accordingly entitled to an award of litigation costs, including reasonable attorney fees.

Bench Trial Order, pp. 56-57.

**B.   The Hours Expended by Plaintiff's Counsel to Achieve Success Were Reasonable.**

The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Accord *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).

Moreover, the goal of fee shifting "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see also INS v. Jean*, 496 U.S. 154, 161-62 (1980) (finding that "fee award[s] presumptively encompass[ ] all aspects of the civil action," and while "the parties' postures on individual matters may be more or less justified . . . fee-shifting statutes . . . favor[] treating a case as an inclusive whole, rather than as atomized line-items"). Thus, courts "need not, and indeed should not, become green-eyeshade accountants" in evaluating the reasonableness of the hours billed. *Id*.

Over the course of the last four years Plaintiff's counsel expended 3,028.5 billable hours of effort, supported by 278.5 hours in paralegal time, to achieve UPHE's success.  These hours were reasonable and are justified by the quality of the work performed and by the results obtained.

Mr. Reed Zars began work on this case in March of 2016, and shepherded it through to a successful conclusion in March of 2020.  Mr. Zars is a 1986 graduate of Northeastern University Law School.  After removing time spent opposing Defendants' motion for a more definite statement, fielding calls from the media, attending State and County anti-tampering training classes, and preparing this motion, Mr. Zars seeks compensation for 2,552.9 hours.  Zars Declaration and Exhibit 2 attached thereto.

Ms. Meghan Dutton joined Mr. Zars in the early stages of the case as Utah counsel for plaintiff.  Ms. Dutton, a 2012 graduate of Lewis & Clark Law School, worked on the case for a year until she withdrew in July of 2017 due to her increased responsibilities at her full-time job with Wheeler Machinery, Co.  Ms. Dutton was able to rejoin the team to assist in the settlement conference before Magistrate Judge Warner in 2019.  Ms. Dutton seeks compensation for 95.1 hours of work.  Dutton Declaration and Exhibit 2 attached thereto.

Mr. George Hays entered the case as co-counsel for plaintiff in the fall of 2019 in preparation for trial. Mr. Hays performed extensive pre-trial, trial and post-trail work in this matter. Mr. Hays, a 1984 graduate of Cornell Law School, seeks compensation for 168.1 hours of work. Hays Declaration and Exhibit 2 attached thereto.

Ms. Melissa Barbanell assisted Mr. Zars with specific legal research tasks in 2016 and 2017, including mobile source regulation review, state court litigation in which the defendants were involved, and corporate officer liability. Ms. Barbanell, a graduate of the University of Utah College of Law in 1998, seeks compensation for nine (9) hours of work. Barbanell Declaration, and Exhibit 2 attached thereto.

Ms. Michelle Newman provided legal research and writing assistance to Mr. Zars as a summer associate in 2018. Ms. Newman performed legal research on a multitude of procedural and substantive legal issues over the summer. Ms. Newman, a 2015 graduate of Northeastern University Law School, seeks compensation for 50.3 hours of work. Newman Declaration, and Exhibit 2 attached thereto.

Finally, Ms. Naomi Melver provided extensive legal research to Mr. Zars and Mr. Hays in their preparation for trial between September and November of 2019, with the exception of five hours of caselaw research on how courts have interpreted "standard of limitation" and other applicable CAA definitions earlier in 2019, and cite checking plaintiff's post-trial findings of fact and conclusions of law in early 2020. Ms. Melver, a 2005 graduate of the University of Oregon School of Law, seeks compensation for 153.1 hours of work. Melver Declaration, and Exhibit 2 thereto.

**C.      Plaintiff's Hourly Rates are Reasonable.**

A reasonable hourly rate is a rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). The prevailing market rate applies "regardless of whether plaintiff is represented by private or nonprofit counsel." *Id.* at 895; *accord Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012). Courts typically determine the reasonable rate by defining the relevant legal market and then setting reasonable rates for comparably experienced attorneys within that market. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). The appropriate hourly rate should "reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." *Id.*; *accord O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1078 (D.N.M. 2018).

The hourly rates for Plaintiff's counsel, ranging between $225 – $475/hour, are based on the Salt Lake City market for attorneys of comparable skill and experience and thus are also reasonable.

According to George Haley, senior partner at the law firm of Holland & Hart LLP who was retained by plaintiff to provide an expert review of the reasonableness of the fees and costs applicable to plaintiff's counsel,

> This was a highly complex case dealing with obscure provisions of the Clean Air Act that was vigorously defended. There are only a handful of lawyers in the SLC market who practice Clean Air Act law and even fewer who are willing to litigate these difficult legal issues. The legal theory was novel. I believe it was the first of its kind, certainly in Utah, and probably the U.S. The lawyers were not getting timely paid and were putting their time and treasure at risk. Only lawyers with significant experience and skill could have successfully prosecuted this case. This case undoubtedly took tremendous effort to handle and the lawyers involved had

to devote a substantial percentage of their time to this case, which kept them from handling other, perhaps more lucrative cases during the same period of time.

It is clear to me that the legal work that was billed was actually performed. (The time records for each attorney are attached to their declarations). All the attorneys involved kept contemporaneous time records logging the time spent on the matter daily, except there were a few occasions where, due to travel etc., the time wasn't entered until the next day.  The work performed was reasonable and necessary to adequately prosecute the case.  Extensive discovery was performed.  Depositions were held.  Numerous motions were filed and argued. The bench trial lasted 4 days.

Haley Decl., p. 6.

According to Mr. Haley, the billing rates set forth below, applicable to Zars, Hays, Dutton, Newman, Melver and Barbanell, are consistent with the rates customarily charged in Salt Lake City for similar services.

Attorneys

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Reed Zars (1986) | 2,552.9 | 475 | $1,212,627.50 |
| Meghan Dutton (2012) | 95.1 | 240 | 22,824.00 |
| Michelle Newman (2015) | 50.3 | 225 | 11,317.50 |
| George Hays (1984) | 168.1 | 475 | 79,847.50 |
| Naomi Melver (2005) | 153.1 | 305 | 46,695.00 |
| Melissa Barbanell (1998) | 9.0 | 325 | 2,925.00 |
|  |  |  |  |
|  |  | TOTAL | $1,376,236.50 |

With respect to Plaintiff's "first chair" attorneys, Mr. Haley states,

It is my opinion that the above rates are reasonable and consistent with the rates charged in the SLC legal market for this type of litigation during the relevant time period. My current hourly rate is $575/hour.  Other Holland and Hart partners who do first chair commercial trials range from $465/hour to $530/hour. I am aware of other SLC firms that do complex commercial litigation where the first chair lawyers charge between $390/hour and $650/hour. Most charge between $500/hour and $550/hour. Mr. Zars' rate of $475, Mr. Hays' rate of $475, are reasonable for the SLC legal market.

Haley Decl., pp. 6-7.

With respect to Plaintiff's "second chair" attorneys, Mr. Haley found,

[T]he junior partner/second chair lawyers rates charged by the lawyers are similarly on the lower end of the spectrum for this community. Ms. Dutton's rate of $240/hour, Ms. Newman's rate of $225, and Ms. Barbanell's rate of $325 would be comparable to Holland and Hart lawyers of the same vintage which typically charge between $305 to $385.  The hourly rates charged for young partners and associates doing support work for complex commercial litigation for this time period in SLC range from $215/hour to $325/hour.

Haley Decl., p. 8.

With respect to Plaintiff's paralegals, Mr. Haley found,

The paralegal rates are also on the low end of what is charged for this type of work in SLC. The rate charged for paralegals in this community for this type of work during this time frame ranges from $140/hour to $185/hour. The rates charged by the paralegals here are clearly on the low end of the rates customarily charged for this type of work in this legal community.

Paralegals

| Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Glen Gallick (BS 2018) | 266 | 20 | $5,320.00 |
| Will Edwards (JD 2018) | 12.5 | 145 | 1,812.00 |
|  |  |  |  |
|  |  | TOTAL | $7,132.00 |

Haley Decl., p. 7-8.

Finally, with respect to Plaintiff's costs, Mr. Haley determined,

I have also reviewed the costs incurred by Mr. Zars and Mr. Hays and find them to be reasonable and necessary in prosecuting this case. It is not surprising that costs of $66,653.15 by Zars and $1,257.20 by Hays were incurred in prosecuting a case of this magnitude, complexity and novelty (see Zars and Hays declarations). In order to prove the significant harm caused by the defendants' violations of the Clean Air Act Zars purchased a Ford F-250 previously modified by the defendants and had numerous tests performed on the truck. He is now preparing to sell the truck. A copy of the on-line Kelley Blue Book value is attached (see exhibit 1). As part of his request for costs Zars is seeking the difference in value for what he paid for the truck and what it is currently valued at plus the cost of restoring the pollution control devices that were missing when it was sold by the defendants. This seems to me to be a reasonable cost incurred in support of the case, including providing the court with a view of the truck and its emission control devices at trial, and should be reimbursed by the defendants as part of the award of costs.

Haley Decl., p. 8.

The sum of all fees and costs is set forth in the table below.

| Charge | Totals |
|---|---|
| | |
| Attorneys' fees | 1,376,236.50 |
| Paralegal fees | $7,132.00 |
| Costs | 67,910.35 |
| Haley fee | 9,487.50 |
| | |
| TOTAL | $1,460,766.35 |

### III.    CONCLUSION

Plaintiff brought this case in the public interest, and will receive no benefit from its success other than to breathe, together with all the other residents and visitors to the Wasatch Front, healthier air. Because it was the Defendants' violations of the Clean Air Act that precipitated this action, and because the Clean Air Act requires violators to pay the successful

Plaintiff's legal team for their reasonable costs and fees, Plaintiff respectfully requests the court issue an order finding the Defendants jointly and severally liable for the fees and costs set forth above.

Respectfully submitted this 8th day of May, 2020.

For Plaintiff Utah Physicians for a Healthy Environment

    s/  Reed Zars
Reed Zars, Utah Bar #16351
Attorney at Law
910 Kearney St.
Laramie, WY  82070
307-760-6268
reed@zarslaw.com

    /s George E. Hays
George E. Hays, admitted *pro hac vice*
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
415-566-5414
georgehays@mindspring.com

**ATTACHMENTS**:

1. Declaration of Reed Zars
2. Declaration of Meghan Dutton
3. Declaration of George Hays
4. Declaration of Naomi Melver
5. Declaration of Michelle Newman
6. Declaration of Melissa Barbanell
7. Declaration of George Haley
8. Proposed Order