# ATTACHMENT 3

Declaration of George Hays

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., <br><br>　　　Plaintiff, <br><br> v. <br><br> Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David Sparks, Joshua Stuart, and Keaton Hoskins, <br><br>　　　Defendants. | **DECLARATION OF GEORGE E. HAYS IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES** <br><br><br> Case No. 2:17-cv-32-RJS-DBP <br><br><br> Chief Judge Robert J. Shelby <br> Magistrate Judge Dustin B. Pead |

1.　　I, George E. Hays, am over 18 years of age and competent to make this declaration. The statements herein are based upon my personal knowledge.

2.　　Between September 2019 and the present, I have represented the Plaintiff in this matter.

3.　　I submit this declaration in support of Plaintiff's motion for an award of attorneys' fees and costs. This declaration describes my background, and the time and expenses I have incurred on behalf of the Plaintiff.

4.　　I graduated from Cornell Law School in 1984, and after a brief stint as an associate at Simpson Thacher & Bartlett, I became a law clerk to the Honorable Stephen V. Wilson in the Central District of California.

5.　　After two years with Judge Wilson, and a year as a litigation associate at Rogers, Joseph, O'Donnell & Quinn, a firm in San Francisco, I joined the Office of Regional Counsel in EPA's office in San Francisco, where I remained for 12 years.  During the first part of my career at EPA, I served as EPA's lead attorney on dozens of Clean Air Act enforcement actions, and for this work, I was named, in 1990, the San Francisco Bay Area Federal Executive Board's 1990

Federal Employee of the Year Award for Civil Law Enforcement.  The types of Clean Air Act cases I handled varied greatly, including cases involving violations of Prevention of Significant Deterioration regulations, State Implementation Plans, National Emissions Standards for Hazardous Air Pollutants, and New Source Performance Standards.

6.     I was later promoted to Section Chief and Team Leader of a group of lawyers handling the enforcement of the Clean Air Act and other environmental statutes.  I also did a detail in EPA Headquarters as Special Assistant to EPA's Deputy Assistant Administrator for Enforcement, and while I worked in the Region, served on the Regional Enforcement Advisory Committee, coordinating quarterly meetings between managers from the Department of Justice and the Regional Office discussing ongoing and upcoming enforcement activity related to the Clean Air Act.  As such, I developed a thorough-going understanding of EPA's enforcement program and philosophy.

7.     I left EPA in 2000 and opened my own office, continuing to focus my practice on Clean Air Act enforcement.  Since that time, I have been attorney of record in at least 32 federal cases involving the Clean Air Act, 22 of which involved direct citizen enforcement.  In 17 of those enforcement cases, I served as lead attorney.

8.     Additional information regarding my background, experience, and credentials are summarized in my resume, appended hereto as **Exhibit 1**.

9.     I maintained a daily record, to the tenth of an hour, regarding my work on this case.  My timesheet for the hours I spent on this matter, for which compensation is sought, is attached hereto as **Exhibit 2**.  I certify that the total number of hours shown in **Exhibit 2**, 168.1, were actually expended on the topics stated.  I also certify that the hours I spent on the topics stated were both reasonable and necessary to fulfill my professional, legal and ethical duties to my client and the Court. My travel expenses for three round-trip flights between Seattle and Salt Lake City are $1,257.20.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ___May 2___, 2020.

Signed:_____

-3-

-1-

# George Hays

# Exhibit 1

**GEORGE E. HAYS**
P.O. Box 843
Bellevue, Washington 98009
5414@mindspring.com
(415) 566-5414

**PROFESSIONAL EXPERIENCES**

Member, Washington, California, New York, and Georgia Bars. Also admitted to United States Supreme Court, 5th, 6th, 8th, 9th, and 11th Circuit Courts of Appeals, the D.C. Circuit, and federal district courts in California, New York, Indiana, North Dakota,  Georgia, Michigan, Arkansas, Nebraska, Washington, and Texas.

BAY AREA ENVIRONMENTAL RESEARCH INSTITUTE (November 2012 to present)

    General Counsel (part-time)

LAW OFFICE OF GEORGE E. HAYS (October 2000 to present)

    Focus
        Environmental Law, particularly Clean Air Act litigation.
    Clients
        Sierra Club, National Parks Conservation Association, Grand Canyon Trust, Alabama Environmental Council, Environmental Defense Fund, NACAA,  NESCAUM,  the Bay Area Environmental Research Institute, Our Childrens' Earth Foundation, Friends of the Chattahoochee, Greenlaw, Citizens Climate Lobby, and the Montana Environmental Information Center.
    Cases
        *Clean Air Act Citizen Suits Against Third Parties*
        • *Utah Phsicians for a Health Env., Inc.,* Case No. 2:17-cv-32 (D. Utah) (CAA violations regarding mobile source defeat devices)
        • *Sierra Club v. James Lake Midstream, LLC*, Case No. 7:19-cv-00280 (W.D. Tex. 2019) (multiple CAA violations at natural gas processing facility);
        • *Sierra Club v. Entergy Arkansas, LLC,* Case no. 4:18-cv-00854 (E.D. Ark. 2018) (alleging violations of the New Source Review program at the Independence and White Bluff coal-fired power plants);
        • *Sierra Club v. PPL Montana*, Case No. 1:13-cv-00032-RFC (D. Mont. 2013) (alleging violations of the New Source Review program at the Colstrip coal-fired power plant);
        • *Sierra Club v. Portland General Electric,* No. 08-1136-HA (D. Or. 2008) (alleging violations of the New Source Review program at the Boardman coal-fired power plant);
        • *NPCA v. TVA*, Civil Action No. 3:01-CV-071 (E.D. Tenn.) (alleging violations of the New Source Review program at TVA's Bull Run coal-fired power plant, including successful appeal: 480 F.3d 410 (6th Cir. 2007);

- *Sierra Club v. TVA*,  No. 3:02-CV-02279-VEH (N.D. Ala.) (alleging opacity violations at TVA's Colbert coal-fired power plant, including successful appeal: 430 F.3d 1337 (11th Cir. 2005);
- *NPCA v. TVA,* No. 01-403 VEH (N.D. Ala.) (alleging violations of the New Source Review and new source performance standards ("NSPS") programs at TVA's Colbert Unit 5 coal-fired power plant, including unsuccessful *cert. petition)*;
- *NPCA v. TVA*, Civil Action No.3.00-CV-547 (E.D. Tenn.) (alleging opacity violations at TVA's Kingston and John Sevier coal-fired power plants);
- *Sierra Club v. Otter Tail Corp*., Civ. 08-1012 (D. S.D.) (alleging New Source Review violations at Big Stone I in South Dakota*)*
- *Neighbors for Neighbors v. Alcoa Inc*., Case No. A-OI-CA-881-SS (W.D. Texas) (alleging New Source Review, NSPS, and opacity violations that resulted in the shut down of three lignite-fired boilers, but also an unsuccessful challenge to a consent decree modification, 533 F.3d 278 (5th Cir. 2008);
- *Grand Canyon Trust v.Public Service Co. of New Mexico*, Case No; CV 02-552 (D.N.M.) (alleging opacity violations at the San Juan coal-fired power plant);
- *Environmental Defense v. Duke Energy*, 549 U.S. 561 (2007) (amicus brief for NPCA in New Source Review citizen suit);
- *CBE v. City of Burbank*, Case No. CV 02-02021 (C.D. Cal.) (malfeasance under NOx emissions trading program)
- *CBE v. Crimson Resource Management*, Case No. SACV02-00252 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- *CBE v. Fontana Paper Mills, Inc*., Case No. CV 02-02030 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- *CBE v. National Gypsum Company*, Case No. CV 02-02025 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- *CBE v. Pomona Paper Co.*, Case No. CV 02-020217 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- CBE v. *Southern California Gas Co.*, Case No. CV 02-02022 (C.D. Cal.) (malfeasance under NOx emissions trading program);
- *CBE v. Western Metal*, Case No. CV 02-02026 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- *CBE v. Van Can Co.*, Case No. CV 02-02028 (C.D. Cal.)(malfeasance under NOx emissions trading program);
- *CBE v. United Airlines*, Case No. CV 02-02023 (C.D. Cal.)(malfeasance under NOx emissions trading program);

*Clean Air Act Citizen Suits Against the Environmental Protection Agency*
- *Dine Care v. U.S.E.P.A.*, No. C 12-3987-JSW (N.D. Cal 2012) (deadline action re BART for the Navajo power plant);
- *Our Children's Earth Foundation v. U.S.E.P.A.,* No. C 03-0770 CW (N.D. Cal.) (required EPA to update NSPS subpart for coal-fired power plants);
- *Our Children's Earth Foundation v. U.S.E.P.A.,* No. C 05-00094 CW(N.D. Cal.)

-2-

(required EPA to update NSPS subparts for refineries);
- *Environmental Defense v. U.S.E.P.A.*, No. C 03 5508 MJJ (N.D. Cal.) (required EPA to promulgate an NSPS standard for stationary internal combustion engines);
- *Environmental Defense v. U.S.E.P.A.*, Case No. 05-2090 (N.D. Cal) (required EPA to act upon ED's petition to list diesel exhaust as a hazardous air pollutant);
- *Environmental Defense v. US.E.P.A.*, Case No. C 06 4273 SC (N.D. Cal.) (sought EPA to issue rulemaking regulating small internal combustion engines)
- *Sierra Club v. U.S.E.P.A.*, Case No. C 06-5288 MHP (N.D. Cal.) (required EPA to update the NSPS for cement kilns; currently has a fee issue pending before the 9th Circuit);
- *Sierra Club v. U.S.E.P.A.*, Case No. 1:06-CV-1523) (N.D. Ga.) (required EPA to act on Title V permit petition);

*Clean Air Act Petitions for Review Against the Environmental Protection Agency*
- *Sierra Club v. Johnson*, 541 F.3d 1257 (11th Cir. 2008)(petition to review Clean Air Act federal operating permit issuance);

*Clean Air Act Petitions for Review Representing Intervenors*
- *EME Homer City Generation, L.P., v . United States Environmental Protection Agency, et al.,* 696 F.3d 7 (D.C. Cir. 2012)*, cert. pending* (representing NGO's intervening on behalf of EPA, which was defending against a challenge to the Transport Rule)

*Clean Air Act Permitting Challenges*
- *Montana Environmental Information Center v. Montana Dept. of Environmental Quality,* 326 Mont. 502, 112 P.3d 964 (Mont. 2005) (successful challenge to Clean Air Act PSD permit for proposed Roundup coal-fired power plant)
- *Chipperfield v. Missouri Air Conservation Com'n*, 229 S.W.3d 226 (Mo.App. S.D.2007) (challenge to Clean Air Act PSD permit for the City Utilities of Springfield Southwest II station);
- *Friends of the Chattahoochee v. Couch*, No. 2008CV146398 (Ga. Superior Ct. 2008) (challenge to Clean Air Act PSD permit for the Longleaf station; superior court decision found that such permits must have BACT for $CO_2$ and IGCC must be considered in BACT determination);
- *In re Draft Title V Permit No. 28.0801-29 & Draft PSD Permit No. 28-0803 for the Big Stone II Facility,* (South Dakota Board of Minerals and Environment) (challenge to PSD and Title V permits for Big Stone II facility)

*Other Matters*
- *Sierra Club v. Lehigh Southwest Cement Company,* Case No. 5:11-cv-06392) (N.D. Ca. 2012) (Clean Water Act violations at quarry);
- *Citizens Climate Lobby v. CARB*, Case No. CGC-12-519554 (S.F. Superior Court 2012) (Challenge to the inclusion of non-additional offsets in California's greenhouse gas cap and trade program)

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

Office of Regional Counsel, Region 9, Team Leader in Air, Toxics, Water & General Law ("ATWGL") Branch, September 1995 to 2000;  Acting Branch Chief, January to April 1996; Team Leader, Cross-Media Team, September 1996 to October 2000;  Section Chief, ATWGL Branch, September 1990 to September 1995; Member, Regional Enforcement Advisory Committee, September 1995 to 2000, Special Assistant to Scott Fulton, Deputy Assistant Administrator for Enforcement, April 1991 to August 1991; Staff Attorney, Region 9, 1988-90.
Awards: OECA 1997 Best Practices Award for Credible Evidence Rule; Silver Medal for Minerec, CAA § 303 Enforcement Action, October 1996; Assistant Administrator for Enforcement's Award for Excellence, 1991; Bronze Medal for OCEA Award Reform Project, 1991; Headquarters' San Francisco Bay Area Federal Executive Board's 1990 Federal Employee of the Year Award for Civil Law Enforcement.

GOLDEN GATE UNIVERSITY SCHOOL OF LAW

Adjunct Professor of Environmental Law, 1996.

ROGERS, JOSEPH, O'DONNELL & QUINN

Litigation Associate, 1987-88. (San Francisco)

HONORABLE STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE

Law Clerk, 1985-87. (Los Angeles)

SIMPSON, THACHER & BARTLETT

Litigation Associate, 1984-85.  Summer Associate, 1983. (NY)

ACTION FOR BOSTON COMMUNITY DEVELOPMENT

Coordinator, Energy Conservation Program, Parker Hill-Fenway Neighborhood Service Center, 1981. (Boston)

**EDUCATION**

CORNELL LAW SCHOOL - J.D., <u>cum</u> <u>laude</u>, May 1984.

Law School Honors:

Co-winner, Herbert R. Reif Prize, awarded each year by the Cornell Law School faculty for best Law Review Note or Comment (for Special Project, "The Work Product Doctrine," 68 Cornell L. Rev. 760 (1983)).  American Jurisprudence Award for Civil Procedure.

Law School Activities:

Note Editor, <u>Cornell Law Review</u>; Legal Writing and Research Tutor, 1983-84; Student Supervisor, Cornell Legal Aid Clinic; Student Member, Faculty Curriculum Committee. AMHERST COLLEGE - B.A. (English), <u>cum</u> <u>laude</u>, May 1980.

College Honors:

John Woodruff Simpson Law Fellowship; Amherst College Washington Fellowship - Intern for Congressman Claude Pepper.

**PUBLICATIONS**

George Hays and Nadia Wetzler, <u>Federal Recognition of Variances: A Window into the Turbulent Relationship Between Science and Law Under the Clean Air Act</u>, 13 J. of Env. Law and Lit. 115 (1998).

**REFERENCES**

Libby Fayad, National Parks Conservation Association, (800) 628 7275 x235
Allan Zabel, Regional Counsel's Office, EPA Region 9, (415) 972-3902

-1-

# George Hays

# Exhibit 2

| | UPHE v. DPG<br>Hays Time Record | |
|---|---|---|
| **Date** | **Task** | **Time** |
| 9/14 | Review Complaint | 1.0 |
| 9/15 | Review Docs. 125 & 129, the *Pound* case, RZ's trial plan, Sparks' assets for ability to pay, call w/ RZ re tomorrow's filings, review financial discovery, research whether a corporation can be subpoenaed at trial, review Diesel Brothers materials for statements regarding ability to pay | 3.4 |
| 9/16 | Call w/ RZ re house evaluation issue, research value of Sparks' house, review Melver memo on penalty assessment, mark Plaintiff's trial exhibits | 2.4 |
| 9/17 | Call w/ RZ re next steps in trial prep, call w/ RZ re PTO | .3 |
| 9/24 | Call w/ RZ re D's late disclosures | .2 |
| 9/26 | Review email from RZ re issues related to disclosures | .2 |
| 9/28 | Propose section for pretrial order | 1.2 |
| 9/29 | Begin review Heavy D depo to prepare for trial, review RZ's proposed PTO submission | 1.6 |
| 9/30 | Calls  w/ RZ re PTO, review record for evidence related to economics for possible direct and cross | 3.4 |
| 10/5 | Call w/ RZ re research on value of deterrence in assessing penalties, review NM memo's on penalty assessment | 1.6 |
| 10/6 | Study financial exhibits | .9 |
| 10/7 | Prep for and attend pretrial conference, travel to SLC from SEA and back (3 hrs - half time = 1.5) | 5.7 |
| 10/8 | Research into Sparks assets re ability to pay, review RZ penalty assessment memo, call w/ RZ re FOF project, begin trial prep "to do" list | 1.8 |
| 10/9 | Call w/ RZ re penalty calculation and upcoming trial | .5 |
| 10/14 | Review email from RZ and then research into evidentiary issues with respect to impeachment, continue accumulation of evidence related to penalty issues, calls w/ RZ re how to count # of violations | 3.1 |
| 10/15 | Work on max penalty table, call w RZ re scope of court's SJ decision | 4.3 |
| 10/16 | Call w/ RZ re framework for penalty spreadsheet | .3 |
| 10/18 | Call w/ RZ re penalty spreadsheet, work on penalty spreadsheet | 4.7 |
| 10/20 | Review revisions to PTO and calls w/ RZ re same | 1.8 |
| 10/21 | Review proposed findings of fact and discuss w/ RZ, call w/ RZ re use of health impacts testimony, edit conclusions of law | 4.1 |
| 10/22 | Continue editing conclusions of law | 5.7 |
| 10/23 | Call w/ RZ re exhibit admissibility strategy, second call w/ RZ re exhibit admissibility, review exhibits for possible breakout | 2.8 |

**UPHE v. DPG**
**Hays Time Record**

| | | |
|---|---|---|
| 10/25 | Review exhibits for stipulated admission; call and email to RZ re same, call w/ RZ re stipulated exhibits and D's questions, add section to COL brief, continue work on COL brief and send to RZ for review | 10.3 |
| 10/26 | Call w/ RZ re COL brief and atty fee issue | 1.3 |
| 10/27 | Revise CoL document and forward to RZ | 1.4 |
| 10/28 | Review CoL edits and respond to RZ; 2 calls re same, work on last-minute editing w/ RZ of FoFCoL | 4.1 |
| 10/29 | Call w/ RZ re proposed edits to FoFCoL, revise TOC for FofCoL, update penalty spreadsheet in light of discussion | 1.8 |
| 10/30 | Calls w/ RZ re import of D's FoFCoL document and trial prep task (NM on 1 call), review Sparks depo, Prep AO187 Exhibit list, review RZ edits to exhibit list, revise and email to D's | 3.6 |
| 10/31 | Call w/ RZ re subpoenas; draft same, call w/ D's counsel after starts and stops and confer w/ RZ re ramifications | 1.9 |
| 11/1 | Revise exhibit list and send to Janet for review, call w/ accountant to review tax returns, continue review of Sparks depo, review exhibits for printing | 2.9 |
| 11/2 | Complete review of Sparks' depo, call w/ RZ re Sparks questioning | 1.9 |
| 11/3 | Travel to SLC, but while on plane and afterward, prepare HeavyD questioning; confer w/ RZ | 8.6 |
| 11/4 | Trial prep work of all kinds, including finalizing exhibit binders, several conferences with RZ; call w/ Cole; research into Rule 45 and 5, developing questions for Red Beard | 12.2 |
| 11/5 | Attend trial and then trial prep before and afterward | 9.4 |
| 11/6 | Prep for and attend second day of trial, including work through lunch | 7.7 |
| 11/8 | Calls w/ RZ & Cole re date for continuing trial | .2 |
| 11/9 | Call w/ RZ re problems with Sparks' illness story, review exhibit list and exhibits and straighten out the mess created by Defendant's renumbering; review financial exhibits | 3.1 |
| 11/10 | Continue review of financial exhibits | 2.6 |
| 11/10 | Call w/ RZ re financial exhibits and scheduling and need to recall Stuart | 1.1 |
| 11/10 | Prepare summary of financial evidence | 4.5 |
| 11/10 | Call w/ RZ re possible new approach to financial evidence | .2 |
| 11/11 | Update summary of financial evidence | .7 |
| 11/11 | Call w/ RZ re financial evidence | .6 |
| 11/11 | Call w/ accountant and RZ re financial evidence | .2 |
| 11/11 | Research and send email to RZ requesting depo of Magilla Entertainment | .2 |

| | **UPHE v. DPG** <br> **Hays Time Record** | |
|---|---|---|
| 11/13 | Travel back to SEA from SLC (1.5 hrs - half time .7) | .7 |
| 11/17 | Email to RZ on essence of what we want to accomplish with Sparks direct | 1.6 |
| 11/18 | Begin rewriting Sparks direct | 1.4 |
| 11/19 | Continue rewrite of Sparks direct | 3.0 |
| 11/22 | Call w/ RZ re discussion w/ D's re exhibits | .1 |
| 11/24 | Organize exhibits and practice Sparks direct, travel to SLC from SF for last day of trial (1.8) - half time | 4.4 |
| 11/25 | Prepare for and attend last day of trial, travel back to SEA from SLC (1.5 hrs - half time .7) | 10.2 |
| 11/26 | Work on FoFCoL as it relates to ability to pay | 2.9 |
| 12/20 | Finish draft of FoFCoL as it relates to ability to pay, call w/ RZ re FOF CoL | 2.9 |
| 12/30 | Revise FofCoL as it relates to ability to pay, including transcript cites | 4.5 |
| | **2020** | 0 |
| 1/5 | Review draft of FofCoL and provide input | 4.1 |
| 1/9 | Confer w/ RZ re settlement response | .2 |
| 1/10 | Confer again w/ RZ re settlement response | .1 |
| 1/16 | Call w/ RZ re motion response | .3 |
| 3/28 | Call w/ RZ re penalty modification | .1 |
| 4/8 | Discuss fee rate issue w/ RZ | .1 |
| | **Total** | **168.1** |