# ATTACHMENT 7

Declaration of George Haley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR LLC; 4X4 ANYTHING LLC; B&W AUTO LLC; SPARKS MOTORS LLC; DAVID W. SPARKS; DAVID KILEY; JOSHUA STUART; and KEATON HOSKINS, <br><br> Defendants. | **DECLARATION OF GEORGE HALEY** <br><br> Case No. 2:17cv-00032-RJS-DBP <br><br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Dustin B. Pead |

## I.    Summary

I have been retained to provide an expert review on the reasonableness of the fees and costs requested by Reed Zars ("Zars"), George Hays ("Hays"), Naomi Melver ("Melver"), Meghan Dutton ("Dutton") , Michelle Newman ("Newman"), Melissa Barbanell ("Barbanell") and their respective paralegals pursuant to this Court's March 6, 2020 Bench Trial Order. For the reasons set forth below I have concluded that the $1,212,627.50 in fees and $66,635.15 in costs requested by Zars, the $79,847.50 in fees and $1,257.20 in costs requested by Hays, the $22,824, in fees requested by Dutton, the $46,695.00 in fees requested by Melver, the $11,317.50 in fees requested by Newman and $2,925.00 in fees requested by Barbanell were fairly and reasonably expended in prosecuting the case against Diesel Power Gear LLC, et al.  It is my opinion that the rates requested are reasonable and consistent with the rates charged in the Salt Lake City legal

market for similar work.  It is my opinion that the time spent was reasonable and necessarily incurred in prosecuting this complex and highly contested case.

## II.    Qualifications

I have been a practicing trial lawyer in the Salt Lake City community for 42 years.  I graduated from the University of Utah with a B.U.S. degree in 1972 and from the University of Utah College of Law in 1978.  I was admitted to practice in the Federal Courts of Utah in September of 1978.  I have been an active trial lawyer in the Federal Courts of Utah and elsewhere, since that time.  I am a senior partner in the law firm of Holland & Hart LLP, where I have practiced since April 2011.  Before joining Holland & Hart, I was a partner in the law firm of Holme Roberts & Owen LLP, where I served for many years as the Managing Partner of the Salt Lake City office and as the ALAS Loss Prevention Partner.  I have a Martindale Hubble AV Preeminent rating.  I m a Fellow in the American College of Trial Lawyers, a Fellow in the International Academy of Trial Lawyers, an Associate of the American Board of Trial Advocates, a Fellow in the International Society of Barristers, and a Fellow in the National Academy of Distinguished Neutrals.  I am a certified AAA arbitrator and on the AAA Commercial, Environmental and Employment Panel of Arbitrators.  In 2003, I was named Utah Trial Lawyer of the Year by the American Board of Trial Advocates.  In 2012 I was named Lawyer of the Year for environmental litigation by Best Lawyers in America.  In 2012 I was named as one of the Top Ten Mountain States Lawyers for 2012 by Super Lawyers.   During my practice, I have represented plaintiffs and defendants in various types of litigation including Clean Air Act cases, environmental claims related to the oil and gas industry, breach of fiduciary duty cases, oil and gas access disputes, partnership disputes, declaratory actions, insurance coverage disputes,  construction litigation, and all types of commercial litigation.

## III.    Standards

In conducting my review of the requested fees and costs, I reviewed and adhered to the following legal authorities:

### A.    The Federal Standard

The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Accord *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).

A reasonable hourly rate is a rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). The prevailing market rate applies "regardless of whether plaintiff is represented by private or nonprofit counsel." *Id.* at 895; *accord Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012). Courts typically determine the reasonable rate by defining the relevant legal market and then setting reasonable rates for comparably experienced attorneys within that market. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). The appropriate hourly rate should "reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." *Id.*; *accord O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1078 (D.N.M. 2018).

### B.    Rule 1.5 of the Utah Rules of Professional Conduct.

Rule 1.5 of the Utah Rules of Professional Conduct addresses the reasonableness of fees and states that:

The factors to be considered in determining the reasonableness of a fee include the following:

(a)(1)   the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service property;

(a)(2)   the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(a)(3)   the fee customarily charged in the locality for similar legal services;

(a)(4)   the amount involved and the result obtained;

(a)(5)   the time limitations imposed by the client or by the circumstances;

(a)(6)   the nature and length of the professional relationship with the client;

(a)(7)   the experience, reputation and ability of the lawyer or lawyers performing the services; and

(a)(8)   whether the fee is fixed or contingent.

## C.   *Xlear, Inc. v. Focus Nutrition LLC,* 893 F.3d 1227 (10th Cir. 2018)

In *Xlear, Inc. v. Focus Nutrition LLC,* the Tenth Circuit reviewed the requirements of

Utah Law in determining the reasonableness of an award of attorneys' fees.  893 F.3d 1227,

1241-42 (10th Cir. 2018).  In that case, the Tenth Circuit stated as follows:

Under Utah law, an award of attorney fees must be supported by evidence in the record. Except in the most simple cases, the evidence should include the hours spent on the case, the hourly rate or rates charged for these hours, and usual and customary rates for such work.  Additionally, the evidence submitted in support of the fee request should permit the district court to assess four questions central to the reasonableness inquiry:

1.      What legal work was actually performed?

2.      How much of the work performed was reasonably necessary to adequately prosecute or defend the matter?

4

3.      Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?

4.      Are these circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

*Id* (internal citations omitted).

## IV.      Methodology

The approach I took in conducting my review of the fees and costs requested was to carefully read the Court's March 6, 2020 Bench Trial Order, and the Court's March 12, 2019 Memorandum Decision. I carefully reviewed the Court's docket report and compared that to the time records of Counsel.

On several occasions I discussed with Zars and Hays, via telephone how they billed their time and the demands of the case generally. I am convinced that the time records submitted accurately reflect the time actually incurred in successfully prosecuting the case.

I reviewed several prior attorney fee award decisions of this court and the hourly rates approved including: *Transportation Alliance Bank, Inc. v. Helping Hands Housing I et al.* case no. 1:13-cv-45; ($425/hour, $611,644 in fees and $24,468 in expenses), *Navaho Nations v. San Juan County* case no. 2:12-cv-00039 ($200/hour to $415/hour, $2,386,803 in fees and $697,085 in costs) as well as the cases cited in that decision (*Clayton v. Steinagel* ($240/hour to $350/hour), *Parker v. City Mortgage* ($240/hour to $425/hour), *Saenz v. Allred* ($450/hour);  I conducted an informal survey of attorneys in my firm who are Clean Air Act specialists and spoke with some of my colleagues in SLC who do Clean Air Act work. Those rates range from $390/hour to $475/hour.  Finally, I am aware of the rates typically charged in the Salt Lake legal market and by Holland and Hart for complex commercial litigation. Those rates range from $200/hour to $650/hour. My standard rate, and the one at which I am being paid in this matter, is

5

$575/hour. As to Zars and Hays, I concluded that $475/hour would be the appropriate hourly rate for a first chair Clean Air Act specialist. I compared these rates to the rates requested by Dutton, Newman, Barbanell and Melver, primarily focusing on the number of years each had practiced law.  I then applied that information to the standards set forth above.

## V.    Analysis

This was a highly complex case dealing with obscure provisions of the Clean Air Act that was vigorously defended. There are only a handful of lawyers in the SLC market who practice Clean Air Act law and even fewer who are willing to litigate these difficult legal issues. The legal theory was novel. I believe it was the first of its kind, certainly in Utah, and probably the U.S. The lawyers were not getting timely paid and were putting their time and treasure at risk. Only lawyers with significant experience and skill could have successfully prosecuted this case. This case undoubtedly took tremendous effort to handle and the lawyers involved had to devote a substantial percentage of their time to this case, which kept them from handling other, perhaps more lucrative cases during the same period of time.

It is clear to me that the legal work that was billed was actually performed. (The time records for each attorney are attached to their declarations). All the attorneys involved kept contemporaneous time records logging the time spent on the matter daily, except there were a few occasions where, due to travel etc., the time wasn't entered until the next day.  The work performed was reasonable and necessary to adequately prosecute the case.  Extensive discovery was performed.  Depositions were held.  Numerous motions were filed and argued. The bench trial lasted 4 days.

The attorney billing rates set forth below that are applicable to Zars, Hays, Dutton, Newman, Melver and Barbanell are consistent with the rates customarily charged in Salt Lake

6

City for similar services. The reasonable hourly rates applicable to these timekeepers are as follows:

Attorneys

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Reed Zars (1986) | 2,552.9 | 475 | $1,212,627.50 |
| Meghan Dutton (2012) | 95.1 | 240 | 22,824.00 |
| Michelle Newman (2015) | 50.3 | 225 | 11,317.50 |
| George Hays (1984) | 168.1 | 475 | 79,847.50 |
| Naomi Melver (2005) | 153.1 | 305 | 46,695.00 |
| Melissa Barbanell (1998) | 9.0 | 325 | 2,925.00 |
| | | | |
| | | TOTAL | $1,376,236.50 |

Paralegals

| Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Glen Gallick (BS 2018) | 266 | 20 | $5,320.00 |
| Will Edwards (JD 2018) | 12.5 | 145 | 1,812.00 |
| | | | |
| | | TOTAL | $7,132.00 |

It is my opinion that the above rates are reasonable and consistent with the rates charged in the SLC legal market for this type of litigation during the relevant time period. My current hourly rate is $575/hour.  Other Holland and Hart partners who do first chair commercial trials range from $465/hour to $530/hour. I am aware of other SLC firms that do complex commercial litigation where the first chair lawyers charge between $390/hour and $650/hour. Most charge between $500/hour and $550/hour. Mr. Zars' rate of $475, Mr. Hays' rate of $475, are reasonable for the SLC legal market.

Similarly, the junior partner/second chair lawyers rates charged by the lawyers are similarly on the lower end of the spectrum for this community. Ms. Dutton's rate of $240/hour, Ms. Newmans' rate of $225, and Ms. Barbanell's rate of $325 would be comparable to Holland and Hart lawyers of the same vintage which typically charge between $305 to $385.  The hourly rates charged for young partners and associates doing support work for complex commercial litigation for this time period in SLC range from $215/hour to $325/hour.

The paralegal rates are also on the low end of what is charged for this type of work in SLC. The rate charged for paralegals in this community for this type of work during this time frame ranges from $140/hour to $185/hour. The rates charged by the paralegals here are clearly on the low end of the rates customarily charged for this type of work in this legal community.

I have also reviewed the costs incurred by Mr. Zars and Mr. Hays and find them to be reasonable and necessary in prosecuting this case.  It is not surprising that costs of $66,653.15 by Zars and $1,257.20 by Hays were incurred in prosecuting a case of this magnitude, complexity and novelty (see Zars and Hays declarations). In order to prove the significant harm caused by the defendants' violations of the Clean Air Act Zars purchased a Ford F-250 previously modified by the defendants and had numerous tests performed on the truck.  He is now preparing to sell the truck.  A copy of the on-line Kelley Blue Book value is attached (see Exhibit 1). As part of his request for costs Zars is seeking the difference in value for what he paid for the truck and what it is currently valued at plus the cost of restoring the pollution control devices that were missing when it was sold by the defendants.  This seems to me to be a reasonable cost incurred in support of the case, including providing the court with a view of the truck and its emission control devices at trial, and should be reimbursed by the defendants as part of the award of costs.

8

## VI.    Conclusion

This case was a novel citizen's suit that was vigorously defended and Zars, Hays and their team achieved a fabulous result for their clients.  The time spent was necessary to achieve the results obtained. Both lawyers had proper internal procedures to accurately track and bill the time incurred.  The hourly rates are reasonable and within the range of what is customarily charged is Salt Lake City for complex commercial and Clean Air Act litigation.  I believe that $1,212,627.50 in fees, $7,132 in paralegal fees and $66,653 in costs for Zars, $79,847.50 in fees and $1,257 in costs for Hays, $22,824 in fees for Dutton, $2,925 in fees for Barbanell, $11,317 in fees for Newman and $46,695 in fees for Melver were fairly and reasonably expended in prosecuting this case through trial.

Dated this 7th day of May, 2020.

_____
George Haley

**Exhibit 1**
**Kelley Blue Book Screenshot**

