Cole s. Cannon (Utah Bar No. 12053)
cole@cannonlawgroup.com
Janet M. Conway (Utah Bar No. 7488)
janet@cannonlawgroup.com
CANNON LAW GROUP
124 South 600 East
Salt Lake City, Utah 84102
Telephone: (801) 363-2999

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | DEFENDANTS' MOTION FOR CLARIFICATION ON ORDER FOR DISCOVERY AND SUPPLEMENTAL PROCEEDINGS <br><br> Case No.: 2:17-CV-00032 <br><br> Judge Robert J. Shelby <br> Magistrate Dustin B. Pead |

Defendants, Diesel Power Gear, LLC, 4x4 Anything, LLC, B&W Auto LLC d/b/a Sparks Motors, LLC, David Sparks, Josh Stuart, and Keaton Hoskins (collectively, "Defendants") hereby respectfully submit this Motion for Clarification on Order for Discovery and Supplemental Proceedings ("Objection"). In its recent Order for Discovery and Supplemental Proceedings, this Court ordered "Each Defendant-judgment debtor shall produce to counsel for UPHE, within thirty (30) days, all of the information set forth in Attachment A." The Defendants move the Court to clarify that Defendants have not waived any of their objections or defenses to the offering of the information requested in Attachment A.

Plaintiff filed Plaintiff's Proposed Order for Discovery and Supplemental Proceedings (the "Proposed Order") with the Court prior to any ruling from the Court. Plaintiff did not present any rule that permits it to file a proposed judgment under a Rule 69 motion (*see* DUCivR 7-1(a)(2)), and the Plaintiff did not serve the Proposed Order on the Defendants prior to submission to the Court as required by DUCivR 54-1(b) and the seven (7) days to object have not started. Further, pursuant to local Rule 26-1(b), the Defendants were not permitted to raise their objections and defenses to the discovery requests with the Court. *See* DUCivR 26-1(b)(1)(E) ("Unless otherwise ordered by the court, counsel must not file with the court the following: . . . answers and responses to such requests"). Thus, the Defendants have not had the opportunity to object to the requests or provide defenses.

Rule 69(a)(2) states that a judgment creditor's requests for discovery must follow the Federal Rules of Civil Procedure and local rules. Therefore, as with any discovery, Defendants are permitted to object to objectionable requests for information during supplemental proceedings. Defendants are concerned that the Order can be interpreted as not permitting any objections or defenses to the information requested in Attachment A. Examples of Defendants' objections to the information requested in Attachment A are as follows:

Defendants object to the following requests set forth in the Attachment A: A(1), (2), (3), (5), (9), (12), and (14); B(1), (3), (4), (6), and (8); (C)(2); and E(1) (the "Requests"). The objection to the production of information requested in the Attachment A is raised for the following reasons:

1. The requests are overly broad, remote and irrelevant, and as such, are not calculated to lead to the discovery of information relevant to the subject matter of this action, nor to the discovery of admissible evidence. Many of the Requests lack a specificity of time and are not

sufficiently limited and specific in their directive; therefore, compliance to their terms is unreasonably burdensome. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008); *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010); *see also First Interstate Bank of Oregon v. Natl. Bank and Trust Co. of Norwich*, 127 F.R.D. 186, 188 (D. Or. 1989). For example, Requests A(1), (2), (3), (14); B(1), (3), (4), (6); and (C)(2) all have indefinite time and scope, and A(9) requests an unwarranted amount of information that would require the Defendants to speculate as to what is valued over $100 and spend a senseless amount of time sifting through their property. Further, A(5) requests financial information for companies not a party to this lawsuit.

        2.      The Requests invade Defendants' right of privacy, are impermissibly overbroad and, therefore, oppressive, burdensome, and irrelevant to the subject matter of this action in that they seek disclosure of personal and private information not relevant to the matter at hand. *Nesbit v. Dep't of Pub. Safety*, 283 F. App'x 531, 533 (9th Cir. 2008) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n. 21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (noting that privacy interests may be a basis for restricting discovery)). For example, Request A(3) requests passwords and access to all accounting data, and Request A(9) requests a list of all property valued over a $100 from all Defendants (and non-defendant businesses listed in footnote 1 of the Motion). Also, all of Plaintiff's Requests are requesting private information of parties not defendants in this case (*see* footnote 1 of the Motion). Further, Request (E)(1) is so broad as to not be calculated to obtain relevant information.

        3.      Requests A(12) and B(8) call for speculation as to "projected" income and "anticipated" liabilities.

        4.      Request (E)(1) seeks information subject to the attorney-client privilege.

5.	The documentation and information sought by the Plaintiff is unreasonably cumulative or duplicative.  "The Court must limit discovery when, inter alia, the discovery sought is unreasonably cumulative or duplicative." *Kolkebeck v. Home Depot U.S., Inc.,* Case No. 2:14-cv-00514-CW-DBP (D. Utah 2015).  Many of the Requests are asking the Defendants to provide the same information.

This Court has broad discretion in determining whether discovery is burdensome and oppressive. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009).  The court may also make any order which justice requires to protect a party or person from undue burden, oppression or expense. *United States v. Columbia Broadcasting System, Inc.,* 666 F.2d 364, 369 (9th Cir.), *cert. denied* 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982).  The Court has considerable authority to limit a party's pursuit of otherwise discoverable information where the burden of a discovery request is likely to outweigh the benefits.  *Miller v. Ricci,* No. 11-859, No. 3:2011cv00859 – Document 74 (D. N.J. Feb. 26, 2013).  In this case, the Requests posed by Plaintiff request an unreasonable amount of information and would require Defendants to spend an inordinate amount of time and expense to even partially fulfill the information requested.  Many of the Requests, including A(2), (9), are unlikely to return any beneficial information to the Plaintiff to justify the time needed to produce the information.

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court clarify the Order for Discovery and Supplemental Proceedings by stating that the Defendants have not waived and are not refrained from asserting objections and defenses to the information requested in Attachment A.

Respectfully submitted this 14th day of August, 2020.

/s/Cole S. Cannon
Cole S. Cannon
Attorney for Defendants