IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>DIESEL POWER GEAR, LLC; B&W AUTO, LLC d/b/a SPARKS MOTORS, LLC; DAVID W. SPARKS; JOSHUA STUART; and KEATON HOSKINS,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER CONDITIONALLY GRANTING DEFENDANTS' EMERGENCY MOTION TO STAY EXECUTION OF JUDGMENT**<br><br>Case No. 2:17-cv-00032-RJS<br><br>Chief Judge Robert J. Shelby |

The court has before it Defendants' Emergency Motion to Stay Execution of Judgment.[1] For the following reasons, the Emergency Motion is CONDITIONALLY GRANTED as outlined in this Order.

## BACKGROUND

On March 10, 2020, this court entered a judgment for civil penalties against Defendants.[2] That judgment included the following amounts against Defendants payable to the United States: (1) Hoskins in the amount of $86,107; (2) B&W Auto, LLC (B&W), in the amount of $114,426; (3) B&W and Sparks, jointly and severally, in the amount of $333,700; (4) Diesel Power Gear, LLC (DPG), Sparks, and Stuart, jointly and severally, in the amount of $227,218.[3] The

---

[1] Dkt. 219.

[2] Dkt. 169.

[3] *Id.* ¶ 1(a)–(d).

1

judgment included $90,000 payable to Davis County, State of Utah jointly and severally against B&W, Sparks, and DPG.[4]

Defendants appealed the judgment to the Tenth Circuit Court of Appeals through their Notice of Appeal filed on April 7, 2020.[5]

Defendants have not satisfied the judgment. In response to Defendants' failure to satisfy the judgment, Plaintiff Utah Physicians for a Healthy Environment (UPHE) filed three motions with the court in July 2020. First, UPHE filed a motion for supplemental discovery.[6] The court granted that motion on August 14, 2020, permitting UPHE to conduct discovery, including an evidentiary hearing, on Defendants' assets that are available to satisfy the judgment.[7] Second, UPHE filed a motion for a bond for its costs on appeal.[8] The court granted that motion and ordered Defendants to file a bond of $69,950.[9] Third, UPHE filed a motion for an order to show cause why Defendants should not be held in contempt for failing to satisfy the judgment.[10] The court denied that motion without prejudice, allowing UPHE to refile its motion for order to show cause after it completes the supplemental discovery.[11]

---

[4] *Id.* ¶ 2. These judgments are referred to collectively as "the judgment" throughout this order unless otherwise indicated.

[5] Dkt. 172.

[6] Dkt. 188.

[7] Dkt. 206 at 1–2.

[8] Dkt. 189.

[9] Dkt. 205 at 1.

[10] Dkt. 190.

[11] Dkt. 207 at 1.

UPHE also began applying for and obtaining writs of garnishment to satisfy the judgment[12] and moved the court for a charging order that would allow UPHE to charge Sparks' and Stuarts' interests in various limited liability companies to satisfy the judgment.[13]

To obtain a stay on UPHE's collection efforts, Defendants filed their Emergency Motion on August 19, 2020.[14] In support of their Emergency Motion, Defendants submit declarations from Sparks,[15] Stuart,[16] and Hoskins.[17] In short, the declarations paint a grim financial picture for the Defendants and their businesses due to the COVID-19 pandemic, tax liabilities, and UPHE's collection efforts. This picture includes references to the Defendants' inability to pay the judgment in full,[18] the foreclosure of Sparks' home,[19] potential insolvency and bankruptcy,[20] the impending termination of forty-five employees,[21] and the possible inability to pay child support.[22] Further, the declarations indicate Defendants attempted to obtain financing to post a supersedeas bond in full satisfaction of the judgment, but they were unable to do so.[23]

Pursuant to Federal Rule of Civil Procedure 62, Defendants request the court stay UPHE's execution of the judgment pending resolution of the appeal in exchange for the

---

[12] *See* Dkts. 197, 198, 199, 200, 201, 202, 209, 210, 211, 212, 220, 221.

[13] Dkt. 203 at 1–2. The court has not issued a decision on UPHE's motion for a charging order because it is not yet ripe for decision as it was filed August 13, 2020.

[14] Dkt. 219.

[15] Dkt. 219-1 (Sparks Decl.).

[16] Dkt. 219-2 (Stuart Decl.).

[17] Dkt. 219-3 (Hoskins Decl.).

[18] Dkt. 219-1 (Sparks Decl.) ¶ 4; Dkt. 219-3 (Hoskins Decl.) ¶ 4.

[19] Dkt. 219-1 (Sparks Decl.) ¶ 13.

[20] Dkt. 219-1 (Sparks Decl.) ¶ 20; Dkt. 219-2 (Stuart Decl.) ¶¶ 16–17.

[21] Dkt. 219-2 (Stuart Decl.) ¶ 16.

[22] Dkt. 219-3 (Hoskins Decl.) ¶ 8.

[23] Dkt. 219-2 (Stuart Decl.) ¶¶ 5–6.

following: (1) $50,000 from DPG;[24] (2) $7,500 from DPG each month until the appeal is resolved;[25] (3) $1,000 from Sparks each month until the appeal is resolved;[26] (4) $1,000 from Stuart each month until the appeal is resolved;[27] (5) $10,000 from Hoskins;[28] (6) $750 from Hoskins each month until the appeal is resolved;[29] and (7) an injunction precluding Sparks and Stuart from taking distributions beyond ordinary and reasonable salaries from DieselSellerz.com, LLC, B&W, and DPG until the appeal is resolved.[30]

## LEGAL STANDARD

During an appeal, a judgment debtor may obtain a stay on the execution of a judgment "by providing a bond or other security" under Rule 62(b).[31] "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or security."[32] Although a supersedeas bond is usually for the full amount of a judgment, "the district court has discretion in setting the amount."[33] Indeed, the court has "inherent authority to waive the requirement of a supersedeas bond or to reduce the amount of the bond to prevent irreparable harm to the judgment debtor."[34] To determine a bond's amount, the court applies

---

[24] Dkt. 219 at 8.

[25] *Id.*

[26] *Id.* at 9.

[27] *Id.*

[28] *Id.* at 10.

[29] *Id.*

[30] *Id.* at 9.  Neither Sparks nor Stuart define what they mean by an "ordinary and reasonable salary."

[31] Fed. R. Civ. P. 62(b).

[32] *Id.*

[33] *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) (citation omitted).

[34] *Am. Bank & Tr. Co. v. Bond Int'l Ltd.*, Case No. 06-CV-0317-CVE-FHM, 2007 WL 1187997, at *2 (N.D. Okla. April 19, 2007) (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)).

4

"equitable principles,"[35] balancing the judgment creditor's "need to secure its judgment during the appeal against the potential harm to defendants from posting a supersedeas bond."[36]

## ANALYSIS

Balancing the parties' interests as best it can on the incomplete record before it, the court concludes UPHE's execution of the judgment should be conditionally stayed. Defendants have supplied sufficient information to make at least an initial showing that they are unable to post a bond for the full amount of the judgment. If the court required Defendants to do so, Defendants argue they likely would be irreparably harmed in the form of insolvency, bankruptcy, the potential foreclosure of Sparks' home, and the termination of forty-five employees. Beyond Defendants' (incomplete) showing and arguments, the court believes this case presents important questions that would benefit from appellate review.

The court is nevertheless cognizant of the impact a stay may have on UPHE and the importance of UPHE securing its judgment during the appeal. Indeed, given Defendants' represented financial situation, the court is concerned about Defendants' ability to satisfy the judgment if they are unable to continue running their businesses. Thus, although the court makes a preliminary finding on an emergency basis – without the benefit of a response from UPHE – that Defendants are unable to post a bond for the full judgment, "this finding does not require the [c]ourt to stay enforcement of the judgment without requiring the [D]efendants to post some type of bond while the case is on appeal."[37] Accordingly, the court finds that a bond for less than the full judgment appears warranted in this case and conditionally grants Defendants' Emergency Motion as outlined below.

---

[35] *Miami Int'l Realty*, 807 F.2d at 873 (citation omitted).

[36] *Am. Bank & Tr.*, 2007 WL 1187997, at *3 (citation omitted).

[37] *Id.*

## CONCLUSION

The court GRANTS Defendants' Emergency Motion[38] and stays UPHE's collection efforts[39] pending resolution of the appeal on the following three conditions:

1. Defendants must provide an initial payment to the court as follows: (1) $50,000 from DPG; and (2) $10,000 from Hoskins. DPG and Hoskins shall make their payments to the court no later than seven (7) days from the entry of this Order;

2. Defendants must provide additional payments to the court each month, beginning in September 2020, until the appeal is resolved in the following amounts: (1) $7,500 from DPG; (2) $1,000 from Sparks; (3) $1,000 from Stuart; and (4) $750 from Hoskins. Each Defendant shall make its respective monthly payment on or before the fifth day of each month; and

3. Sparks and Stuart shall not take distributions beyond their ordinary and reasonable salaries from DieselSellerz.com, LLC, B&W, and DPG.

The stay will not become effective until the court receives Defendants' initial payment of $60,000 as ordered in Condition No. 1. If any Defendant violates Condition No. 2 or Condition No. 3, the court will upon notice from a party automatically and immediately lift the stay. Lastly, as UPHE receives its supplemental discovery, it may move the court to modify this Order as it believes appropriate in view of the information obtained – including the possibility of a request that Defendants be required to post a supersedeas bond in the full amount. Evidence that Defendants have engaged in efforts to conceal or dissipate assets, or otherwise interfere with Plaintiff's ability to collect on its judgment, would weigh in favor of modifying this preliminary order.

---

[38] Dkt. 219.

[39] Assuming the conditions in this Order are met, briefing on UPHE's Application for Charging Order, Dkt. 203, would be stayed.

SO ORDERED this 20th day of August 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge