IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION** <br><br> Case No. 2:17-cv-00032-RJS <br><br> Chief Judge Robert J. Shelby |

Before the court is Defendants' Motion for Clarification on Order for Discovery and Supplemental Proceedings.[1] The court GRANTS Defendants' Motion for Clarification for the following reasons.

## BACKGROUND

On March 10, 2020, the court entered its final judgment assessing a civil penalty of $851,450 against Defendants Diesel Power Gear, LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart, and Keaton Hoskins (collectively, Defendants).[2] Plaintiff Utah Physicians for a Healthy Environment (UPHE) subsequently sought and obtained an Order for Discovery and Supplemental Proceedings (Discovery Order) pursuant to Federal Rule of Civil Procedure 69.[3]

Under the Discovery Order, UPHE may conduct post-judgment discovery concerning "all relevant documents related to [Defendants'] income, property, and any other financial resources

---

[1] Dkt. 208.

[2] *See* Dkt. 169.

[3] *See* Dkts. 188, 206.

1

that may be subject to execution or distraint to satisfy the court's judgment and to submit to examination in court . . . regarding such information."[4] The Discovery Order included an attachment—Attachment A—outlining UPHE's specific discovery requests to Defendants.[5]

The court entered the Discovery Order on August 14, 2020.[6] On the same day, Defendants filed their Motion for Clarification, asking the court to "clarify that [they] have not waived any of their objections or defenses to offering [] the information requested in Attachment A."[7]

## ANALYSIS

Defendants argue they should be permitted to object to UPHE's various discovery requests because they have not yet had an opportunity to object.[8] They also argue Federal Rule of Civil Procedure 69(a)(2) requires supplemental discovery to comply with the Federal Rules of Civil Procedure and local rules, which permit Defendants to object to discovery requests.[9] UPHE disagrees, arguing Defendants' Motion for Clarification should be denied for two reasons.[10] First, UPHE argues the court should deny the Motion for Clarification because Defendants waived their objections to the discovery requests when they did not raise them in

---

[4] Dkt. 206 at 1–2.

[5] *See* Dkt. 206-1.

[6] *See* Dkt. 206.

[7] Dkt. 208 at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *See* Dkt. 213. In their Motion for Clarification, Defendants offer examples of their objections to the discovery requests in Attachment A. *See* Dkt. 208 at 2–4. UPHE responds to these objections in its response memorandum. *See* Dkt. 213 at 3–4. The court does not address these "example" objections or UPHE's responses in this Order. Instead, each party is directed to comply with the Federal Rules of Civil Procedure and local rules, including the requirement that they "make reasonable efforts without court assistance to resolve a [discovery] dispute" before presenting that dispute to the court. DUCivR 37-1(a)(1).

response to UPHE's motion for supplemental discovery.[11]  Second, UPHE argues Defendants'
Motion for Clarification should be treated as a Rule 59(e) motion for reconsideration and denied
because it does not meet that rule's requirements.[12]  The court disagrees with UPHE.

UPHE brought its motion for supplemental discovery pursuant to Federal Rule of Civil
Procedure 69(a)(2).[13]  Under Rule 69(a)(2), UPHE is permitted to "obtain discovery from any
person—including the judgment debtor—as provided in the [Federal Rules of Civil
Procedure]."[14]  By entering the Discovery Order, the court addressed UPHE's requested relief—
leave to conduct post-judgment discovery—and granted UPHE leave to conduct discovery
consistent with the Federal Rules of Civil Procedure.  The court did not order Defendants to
respond to Attachment A without the opportunity to object, and Defendants' Motion for
Clarification is not a motion for reconsideration.  Instead, Defendants must respond to UPHE's
discovery requests consistent with the Federal Rules of Civil Procedure, which includes the
opportunity to object to the requests in Attachment A as appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Clarification[15] is GRANTED.
Defendants have not waived their rights to assert objections and defenses to the information
requested in Attachment A.

---

[11] Dkt. 213 at 2–3.  Defendants responded to UPHE's motion for supplemental discovery but did not object to the requests in Attachment A.  *See* Dkt. 193.  Instead, they objected to UPHE's request for an order enjoining them from selling, transferring, or disposing property until the judgment is satisfied.  *Id.* at 2.

[12] Dkt. 213 at 3.

[13] Dkt. 188 at 1.

[14] Fed. R. Civ. P. 69(a)(2).

[15] Dkt. 208.

SO ORDERED this 16th day of September 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge