IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., <br>              Plaintiff, <br>    v. <br><br> Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart and Keaton Hoskins, <br>              Defendants. | **Stipulation Regarding Defeat Parts Offered for Sale and Defeat Parts Sold Alone and in Trucks** <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br> Magistrate Judge Dustin B. Pead |

Pursuant to the Court's March 2, 2022 Minute Entry, Dkt. 244, the parties herein stipulate, with reservations included by Defendants, as follows:

1. On March 6, 2020, the Court assessed a civil penalty of $83,336 against Defendants DPG, Sparks and Stuart related to the offers to sell 88 aftermarket defeat parts. Dkt 168, pp. 18, 52. On December 28, 2021, the Tenth Circuit Court of Appeals ruled that UPHE did not have standing to collect this penalty. *UPHE v. DPG*, 21 F.4th 1229, 1249 (10th Cir. 2021). The parties therefore agree and stipulate that UPHE is unable to collect this penalty and agree to the entry of an order on remand that vacates this penalty.

2. On March 6, 2020, the Court assessed penalties for defeat part violations against Defendants DPG, Sparks and Stuart related to the sale of 164 defeat parts. Dkt. 168, pp. 18, 51-52. On December 28, 2021, the Tenth Circuit Court of Appeals ruled that UPHE only had standing to collect penalties for aftermarket defeat parts sold to in-state purchasers. 21 F.4th at 1249. The parties therefore agree and stipulate that Defendants DPG, Sparks and Stuart sold 9 aftermarket defeat parts to independent in-state purchasers and 23 aftermarket defeat parts to B&W Auto in the state of Utah. Of those 32 parts, 14 were sold before November 2, 2015, and

18 were sold after November 2, 2015.  The other 132 parts were sold to out-of-state purchasers.  The Parties stipulate that parts sold prior to November 2, 2015 are assessed at $750/part and after November 2, 2015 at $947 per part.  Unless altered by the court's acceptance of some or all of Defendants' reservation below, the parties agree the resulting penalty that can be collected by UPHE for such violations is $27,546.

<u>Defendants' Reservation</u>:  Defendants reserve the right to challenge imposition of penalties for the same part where penalties are imposed for more than one instance of the sale of the part, installation and/or removal of the part, and the sale of a vehicle with such part installed, as well as for imposition of multiple penalties for one vehicle.

3. On March 6, 2020, the Court assessed penalties for defeat part violations against Defendants DPG, B&W Auto and Sparks related to sweepstakes trucks and non-sweepstakes trucks.  Dkt. 168, pp. 50-51.  On December 28, 2021, the Tenth Circuit Court of Appeals ruled that UPHE has standing to collect these penalties as long as the trucks were operated in Utah before being conveyed to in- or out-of-state entities.  21 F.4th at 1248.  The parties agree and stipulate that all of the subject trucks were operated in Utah prior to being conveyed to in- or out-of-state entities.  Unless altered by the court's acceptance of some or all of Defendants' reservation below, the parties agree the resulting penalty that can be collected by UPHE for such violations is $180,000.

<u>Defendants' Reservation</u>: Defendants reserve the right to argue that some of the trucks were only nominally operated in Utah, and that only 3 of the trucks were awarded to or sold to end users in Utah.  Defendants assert that the penalties assessed must consider the 10th Circuit Court of Appeal's directive that the seriousness of the violations must begin with the "clear signpost" of $2,500 per truck (adjusted for inflation) to reduce the amount imposed.  Defendants assert that

-3-

the number of trucks in question is 27 (excluding the two pertaining to Mr. Hoskins). Defendants also assert that the Court should not impose a penalty for the sale of a part, installation/removal of a part, and for sale of a vehicle containing the same part already penalized as part of the 31 parts listed above. Furthermore, Defendants assert they should not be penalized for the parts installed in these 27 trucks but should instead be penalized for the trucks themselves consistent with the 10th Circuit's direction under the CAA.  Finally, Defendants assert that the penalties imposed at the trial level must be redetermined consistent with the 10th Circuit's decision in the appeal of that order.

So stipulated on this 25th day of March, 2022 by:

| For UPHE: | For Defendants: |
|---|---|
| _____s/ Reed Zars_____<br>Reed Zars | _____s/ Cole Cannon_____<br>Cole Cannon |
| _____s/ George Hays_____<br>George Hays | _____s/ Jon Pfeifer_____<br>Jon Pfeifer |
| ____s/ Michelle Newman____<br>Michelle Newman | |
| | |