IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> District Judge Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff, Utah Physicians for a Healthy Environment (UPHE), moves the court for an order compelling Defendants to disclose the financial information as set forth in the court's August 14, 2020, Order for Discovery and Supplemental Proceedings.[1] (ECF No. 258.) Whether this order should be enforced at this time, turns on the language in the August 14, 2020 order and two subsequent orders dated August 20, 2020, (ECF No. 222.) and September 2, 2020. (ECF No. 225.) The undersigned finds the language in the orders does not prevent the disclosure of Defendants' financial information, and indeed, it does not remove the requirement to do so. Accordingly, Plaintiff's motion is granted as set forth herein.

BACKGROUND

On March 10, 2020, the court issued a final judgment assessing a civil penalty of $851,450 against Defendants-judgment debtors Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart, and Keaton Hoskins. (ECF No. 169.)

---

[1] The court notes that this order was signed on August 13, 2020 and docketed on August 14, 2020. For ease of reference, the court refers to this order in the same manner as Plaintiff, by the date it was docketed rather than signed.

On August 14, 2020, the court entered an order for discovery and supplemental proceedings ordering each Defendant-judgment debtor to produce certain information as outlined in the order, and as set forth in Attachment A. (ECF No. 206.) After the entry of the August 14, 2020, order, the court entered an order on August 20, 2020, conditionally granting Defendants' emergency motion to stay execution of judgment. (ECF No. 222.) (August 20, 2020, order). In the August 20, 2020, order, the court reasoned that due to severe financial difficulties facing the Defendant-judgment debtors, it was appropriate to stay the full judgment if certain conditions were met. These conditions included making certain initial payments and additional monthly payments. (ECF No. 222 at p. 6.) In September 2020, the court entered an additional order conditionally suspending garnishments. (ECF No. 225). Defendants appealed to the Tenth Circuit, and the Tenth Circuit issued a subsequent decision affirming in part and reversing in part the court's decision that followed a bench trial. (ECF No. 238.) Currently pending before Chief Judge Shelby, is a motion for relief from judgment under Rule 60. (ECF No. 248.) With this backdrop, the undersigned turns to two other motions before the court.

DISCUSSION

Plaintiff moves the court to compel the information required in the August 14, 2020, order. (ECF No. 258.) In response to this motion, Defendants argue Plaintiff's motion goes beyond the original August 14, 2020, order, and now Plaintiff seeks information from more business entities, including non-parties, and from a larger timeframe. Defendants also assert it is premature to engage in discovery or collection efforts when a new judgment has not been issued. Defendants, however, "do not object to providing financial and related documents" if it is provided thirty days to do so, be limited to Defendants, and that the timeframes be narrowed from a five-year period to the most recent two-year period. (ECF No. 262.)

Next, Plaintiff moves to strike Defendants' response arguing it violates the requirements found in DUCivR 37-1 for short form discovery motions. Specifically, it exceeds 500 words, was filed untimely, and is also violates DUCivR 10-1 because it is not signed by counsel. Plaintiff's arguments are well-taken. Local Rule 10-1(a)(8) provides that every document, except exhibits, 'must be signed by counsel or the unrepresented party." The response is not signed, and it does violate DUCivR 37-1 too. The court therefore strikes the response.

After considering the August 20, 2020, order conditionally granting Defendants' emergency motion to stay judgment, and the September 2020 order conditionally suspending garnishment, the court finds these orders do not stay the August 14, 2020, discovery and supplemental proceedings order. Specifically, the undersigned points to language in the conclusion of the August 20, 2020, order. The court set forth three conditions in the conclusion, that if met, stayed UPHE's collection efforts. The court also specifically stated, "Lastly, as UPHE receives its supplemental discovery, it may move the court to modify [the August 20, 2020, order] as it believes appropriate in view of the information obtained …" (ECF No. 222 at p. 6.) Thus, in the order itself, the court provided the possibility of modifying the order with information obtained via supplemental discovery. That supplemental discovery was ordered in the August 14, 2020, order. Based on what has transpired in this case after that order, including a decision entered by the Tenth Circuit, the court declines Plaintiff's invitation to expand the original order, for example by ordering discovery on non-parties. Rather, the court finds it is appropriate under the circumstances to order Defendants to comply with the August 14, 2020, order. Defendants are to provide the information as set forth in that order and the attachment within thirty (30) days from the date of this order.

ORDER

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 264.) is GRANTED. It is FURTHER ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 258.) is GRANTED IN PART. Defendants are to provide the information set forth in the August 14, 2020, order within thirty (30) days from the date of this order. On the record before it, the court, however, limits the discovery to that which was originally ordered in the August 14, 2020, order. Once an amended judgment is entered, Plaintiff may request additional discovery if needed to satisfy that judgment.

IT IS SO ORDERED.

DATED this 6 February 2023.

_____
Dustin B. Pead
United States Magistrate Judge