IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR LLC, et al., <br><br> Defendants. | **MEMORADUM DECISION AND ORDER DENYING IN PART AND CONDITIONALLY GRANTING IN PART DEFENDANTS' REQUEST FOR EVIDENTIARY HEARING** <br><br> Case No. 2:17-cv-00032-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Now before the court is Defendants Diesel Power Gear LLC (DPG), B&W Auto d/b/a Sparks Motors LLC (B&W Auto), David W. Sparks, and Joshua Stuart's Request for Evidentiary Hearing.[1] For the reasons explained below, the Request is denied in part and conditionally granted in part.

Defendants request an evidentiary hearing so they can provide "documents and/or summaries or affidavits relating to each Defendants' financial conditions."[2] As an initial matter, the court denies this request with respect to Sparks and Stuart. After the remand, the court ordered Defendants to provide notice by a specific date if they intended to assert impecuniosity.[3] DPG and B&W Auto filed a Notice stating they "intend to partially reopen the issue of impecuniosity."[4] The Notice further stated, "All other defendants do not intend to reopen the

---

[1] ECF 316, *Request for Evidentiary Hearing*.

[2] *Id.* at 1.

[3] ECF 244, *March 2, 2022 Minute Entry* ("Fourth, regarding whether the court should reassess certain penalty amounts based on Defendants impecuniosity, if Defendants elect to pursue such a claim they must notify the court no later than 3/16/2022.").

[4] ECF 245, *Notice of Reopening the Issue of Impecuniosity* at 1.

1

issue of impecuniosity."[5] Allowing Sparks and Stuart to reopen the issue, despite their lack of notice, would jeopardize UPHE's reliance interests. Accordingly, the court will not reconsider the penalties against Sparks and Stuart in light of any financial reverses.

However, if certain conditions are met, the court will hold an evidentiary hearing for DPG and B&W Auto to present financial information. These conditions are necessary because Defendants have previously resisted providing full and complete financial information.

For example, at trial, UPHE questioned Defendants about their finances, and they often gave vague or incomplete answers.[6] Defendants have also struggled to comply with the court's August 2020 Order for Discovery and Supplemental Proceedings.[7] That Order required Defendants to provide specific financial information to aid UPHE's collection efforts.[8] When UPHE moved to compel compliance with this Order in May 2022, Defendants argued the Order was stayed and tried to limit its scope.[9] UPHE later requested a hearing, contending Defendants were still not providing the required information.[10]

Defendants did not oppose the hearing,[11] and Sparks and Stuart testified before Judge Pead.[12] But Sparks in particular seemed unprepared to meaningfully discuss finances. For example, he did not have a complete list of liabilities,[13] and he discussed income and profits in

---

[5] *Id.* at 2.

[6] *See* ECF 161, *Trial Transcript: Day 1* at 115–28 (Stuart direct examination); ECF 160, *Trial Transcript: Day 3* at 107–52 (Sparks direct examination).

[7] ECF 206, *Order for Discovery and Supplemental Proceedings*.

[8] *See id.*

[9] *See* ECF 258, *Plaintiff's Motion to Compel Discovery*; ECF 262, *Defendants' Response to Plaintiff's Motion to Compel*.

[10] ECF 281, *Plaintiff's Motion for Oral Examination*.

[11] ECF 282, *Defendants' Response in Partial Concurrence and Partial Opposition to Plaintiff's Motion for Oral Examination*.

[12] ECF 292, *Aug. 24, 2023 Minute Entry*; ECF 311, *Aug. 24, 2023 Hearing Transcript*.

[13] *Aug. 24, 2023 Hearing Transcript* at 28–29, 76–77.

general terms.[14]

Furthermore, Defendants initially requested a hearing almost two years ago in their briefing on remand.[15] Since then, Defendants have not taken affirmative steps to pursue a hearing or present financial information to the court. They ultimately moved for an evidentiary hearing, but only after the court ordered them to request one by a certain date.[16]

For these reasons, the court is concerned an evidentiary hearing would be unhelpful and a misuse of judicial resources. Nevertheless, the Tenth Circuit authorized this court to reconsider penalties in light of financial reverses,[17] and Defendants have requested an evidentiary hearing.[18] The court will thus hold a hearing for DPG and B&W Auto to present evidence so the court can reconsider their penalties in light of their alleged financial reverses.[19] But the hearing is contingent on DPG and B&W Auto providing UPHE a meaningful opportunity to cross-examine witnesses and rebut evidence. Accordingly, the court sets the following conditions:

1. Within 21 days of this Order's entry, DPG and B&W Auto must provide UPHE the "documents and/or summaries and affidavits" they intend to present at the hearing.[20]

2. From the date UPHE receives those documents, it has 14 days to serve additional document requests and interrogatories on DPG and B&W Auto.

3. DPG and B&W Auto shall then have 45 days to produce the requested documents and respond to UPHE's interrogatories.

4. Upon notice from the parties that all steps have been completed, the court will set an

---

[14] *Id.* at 23, 39, 75.

[15] ECF 256, *Defendants' Brief Outlining Their Views of the Tenth Circuit Court of Appeals' Decision and Further Proceedings* at 14.

[16] ECF 315, *Jan. 5, 2024 Docket Text Order*.

[17] *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1259 (10th Cir. 2021).

[18] *Request for Evidentiary Hearing*.

[19] If there is a hearing, the court will reconsider all penalties assessed against DPG and B&W Auto in light of the evidence presented.

[20] *See id.* at 1.

evidentiary hearing.

SO ORDERED this 19th day of January 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge