THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Defendants moved the court to maintain certain documents under seal.[1] The court granted the request and Plaintiff sought to file an opposition to maintaining them under seal.[2] Having granted Plaintiff's request to file an opposition and having now considered Plaintiff's reply the court enters the following order.

## BACKGROUND

This case is in the post judgment stage and Plaintiff is attempting to collect on the judgment entered by the court. On May 2, 2024, Plaintiff filed a motion for an order requiring Defendants Sparks and Stuart, to show cause why they should not be held in contempt for violation a conditional order entered by the court.[3] As part of this motion, Plaintiff attached as exhibits certain financial information that Defendants seek to maintain under seal. These are Exhibits C, E, and F. Exhibit C is a "Membership Redemption and Settlement Agreement

---

[1] ECF No. 375.

[2] ECF No. 377.

[3] ECF No. 366.

involving certain Defendants" that was executed after this matter was tried. Exhibit E contains Diesel Power Gear (DPG) K-1 forms. Exhibit F is a B&W Auto balance sheet.

## DISCUSSION

Courts have long recognized a common-law right of access to judicial records.[4] This right, however, is not absolute. The "presumption of access ... can be rebutted if countervailing interests heavily outweigh the public interests in access."[5] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6] Consistent with the presumption of access, Local Rule 5-3 provides:

> The records of the court are presumptively open to the public. The sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is highly discouraged. Unless restricted by statute or court order, the public will have access to all Documents filed with the court and to all court proceedings.[7]

The protective order, which governs confidential information in this matter provides:

> The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION:
> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information,
> (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers,
> (3) competitive technical information, including technical analyses or comparisons of competitor's products,
> (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or
> (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Order the producing party reasonably and in good

---

[4] *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir.1994).

[5] *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir.1988).

[6] *Id.*

[7] DUCivR 5-3(a) (2023).

faith believes would likely cause harm.[8]

Defendants contend the three exhibits at issue here should be maintained under seal alleging the Protective Order, U.S. Code, and case law all support this request.

I. Exhibit C

Defendants argue Exhibit C played no role in trial and therefore had "no bearing on the substantive issues in this case." Additionally, it contains a valuation interest, as well as purchase price information that if known to prospective purchasers, "would be detrimental to the owners of such entity." Continuing this line of reasoning, Defendants contend that Exhibit C is a trade secret because it "'derives independent economic value, actual or potential, from not being generally known.'"[9] Thus, it should be maintained under seal.

In their Opposition, Plaintiff asserts Defendants' sworn statements provide that DPG and B&W have no financial value. Thus, they undermine any need to keep the Membership Redemption and Settlement Agreement under seal. Plaintiff further asserts that Defendants fail to articulate any financial harm that would arise from disclosure and Defendant Stuart disclosed the information during testimony.

The court is unpersuaded by Defendants' argument that Exhibit C had no role in trial and therefore no bearing on the substantive issues in the case. Defendants have yet to satisfy the judgment against them. Whether there is value in DPG, B&W, or a Membership Redemption and Settlement Agreement, is now key to the current proceedings making any value in the Agreement important. The fact that the Agreement was entered into after trial does not prevent its disclosure on its face without more. Defendants' own sworn statements regarding DPG and

---

[8] Protective Order, ECF No. 41 ¶ 2(b).
[9] ECF No. 373 p. 2 (quoting Utah Code Ann. § 13-24-2).

B&W having no financial value also support unsealing Exhibit C. Perhaps if there is value in the Agreement, as Defendants seem to suggest by arguing against its disclosure, then Defendants should note that value for the record so that judgment may be satisfied. Finally, the court is not persuaded that Exhibit C is a trademark under Utah Law[10] or that the court need engage in a waiver analysis based on Defendant Joshua Stuart's testimony regarding his membership interest in DPG.

In sum as to Exhibit C, the court sealed it out of an abundance of caution allowing the parties to present their respective positions regarding whether it should remain sealed. On the factual record before it, the court is not persuaded that Defendants have overcome the presumption that court records are open to the public.[11] Thus, Exhibit C is unsealed.[12]

II.     Exhibits E and F

Exhibit E contains K-1s issued to certain Defendants relating to their membership in DPB. Defendants argue under 26 U.S.C. § 6103 returns and return information shall be confidential. As a general rule, taxpayers' "tax returns and return information shall be confidential."[13] This general rule underlies the two-pronged test that courts utilize when

---

[10] A "Trade secret" under Utah Law

> means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
> (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Utah Code Ann. § 13-24-2.

[11] DUCivR 5-3(a).

[12] *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents.").

[13] 26 U.S.C. § 6103(a).

considering whether tax returns should be provided in discovery.[14] The Tenth Circuit has also recognized that revealing tax return information is proper where the taxpayer is a party to judicial proceedings.[15] The court finds the individual Defendants have an interest in maintaining confidentiality in their tax return information that outweighs the public interests in access. The release of this information could cause harm to Defendants and there is no perceived value in allowing the public access to this information that could be used for malicious purposes. Therefore, it is appropriate that Exhibit E remains sealed under the operative protective order.

Exhibit F is a balance sheet for B&W Auto for 2022-2024. The interest in maintaining the sealed nature of Exhibit F is not as compelling as Exhibit E. Defendants have sworn before the court that there is little to no value in B&W Auto. Moreover, it appears that B&W is insolvent. So, there is no current interest in maintaining its balance sheet as confidential. Thus, Exhibit F is to be unsealed.

### ORDER

For the foregoing reasons, the court unseals Exhibits C and F. Exhibit E which contains tax records for Defendants is to remain under seal.

IT IS SO ORDERED.

DATED this 10 June 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[14] *Hilt v. SFC Inc.* 170 F.R.D. 182, 189 (D. Kan. 1997).

[15] *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.1999).