IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT INC., | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | Case No. 2:17-cv-00032-RJS-DBP |
| v. | Chief District Judge Robert J. Shelby |
| DIESEL POWER GEAR LLC, et al., | Chief Magistrate Judge Dustin B. Pead |
| Defendants. | |

Before the court are three post-Judgment issues involving Plaintiff Utah Physicians for a Healthy Environment (UPHE) and Defendants Diesel Power Gear LLC (DPG), B&W Auto LLC, David Sparks, and Joshua Stuart.[1]  The first issue is the court's Order requiring B&W Auto, Sparks, and Stuart to show cause why they should not be held in contempt for violating the court's Fees Order.[2]  The second issue is whether the court should set an evidentiary hearing on DPG and B&W Auto's financial reverses claims.[3]  The third issue is UPHE's Motion for an Order requiring Sparks and Stuart to Show Cause why they should not be held in civil contempt for violating the court's Conditional Order.[4]

For the following reasons, the court holds B&W Auto, Sparks, and Stuart in civil contempt for violating the Fees Order.  Furthermore, the court concludes it will not reconsider

---

[1] The court previously entered Judgment against Defendant Keaton Hoskins, but Hoskins has settled liability and is not subject to this Order.  *See* ECF 237, *Order Confirming Defendant Keaton Hoskins' Satisfaction of Civil Penalty and Costs and Fees Liability, and Retention of Permanent Injunction*.

[2] *See* ECF 334, *Order to Show Cause*.

[3] *See* ECF 364, *Joint Notice of Completion of Discovery Steps Re: ECF 319*.

[4] *See* ECF 366, *Plaintiff's Redacted Motion for an Order Requiring Defendants Sparks and Stuart to Show Cause Why They Should Not Be Found in Contempt for Violating the 2020 Conditional Order (ECF 222)*.

DPG or B&W Auto's financial reverses claims, lifts the Conditional Order, and denies as moot UPHE's Motion for Order to Show Cause.

<h1 style="text-align:center">BACKGROUND[5]</h1>

### Judgment and Initial Execution Efforts

On March 10, 2020, the court entered Judgment in favor of UPHE and against Defendants for violating the Clean Air Act and Utah's State Implementation Plan (SIP).[6]  The court ordered Defendants to pay civil penalties totaling $765,344, as well as UPHE's "costs of litigation, including reasonable attorney fees and expert witness fees."[7]  On April 7, 2020, Defendants appealed the Judgment to the United States Court of Appeals for the Tenth Circuit.[8]

While Defendants' appeal was pending, several significant developments occurred.  First, Defendants did not timely pay the civil penalties and UPHE began collection efforts.[9]  For example, UPHE moved the court for an order requiring each Defendant to provide information concerning financial resources they could use to satisfy their civil penalties debt.[10]  The court issued a corresponding Order in August 2020.[11]  Likewise, UPHE filed multiple writs of garnishment[12] and applied for an Order charging Sparks and Stuart's interests in various LLCs.[13]

---

[5] The court assumes the parties' familiarity this long running case and presents only facts relevant to the present Memorandum Decision and Order.

[6] *See* ECF 169, *Judgment in a Civil Case*; *see also* ECF 168, *Bench Trial Order* at 58–59.

[7] *See* ECF 169 at 2.  Including Hoskins' liability, the civil penalties due under the Judgment totaled $851,451.  *See* ECF 237.

[8] *See* ECF 172, *Defendants' Notice of Appeal*.

[9] ECF 188, *Plaintiff's Motion for Discovery and Supplemental Proceedings* at 2.

[10] *Id.*

[11] *See* ECF 206, *Order for Discovery and Supplemental Proceedings*.

[12] *See, e.g.*, ECF 198, *Writ of Garnishment*; ECF 200, *Writ of Garnishment*.

[13] *See* ECF 203, *Plaintiff's Application for Charging Order*.

Also in August 2020, Defendants filed an Emergency Motion to Stay Execution of Judgment.[14]  Defendants' Motion "paint[ed] a grim financial picture for the Defendants and their businesses" and asked the court to stay UPHE's collection efforts in exchange for Defendants' agreement to make certain payments towards their civil penalties debt: (1) a one-time payment from DPG of $50,000, (2) monthly payments from DPG of $7,500, (3) monthly payments from Sparks of $1,000, and (4) monthly payments from Stuart of $1,000.[15]  In declarations accompanying the Motion, Sparks and Stuart proposed these amounts based on precise examinations of what each Defendant could afford to pay.[16]  Individually, Sparks and Stuart also agreed they would not take distributions "beyond their ordinary and reasonable salaries" from DPG, B&W Auto, or DieselSellerz.com, LLC.[17]  Relying on Defendants' representations and acting before UPHE had an opportunity to respond, the court swiftly issued a Conditional Order "stay[ing] UPHE's collection efforts pending resolution of [Defendants'] appeal" and subject to Defendants' compliance with the proposed terms.[18]

Lastly, UPHE moved the court to determine the reasonable value of its litigation costs,[19] and in January 2021, the court issued a Fees Order holding Defendants jointly and severally

---

[14] *See* ECF 219, *Defendants' Emergency Motion to Stay Execution of Judgment*.

[15] *Id.* at 2–4.

[16] ECF 219-1, *Declaration of David Sparks in Support of Defendants' Emergency Motion to Stay Judgment* ¶ 22 ("I can pay an additional $1,000 each month into this [c]ourt's account until further notice."); *id.* ¶ 23 ("DPG is able to reasonably pay $50,000 toward the civil penalties against DPG."); *id.* ¶ 24 ("DPG can also reasonably pay an additional $7,500 each month into this [c]ourt's account until further notice."); ECF 219-2, *Declaration of Joshua Stuart in Support of Defendants' Emergency Motion to Stay Execution of Judgment* ¶ 21 ("While I personally do not have liquid funds to make a sizable initial payment, I will also make $1,000 payments each month . . . .").

[17] ECF 219-1 ¶ 29; ECF 219-2 ¶ 22.

[18] ECF 222, *Memorandum Decision and Order Conditionally Granting Defendants' Emergency Motion to Stay Execution of Judgment* at 5–6.

[19] *See* ECF 176, *Plaintiff's Motion for Costs and Fees*.

liable to UPHE for fees and costs totaling $843,602.23.[20]  Defendants did not timely appeal or

otherwise object to the Fees Order.

***Tenth Circuit Opinion and Issues on Remand***

In December 2021, the Tenth Circuit issued its Opinion on Defendants' appeal.[21]  The

Circuit "largely affirm[ed]" the Judgment, but remanded for the court to consider two distinct

issues.[22]  First, the Circuit remanded for this court to exclude certain civil penalties from the

Judgment as a matter of standing.[23]  Second, the Circuit remanded for the court to reconsider

civil penalties associated with B&W Auto and Sparks' SIP violations.[24]  The Circuit directed the

court to reconsider a seriousness-of-the-violation factor used in calculating the penalties.[25]

Additionally, the Circuit "authorized" this court to reassess the civil penalties levied against all

Defendants based on "any additional information" the court deemed relevant.[26]  The foundation

of this authorization was the Circuit's observation "that after judgment was entered[,]

Defendants presented some evidence of financial reverses" that led this court to issue the

Conditional Order.[27]

On remand, the parties stipulated to resolve the standing issue[28] and submitted cross-

---

[20] ECF 230, *Memorandum Decision and Order Granting Plaintiff's Motion for Fees and Bill of Costs* at 51.
Originally, the court held all Defendants, including Hoskins, jointly and severally liable for $928,602.23.  *Id.*
However, Hoskins' settlement resolved his liability and reduced the remaining Defendants' liability by $85,000.
*See* ECF 237.

[21] *See Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229 (10th Cir. 2021).

[22] *Id.* at 1259.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] ECF 263, *Order Adopting Parties' Modified Stipulation on Facts Relating to UPHE's Standing*.

briefing on the seriousness of B&W Auto and Sparks' SIP violations.[29]  However, with respect to the issue of Defendants' financial reverses, Defendants did not request any particular relief or offer any evidence of their financial condition.  Only DPG and B&W Auto notified the court of their intent to raise the issue, and they merely requested a hearing "to evaluate the financial information that might be relevant."[30]

### Additional Developments Post-Remand

Meanwhile, several additional issues arose.  First, in April 2022, Defendants filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).[31] Defendants asked the court to reconsider the Fees Order in light of the Tenth Circuit's partial reversal.[32]

Second, in May 2022, UPHE re-initiated efforts to investigate Defendants' financial resources.[33]  Specifically, UPHE filed a Motion to Compel Discovery, notifying the court that Defendants had failed to produce the financial information compelled by the court's August 2020 Order authorizing supplemental discovery.[34]  The court granted the Motion in February 2023, affirming the August 2020 Order remained in effect and directing Defendants to provide UPHE the required information within 30 days.[35]  However, in April 2023, UPHE informed the

---

[29] *See, e.g.*, ECF 256, *Defendants' Brief Outlining Their Views of the Tenth Circuit Court of Appeals' Decision and Further Proceedings*; ECF 257, *Plaintiff's Cross-Brief Regarding the Seriousness of Defendants' Utah SIP Tampering Violations*.

[30] ECF 256 at 14; *see also* ECF 245, *Notice of Reopening the Issue of Impecuniosity*.

[31] *See* ECF 248, *Defendants' Motion for Relief From a Judgment or Order Pursuant to F.R.C.P. Rule 60 on Attorney's Fees*.

[32] *Id.* at 1.

[33] *See, e.g.*, ECF 258, *Plaintiff's Motion to Compel Discovery*.

[34] *Id.*

[35] *See* ECF 279, *Memorandum Decision and Order*.

court Defendants still had not provided the information and moved for a hearing.[36]  The court granted UPHE's request and Chief Magistrate Judge Dustin B. Pead presided over an August 24, 2023 hearing at which Sparks and Stuart testified about their personal finances, as well as DPG and B&W Auto's finances.[37]

Third, in November 2023, UPHE filed a Motion for Disbursement seeking the release of $311,972 from the court's registry.[38]  In a footnote to the Motion, UPHE explained Defendants had abruptly stopped making the monthly payments required by the Conditional Order in January 2023.[39]  After independently confirming UPHE's assertion, the court issued an Order to Show Cause why Defendants should not be held in contempt for violating the Conditional Order.[40]  In response, Defendants contended the payments were no longer required because the Conditional Order automatically terminated when the Tenth Circuit issued its Opinion.[41]  Alternatively, Defendants broadly alleged they could no longer afford to make the required payments.[42]

### Resolution of Remand Issues and New Contempt Concerns

In January 2024, the court issued a Memorandum Decision and Order denying Defendants' Motion for Relief from Judgment and addressing the outstanding remand issues.[43]  The court reduced the SIP penalties assessed against B&W Auto and Sparks by $25,000 and

---

[36] *See* ECF 281, *Plaintiff's Motion for Oral Examination*.

[37] *See* ECF 284, *Order Re Plaintiff's Motion for Oral Examination*; ECF 292, *Minute Entry*.

[38] *See* ECF 306, *Plaintiff's Motion for Release of $311,972 from the Court Registry or, in the Alternative, Motion for Status Conferences*.

[39] *Id.* at 1 n.1.

[40] *See* ECF 310, *Order to Show Cause*.

[41] *See* ECF 314, *Response to Dkt. 310, Order to Show Cause*.

[42] *Id.* at 3.

[43] ECF 317, *Memorandum Decision and Order* at 1.

issued an Amended Judgment reflecting the reduced penalties.[44]

Notably, the court did not reduce any penalties based on evidence of Defendants' financial reverses.[45]  The court observed neither Sparks nor Stuart had stated their intent to pursue the issue, and neither DPG nor B&W Auto had provided any evidence to justify a reduction.[46]  Nevertheless, the court stated it would hold an evidentiary hearing on DPG and B&W Auto's financial reverses if they first engaged in a structured, supplemental discovery process.[47]  In a follow-up Order outlining this process and justifying its decision, the court listed several examples of instances in which "Defendants [had] previously resisted providing full and complete financial information."[48]  Among these examples, the court described Defendants' failure to comply with the August 2020 Order authorizing supplemental discovery and Defendants' inadequate preparation for the August 2023 hearing.[49]

Additionally, the court issued a second Order to Show Cause concerning Defendants' violation of the Conditional Order.[50]  Acknowledging Defendants' argument that the Conditional Order terminated when the Tenth Circuit issued its Opinion, the court asked Defendants to explain why they had failed to pay the civil penalties otherwise due.[51]  Citing the August 2023 hearing, as well as declarations produced by Sparks and Caleb Perkins (DPG and B&W Auto's manager), Defendants again responded they could not afford to pay the outstanding civil

---

[44] *See* ECF 318, *Amended Judgment*.  In addition to the reduced SIP tampering penalties, the Amended Judgment reflected the parties' stipulation to reduce certain penalties and removed Hoskins' liability for any penalties.

[45] *Id.* at 17–18, 21–22.

[46] *Id.* at 21–22.

[47] *Id.*

[48] ECF 319, *Memorandum Decision and Order Denying in Part and Conditionally Granting in Part Defendants' Request for Evidentiary Hearing* at 2.

[49] *Id.*

[50] *See* ECF 320, *Order to Show Cause*.

[51] *Id.* at 6–7.

penalties.[52]  Alternatively, they argued they were "confused" and "left without certainty as to the amount" they owed because, for as long as the Conditional Order was in effect, "DPG made payments on behalf of all Defendants."[53]

While the court considered Defendants' response, UPHE filed a Motion to Find B&W Auto, Sparks, and Stuart in Contempt for failure to satisfy the Fees Order.[54]  The Motion notified the court that Defendants had not made any contribution towards the amount due under the Fees Order—$843,602.23—since the court issued the Order more than three years earlier.[55]  Likewise, the Motion notified the court that Defendants had recently advised UPHE they did not intend to pay anything towards the amount due.[56]  In response, B&W Auto, Sparks, and Stuart did not dispute either of these contentions.[57]  Rather, they argued they lacked sufficient resources to satisfy the Fees Order, incorporating by reference their Response to the second Order to Show Cause.[58]

On March 20, 2024, the court issued two Orders addressing Defendants' delinquent payments under the Conditional Order and Fees Order.  First, the court issued an Order clarifying that the Conditional Order remained in effect pending its final resolution of DPG and

---

[52] ECF 324, *Response to Dkt 320, Order to Show Cause* at 3–4.

[53] *Id.*

[54] *See* ECF 326, *Plaintiff's Expedited Motion to Find Defendants Sparks, Stuart and B&W Auto in Contempt for Failure to Pay Costs and Fees*.

[55] *Id.* at 2.

[56] *Id.*

[57] *Id.*

[58] ECF 330, *Response to Dkt 326, Plaintiff's Expedited Motion to Find Defendants Sparks, Stuart and B&W Auto in Contempt for Failure to Pay Costs and Fees* at 2–3.

B&W Auto's financial reverses claims.[59]  Then, the court issued a third Order to Show Cause requiring B&W Auto, Sparks, and Stuart to explain why they should not be held in contempt for failing satisfy the Fees Order.[60]  The court afforded them 14 days to respond and, to date, no Defendant has responded.[61]

### Recent Events

On April 26, 2024, the parties filed a Stipulated Notice informing the court that DPG and B&W Auto had completed the requisite steps to set an evidentiary hearing on their financial reverses.[62]  On May 2, 2024, however, UPHE filed a Motion for Order to Show Cause asking the court to order Sparks and Stuart to explain why they should not be held in civil contempt for violating the Conditional Order.[63]  UPHE alleged that while reviewing financial documents produced during the supplemental discovery process, it discovered Sparks and Stuart had violated the Conditional Order by accepting distributions from DPG beyond their ordinary and reasonable salaries.[64]  First, they alleged that after the Conditional Order took effect, DPG made unexplained transfers totaling more than $250,000 to Sparks and Stuart.[65]  Second, they alleged Sparks and Stuart allowed DPG to pay their individual obligations under the Conditional Order.[66]  Defendants' Response did not wholly dispute these facts, instead distinguishing that some of the

---

[59] ECF 333, *Order Requiring Defendant Sparks to Comply* at 6.  The court also concluded Sparks had not demonstrated he could not afford to comply with the Conditional Order and informed him he would be held in contempt if he did not resume his $1,000 per month payments.  *Id.* at 7.  The Clerk of Court has confirmed Sparks' counsel, Cannon Law Group, paid $12,000 on March 25, 2024, $1,000 on April 5, 2024, $1,000 on May 6, 2024, and $1,000 on June 5, 2024.

[60] *See* ECF 334, *Order to Show Cause.*

[61] *Id.*

[62] ECF 364 at 1–2.

[63] ECF 366 at 1.

[64] *Id.* at 4–5.

[65] *Id.*

[66] *Id.* at 5.

transfers from DPG to Stuart were actually from Sparks to Stuart and arguing the remaining

transfers from DPG to Stuart were permissible payments for past or present services.[67]

Defendants' Response did not address the transfers from DPG to Sparks, and suggested DPG's

payment of Sparks and Stuart's individual obligations was unimportant because "the funds in the

court registry were exactly the same as if Sparks and Stuart had made the payments from their

personal funds."[68]

## ANALYSIS

Having briefly reviewed the extensive post-Judgment history of this case, a perceptible

theme is Defendants' dedicated opposition to providing the court a full and complete picture of

their financial condition.  Keeping this theme in mind, the court first determines whether to hold

B&W Auto, Sparks, and Stuart in contempt for violating the Fees Order.  Next, the court

considers whether it will set an evidentiary hearing on DPG and B&W Auto's financial reverses.

Finally, the court considers UPHE's recent Motion for Order to Show Cause.

## I.      The Court Holds B&W Auto, Sparks, and Stuart in Civil Contempt for Violating the Fees Order.

"[I]t is firmly established that the power to punish for contempt is inherent in all

courts."[69]  A court may hold a party in civil contempt when there is clear and convincing

evidence: (1) a valid court order existed; (2) the party had knowledge of the order; and (3) the

party disobeyed the order.[70]  The party may overcome this showing by producing clear and

---

[67] *See* ECF 381, *Response to DKT 366, Plaintiff's Redacted Motion for an Order Requiring Defendants Sparks and Stuart to Show Cause Why They Should Not Be Found in Contempt for Violating the 2020 Conditional Order*, at 2–4.

[68] *Id.*

[69] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (brackets and internal quotation marks omitted); *see also* Fed. R. Civ. P. 70(e) (stating a court may hold a party in contempt for disobeying a judgment).

[70] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

convincing evidence they complied with the order or that compliance is presently impossible,[71] but in doing so, the party "must establish by facts (and not just assertions) that [they have] made all reasonable and good faith efforts to comply with the order."[72]

Applying this rule in connection with its March 20, 2024 Order to Show Cause, the court holds B&W Auto, Sparks, and Stuart in civil contempt for violating the Fees Order.  Clear and convincing evidence demonstrates the Fees Order is a valid court order that B&W Auto, Sparks, and Stuart have knowledge of and are violating by failing to pay any amount towards the reasonable value of UPHE's litigation costs.[73]  And because B&W Auto, Sparks, and Stuart have not responded to the Order as directed, they have not provided clear and convincing evidence it is impossible for them to comply.  Likewise, B&W Auto, Sparks, and Stuart have not offered any evidence they have made reasonable efforts to comply.  In stark disregard of the court's authority, B&W Auto, Sparks, and Stuart have instead suggested they have not and will not pay amount due under the Fees Order.

B&W Auto, Sparks, and Stuart may cure their contempt by paying the full amount due under the Fees Order: $843,602.23.[74]  Until then, UPHE may engage in all lawful efforts to collect this amount.

---

[71] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008); *United States v. Rylander*, 460 U.S. 752, 757 (1983).

[72] *In re Aramark Sports and Ent. Serv., LLC*, 725 F.Supp.2d 1309, 1316 (D. Utah 2010) (citing *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529–30 (11th Cir. 1992) (affirming district court's decision to hold a party in civil contempt for failure to pay court-ordered civil penalties when party alleged via testimony and documentary evidence it lacked financial resources but did not establish that it made "all reasonable efforts" to comply with court order)).

[73] ECF 334 at 3–4.  UPHE's Motion to Find B&W Auto, Sparks, and Stuart in Contempt for failure to satisfy the Fees Order expressly raised these allegations, and B&W Auto, Sparks, and Stuart's Response did not dispute them. *Compare* ECF 326 at 2 *and* ECF 330 at 2–3.

[74] The court does not hold DPG in civil contempt for violating the Fees Order because DPG was not subject to the March 20, 2024 Order to Show Cause. *See* ECF 334.  However, in doing so, the court does not eliminate DPG's liability.  DPG remains jointly and severally liable with B&W Auto, Sparks, and Stuart for all amounts due under the Fees Order.

## II.   The Court Will Not Further Reconsider the Civil Penalties Assessed Against DPG or B&W Auto Based on Their Financial Reverses.

After the Tenth Circuit authorized this court to reconsider Defendants' civil penalties in light of their alleged "financial reverses," the court determined the available evidence did not support any such reductions.[75]   Nevertheless, the court fashioned an equitable course for DPG and B&W Auto to pursue the issue further.[76]   Balancing their request for an evidentiary hearing against their failure to affirmatively pursue such a hearing and reluctance to share illuminating financial information, the court stated it would hold a hearing for DPG and B&W Auto to present evidence of their financial reverses if they first engaged in a supplemental discovery process.[77]

Since the court made this proposal, however, two developments have impacted its consideration of whether DPG and B&W Auto may seek this equitable relief.   First, Defendants have spurned new opportunities to provide the court a meaningful picture of their financial condition.   For example, Defendants' Responses to the court's second Order to Show Cause and UPHE's Motion for Order to Show Cause asserted impecuniosity but offered sparse details in support.[78]   Likewise, Defendants' Responses ignored the court's warnings regarding the insufficiency of their existing financial disclosures.   The Responses largely cited the August 2023 hearing the court previously identified as an example of their failure to provide full and

---

[75] ECF 317 at 21–22.

[76] ECF 319 at 2–3.

[77] *Id.*   Based on DPG and B&W Auto's conduct, the court was concerned a hearing "would be unhelpful and a misuse of judicial resources."   *Id.* at 3.

[78] *See, e.g.*, ECF 330 at 2; ECF 381 at 2.

complete financial information.[79]

Second, the court learned new information about the veracity of the representations underlying the Conditional Order and, by implication, the Tenth Circuit's authorization for the court to reconsider Defendants' civil penalties. Specifically, the court learned that Sparks and Stuart did not pay any amount due under the Conditional Order between August 2020 (when it took effect) and January 2023 because DPG paid their individual obligations on their behalf.[80] Beyond enabling Sparks and Stuart to keep money in their pockets, these payments—$1,000 per month, per individual, for approximately 28 months—evidenced that DPG understated its ability to satisfy its civil penalties debt by at least $56,000. The court also learned that while the Conditional Order was in effect, approximately $250,000 moved between DPG, Sparks, and Stuart.[81] Regardless of the purpose or character of these transfers, Defendants have not explained how their access to substantial liquid assets comports with their recurrent allegations of meager financial resources. This is especially true with respect to the specific claims of imminent financial distress underlying Defendants' Emergency Motion to Stay Execution of Judgment and the Conditional Order.

In light of Defendants' continued resistance to providing the court a full and complete picture of their financial condition, and the evidence suggesting Defendants misrepresented their ability to satisfy their civil penalties debt, the court concludes the circumstances of this case no longer warrant the equitable reconsideration of DPG and B&W Auto's financial reverses

---

[79] *See, e.g.*, ECF 317 at 21 ("There was a hearing before Judge Pead in August 2023, but UPHE requested that hearing because Defendants had not provided court-ordered financial information. Moreover, the court observes that at the hearing, Defendants' answers were often incomplete or vague."); ECF 334 at 4 n.24 ("The court has elsewhere expressed its position that the testimony and evidence presented at the August 24, 2023 hearing before Judge Pead provides a vague and incomplete picture of Defendants' present financial condition.").

[80] *See* ECF 366 at 5–6; ECF 324 at 2 ("DPG made such payments on behalf of all Defendants . . . .").

[81] *See* ECF 366 at 4–5; ECF 381 at 2–4.

claims.[82]  The court will not hold an evidentiary hearing on DPG or B&W Auto's financial reverses and will not further reduce the civil penalties assessed against DPG or B&W Auto based on their financial condition.

Having reached this conclusion, the court further concludes Defendants' appeal is fully resolved and, because the Conditional Order was to remain in effect "pending resolution of the appeal," the court lifts the Conditional Order.[83]  All unpaid civil penalties ordered by the Amended Judgment are immediately due and UPHE may engage in all lawful efforts to collect them.  With respect to the existing writs of garnishment and application for Charging Order stayed by the Conditional Order,[84] UPHE may file renewed applications reflecting the civil penalties due under the Amended Judgment.

### III.    UPHE's Motion for Order to Show Cause is moot.

Having lifted the Conditional Order, the court concludes UPHE's Motion for Order to Show Cause concerning Sparks and Stuart's alleged violations of the same is moot and denies the Motion on that ground.

### CONCLUSION

For the reasons provided, the court ORDERS B&W Auto, Sparks, and Stuart held in civil contempt for violating the Fees Order.  Furthermore, the court ORDERS that it will not conduct

---

[82] The situation before the court is similar to that of a plaintiff who comes into court seeking an equitable remedy with unclean hands.  Just as a court may deny equitable relief to a plaintiff on the basis that "their conduct in relation to the litigation matter has been unlawful, unconscionable, or inequitable," the court may deny DPG and B&W Auto equitable post-judgment relief.  *See Houston Oilers, Inc. v. Neely*, 361 F.2d 36, 42 (10th Cir. 1966); *see also Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814–15 (1945) ("The guiding doctrine in this case is the equitable maxim that 'he who comes into equity must come with clean hands.' This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . .").

[83] *See* ECF 222 at 6; *see also* ECF 333 at 6 n.43 ("The Conditional Order remains in effect pending the court's resolution of B&W Auto and DPG's financial reverses claims.").

[84] *See* ECF 225, *Stipulated Order Conditionally Suspending Garnishments* at 2; ECF 222 at 6 n.39.

an evidentiary hearing on DPG and B&W Auto's financial reverses claims or reduce the civil

penalties assessed against DPG or B&W Auto based on their claimed financial reverses.  Having

resolved the issue of DPG and B&W Auto's financial reverses, the further court ORDERS the

Conditional Order lifted and DENIES as moot UPHE's Motion for Order to Show Cause.[85]

All amounts owing under the Amended Judgment and Fees Order are immediately due,

and UPHE may engage in all lawful activities to collect them until the Amended Judgment and

Fees Order are satisfied in full.

SO ORDERED this 24th day of June 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[85] ECF 366.