THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a/ Sparks Motors LLC, David W. Sparks, Joshua Stuart and Keaton Hoskins, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF TO ADDRESS DEFENDANTS' CONTEMPT OF FEES <br><br> Case No. 2:17-cv-32 RJS DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Utah Physicians for a Healthy Environment (UPHE) moves the court under Federal Rule 69(a)(2) for an "order that requires Defendants Sparks, Stuart and B&W Auto LLC (Defendants) to provide a current, complete and accurate accounting of their financial Status."[1] The court grants the motion as set forth herein and will enter Plaintiff's proposed order.

Federal Rule 69(a)(2) provides that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."[2] Plaintiff seeks a full and complete picture of Defendants' current financial condition. This matter has an extensive history that has been set forth by the court in prior orders. Thus, the court does not repeat it in this order. In short, the court found Defendants in civil contempt for violating the Fees Order.[3] The court ordered that all amounts

---

[1] Plaintiff's Motion for Relief to Address Defendants' Established Contempt of Fees Orders at p. 1, ECF No. 395.

[2] Fed. R. Civ. P. 69(a)(2).

[3] Memorandum Decision and Order at p. 14-15, June 6, 2024, ECF No. 388.

owing under the Amended Judgement and Fees Order are immediately due and noted "UPHE may engage in all lawful activities to collect them until the Amended Judgment and Fees Order are satisfied in full."[4] Plaintiff cites to Federal Rule 69(a)(2) and the history of this case in support of the requested relief.

In opposition to Plaintiff's motion Defendants argue Rule 69(a)(2) does not support Plaintiff's motion, the requested order is overbroad, and it seeks information in entities which "Defendants have no interest or ownership in."[5]

The court finds no merit to Defendants' arguments. Defendants argue Plaintiff's motion has "no procedural basis"[6] while incorrectly citing the text of Rule 69(a)(1) and representing it as Rule 69(a)(2). Both Fed. R. Civ. P. 69(a)(2), and the court's prior order finding Defendants in contempt, support Plaintiff's motion. Based on the history of this case, and the "perceptible theme [of] Defendants' dedicated opposition to providing the court a full and complete picture of their financial condition"[7] the court finds the requested order is not overbroad. It is Defendants' own conduct that creates the need for such an order. Finally, given the track record of Defendants obfuscating their financial condition, the court is not persuaded by Defendants' assertion that they lack an ownership in certain entities. That determination will be made by responding to the order.

Accordingly, Plaintiff's Motion is GRANTED. The court enters Plaintiff's proposed order separately.

---

[4] *Id.* at 15.

[5] Opposition at 2, ECF No. 396.

[6] *Id.*

[7] Memorandum Decision and Order at p. 10, June 6, 2024.

DATED this 23 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge