THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on two related motions. Plaintiff moves the court for an order requiring Defendants' attorney Cole Cannon, and his law firm Cannon Law Group, to produce "all of the texts and emails referenced in his untimely and inadequate subpoena duces tecum privilege log."[1] Defendants seek to maintain documents under seal pursuant to Local Rule 5-3.[2] The court addresses each of the motions herein.

## BACKGROUND

This case is in the post judgment stage and Plaintiff is attempting to collect on the judgment entered by the court. There have been multiple writs of execution sought,[3] and the court has found Defendants in civil contempt for violating its Fees Order.[4] The court has also held multiple hearings regarding collection efforts and Defendants' continued failures to satisfy

---

[1] Motion for Order Requiring Attorney Cole Cannon to Produce Communications at 1, ECF No. 451.

[2] Defendants' Motion to Maintain Documents Under Seal, ECF No. 454.

[3] *See, e.g.,* ECF Nos. 410, 431, 432.

[4] Memorandum Decision and Order dated 24 June 2024, ECF No. 388.

their obligations.[5] On April 11, 2025, the court afforded the parties time to craft a payment plan. Once again, this failed.[6]

The present dispute centers on texts and emails referenced in a privilege log. On December 7, 2024, Plaintiff served T. Caleb Perkins, the manager of Defendant Diesel Power Gear LLC (DPG) and an associate of Defendant Sparks, with a subpoena duces tecum.[7] The subpoena required production of documents by January 7, 2025, and Mr. Perkins attendance at a deposition set for that same day. The deadline under the Federal Rules to object to the subpoena was December 23, 2024, 14 days from service.[8]

During the deposition, Mr. Perkins acknowledged the initial production of documents as requested by the subpoena and made no objections.[9] No objections were made during the deposition by any attorney for Defendants. On February 14, 2025, Cole Cannon, counsel for Defendants, produced a privilege log claiming attorney-client privilege for 117 texts and 20 email chains between Mr. Cannon and Mr. Perkins.

In a declaration filed with the court on January 5, 2024, Mr. Perkins provided DPG laid off its employees, shut down its warehouse operations, and filed articles of dissolution with the state of Utah.[10] With this backdrop the court turns to the motions.

---

[5] ECF No. 292, 466.

[6] Notice of Non-settlement, ECF No. 472.

[7] *See* Declaration of Caleb Perkins in Response to Court's December 26, 2023, Order to Show Cause, ECF No. 314-1; Constable's Return, ECF No. 412.

[8] Under Rule 45, an objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B).

[9] ECF No. 451-3 at 6.

[10] ECF No. 314-1.

2

## DISCUSSION

Plaintiff argues Mr. Cannon has waived any privilege claims over his texts and emails with Mr. Perkins. In the alternative, if the court finds the privilege claims were not waived, Plaintiff requests the court conduct an in-camera review to ascertain the nature of the privilege and whether any exceptions, such as the crime-fraud exception apply. Defendants oppose Plaintiff's Motion arguing the attorney-client privilege applies and in support cite to the Utah Rules of Professional Conduct. Defendants also take issue with "baseless and unwarranted allegations" levied by Plaintiff against Defense Counsel.

The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law."[11] It "protects 'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his capacity as a legal advisor."[12] However, "mere fact that an attorney was the involved in a communication does not automatically render the communication subject to the attorney-client privilege."[13]

The court finds the resolution of the instant dispute turns on Rule 45 and the dissolution of DPG. Under Rule 45, an objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."[14] Mr. Perkins did not object to the subpoena and neither did Defendants or their counsel. Rather on February 14, 2025, long after the deadline to object to the subpoena, Defendants' counsel filed a privilege log claiming

---

[11] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted).

[12] In re Grand Jury Proc., 616 F.3d 1172, 1182 (10th Cir. 2010) (quoting *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982*, 697 F.2d 277, 278 (10th Cir. 1983)).

[13] *Id.* (quoting *Motley v. Marathon Oil Co*., 71 F.3d 1547, 1550–51 (10th Cir. 1995)).

[14] Fed. R. Civ. P. 45(c)(2)(B).

3

the attorney-client privilege for texts and emails with Mr. Perkins. Defendants' objections to the subpoena were untimely under Rule 45 waiving any assertions of privilege. Defendants' objection to Plaintiff's Motion does not address their untimeliness.

Further, Mr. Perkins informed the court that DPG has ceased operations and filed for dissolution. In federal courts, the "weight of authority ... holds that a dissolved or defunct corporation retains no privilege."[15] In essence, "[o]nce a corporation becomes defunct, the policy interests supporting shielded communications fall away.[16] Thus, even if the attorney client privilege is owned by DPG, any claims of privilege that DPG may have had in the materials would also be waived.

Defendants' Motion to Maintain Documents Under Seal[17] offers no additional reasoning to maintain the seal on the documents at issue. Rather, it offers similar reasoning already raised in opposition to Plaintiff's Motion and it does not address Defendants untimely filing of a privilege log objecting to the subpoena's requests.

---

[15] *S.E.C. v. Carrillo Huettel LLP*, No. 13 CIV. 1735, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) (collecting cases); *see also Off. Comm. of Admin. Claimants ex rel. LTV Steel Co. v. Moran*, 802 F. Supp. 2d 947, 948-49 (N.D. Ill. 2011) (collecting cases) ("Attorney-client privilege survives the death of a client if the client is a natural person, but the weight of authority suggests otherwise if the client is a corporation.").

[16] *United States v. Cole*, 569 F. Supp. 3d 696, 701, 2021 WL 5027215 (N.D. Ohio 2021).

[17] ECF No. 454.

## ORDER

For the foregoing reasons, the court GRANTS Plaintiff's Motion for Order Requiring Attorney Cole Cannon to Produce Communications[18] and DENIES Defendants' Motion to Maintain Documents Under Seal.[19] Mr. Cannon is to produce the communications at issue within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED this 29 July 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[18] ECF No. 451.

[19] ECF No. 454.