IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR LLC, et al., <br><br> Defendants. | **ORDER OF CONTEMPT** <br><br> Case No. 2:17-cv-00032-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

For the reasons stated below, the court finds Defendant David W. Sparks in civil contempt.

## BACKGROUND

The court entered Judgment against Defendant Sparks on March 10, 2020.[1] The court now exercises ancillary jurisdiction to enforce its orders and Judgment.[2]

On January 23, 2025, Judge Pead entered an Order prohibiting Defendant Sparks "from transferring or moving any real or personal property unless released by the court" and warning him that failure "to comply with any provision of this Order" would subject him "to arrest and incarceration upon proof of non-compliance."[3] On July 30, 2025, Plaintiff filed with the court evidence that Defendant Sparks uploaded a video to YouTube in which he offers to sell

---

[1] Dkt. 169, *Judgment in a Civil Case*. On January 19, 2024, the court issued an Amended Judgment. *See* Dkt. 318, *Amended Judgment*.

[2] *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" (quoting *Riggs v. Johnson County*, 6 Wall. 166, 187 (1868)).

[3] Dkt. 417, *Order on Motion for Relief to Defendants' Established Contempt of Fees Order*.

"everything [he] own[s]" in a sale that is currently ongoing.[4] Given the urgency of this evidence, the court issued an Order to Show Cause later that day directing Defendant Sparks to show cause why the court should not hold him in contempt and order his incarceration.[5] Defendant Sparks has now responded.[6]

## LEGAL STANDARD

"[I]t is firmly established that the power to punish for contempt is inherent in all courts."[7] A court may hold a party in civil contempt when there is clear and convincing evidence: (1) a valid court order existed; (2) the party had knowledge of the order; and (3) the party disobeyed the order.[8] The party may overcome this showing by producing clear and convincing evidence they complied with the order or compliance with the order is presently impossible.[9] However, in raising the impossibility defense, the party "must establish by facts (and not just assertions) that he or she has made all reasonable and good faith efforts to comply with the order."[10] The court may order a party's imprisonment until he complies with its order.[11]

---

[4] Dkt. 482, *Plaintiff's Emergency Motion for Preliminary Injunction and Zoom Hearing* (*Emergency Motion*).

[5] Dkt. 483, *Order on Emergency Motion for Preliminary Injunction and Order to Show Cause* (*Order to Show Cause*).

[6] Dkt. 483, *Defendants Dave Spark's*[sic] *Response to the Order to Show Cause Issued July 30, 2025* (*Response*).

[7] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation modified); *see also* Fed. R. Civ. P. 70(e) (stating a court may hold a party in contempt for disobeying a judgment).

[8] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

[9] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008); *United States v. Rylander*, 460 U.S. 752, 757 (1983).

[10] *In re Aramark Sports and Ent. Serv., LLC*, 725 F.Supp.2d 1309, 1316 (D. Utah 2010) (citation omitted).

[11] 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *see also United States v. Ford*, 514 F.3d 1047, 1050–52 (10th Cir. 2008) (permitting a district court's imprisonment of a party until he complied with the court's order).

## ANALYSIS

As the court explained in its Order to Show Cause, clear and convincing evidence establishes (1) Judge Pead's January 23, 2025 Order is valid, (2) Defendant Sparks had notice of it, and (3) Defendant Sparks is currently in clear, obvious, and intentional violation of that Order by engaging in an ongoing sale of assets without the court's approval.[12] The court finds Defendant Sparks has failed to meet his burden to overcome this evidence.

Defendant Sparks offers several arguments for why he should not be held in civil contempt: (1) he believed Judge Pead's Order was suspended;[13] (2) he has sought relief from that Order;[14] (3) the Order is unlawful;[15] (4) his incarceration would violate his due process rights;[16] (5) the ongoing sale includes a "substantial volume of property not owned by any Defendant;"[17] (6) Plaintiff has rejected payment plans offered by Defendant Sparks;[18] and (7) he has other financial obligations.[19]

None of these arguments have any merit. First, the Minute Entry for the April 11, 2025 hearing before Judge Pead states "the court stays execution of its orders for thirty days to work out a payment plan."[20] This alone is sufficient to find the January 23, 2025 Order is no longer

---

[12] *See Order to Show Cause* (citing Dkt. 440, *Emergency Motion for Relief from Orders in Dkt 417, 418, 426, 427, 431, and 432 as well as Staying Collection Efforts* at 1; Dkt. 440-2, *Declaration of Dave Sparks and Spareks Motors Regarding Document Production Request* ¶¶ 8–10; Dkt. 438, *Plaintiff UPHE's Notice of Defendants' Substantial Noncompliance with Contempt Order, ECF No. 417*; *Emergency Motion*).

[13] *Response* ¶¶ 1, 7.

[14] *Id.* ¶ 2.

[15] *Id.* ¶ 5.

[16] *Id.* ¶ 6.

[17] *Id.* ¶¶ 3, 8.

[18] *Id.* ¶ 4.

[19] *Id.* ¶¶ 9–11.

[20] Dkt. 466, *Minute Entry*.

stayed.[21] And Defendant Sparks's argument that he was simply unaware the unauthorized sale violates a court order is not credible because his Response indicates he intends to continue the sale *despite* the court's Order to Show Cause finding it violates Judge Pead's Order. Moreover, Defendant Sparks's brief submitted on June 3, 2025, acknowledges the January 23, 2025 Order is no longer stayed by *including a proposed order seeking such a stay*.[22] It defies common sense for Defendant Sparks to claim he believed the Order to be stayed while his submission seeking that exact same relief is currently pending before the court.

As to Defendant Sparks's other arguments, the court finds them unpersuasive. First, Defendant Sparks puts forth no legal authority to support the proposition that Judge Pead's Order is unlawful or that incarceration would violate his due process rights.[23] Indeed, as the court explained above, incarceration is a remedy available to the court to coerce compliance with its orders.[24] And it is black letter law that a party must comply with a court's order unless and until that order is ruled unlawful.[25]

Next, assuming as true that Defendant Sparks has other financial obligations and that Plaintiff has rejected his payment plan offers, the court finds these matters irrelevant to whether Defendant Sparks has violated Judge Pead's Order. They have no bearing on whether the Order was valid, whether Defendant Sparks had knowledge of it, and whether he complied with its terms. And finally, while Defendant Sparks has provided *assertions* that some of the property

---

[21] Dkt. 466, *Minute Entry*. Defendant Sparks argues Judge Pead may have entered an indefinite stay at the hearing but has provided no evidence this is the case. *See Response*. The court has reviewed an audio recording of the hearing and finds Judge Pead unequivocally entered a stay for a period of thirty days.

[22] Dkt. 476-7, *(Proposed) Order on Defendants' Motion for Relief from Orders in Dkt 417*.

[23] *See generally Response*.

[24] *See* 18 U.S.C. § 401; *United States v. Ford*, 514 F.3d 1047, 1050–52 (10th Cir. 2008) (permitting a district court's imprisonment of a party until he complied with the court's order).

[25] *See, e.g., Dunn v. United States*, 388 F.2d 511, 513 (10th Cir. 1968) ("When a court has jurisdiction of the subject matter and person, its orders must be obeyed until reversed for error by orderly review." (citations omitted)).

currently being sold at the "liquidation sale" is not owned by him or other Defendants, he has not provided *facts* that suggest this is the case.[26] In fact, Defendant Sparks's Response conclusively establishes he is in violation of the Order by admitting the sale of assets that he and other Defendants have at least some ownership interest in is occurring.[27]

For these reasons, Defendant Sparks has not met his burden to prove by clear and convincing evidence that he has complied, or that compliance is impossible, with Judge Pead's January 23, 2025 Order. The court will therefore find Defendant Sparks in civil contempt and order appropriate relief to protect the assets subject to the court's Judgment and coerce Defendant Sparks's compliance.

## ORDER

For the reasons explained above, the court finds Defendant Sparks in civil contempt for his violation of Judge Pead's Order. The court further ORDERS:

(1) Defendant Sparks is ENJOINED from conducting any further sales of assets without this court's approval;

(2) The U.S. Marshal shall SEIZE any proceeds from sales of Defendant Sparks's assets that occurred on or after July 28, 2025; and

(3) The U.S. Marshal is hereby COMMANDED to arrest and incarcerate Defendant Sparks until such time as this court finds he has purged his contempt and orders his release from custody.

---

[26] The court notes Defendant Sparks has provided what appears to be an AI-generated document that references a spreadsheet and "photo albums" not provided to the court. *See* Dkt. 485-2, *Dave Sparks – Response to Court Regarding Liquidation Sale*.

[27] *Response* ¶¶ 3, 8.

Defendant Sparks may purge his contempt by ceasing the sale of his assets and otherwise complying with all terms of Judge Pead's January 23, 2025 Order. The court will set a status conference on Monday, August 4, 2025 at 2:00pm to discuss purging the contempt.

SO ORDERED this 1st day of August 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge