IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR LLC, et al., <br><br> Defendants. | **ORDER** <br><br> Case No. 2:17-cv-00032-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

**ORDER**

The court found Defendant David W. Sparks in civil contempt on August 1, 2025, and ordered him incarcerated until he purged that contempt.[1] The court held a hearing related to this issue on August 4, 2025. Defendant Sparks appeared at the hearing, the warrant for his arrest having not been served. For the reasons explained at the hearing, the court ORDERS as follows:

(1) The arrest warrant issued on August 1, 2025, is hereby RECALLED pending further order of the court;

(2) No later than 5:00pm on August 6, 2025:

    a. Defendant Sparks shall deposit with the Clerk of Court the gross proceeds from all sales that occurred during the liquidation sale that began on July 28, 2025, until it ceased pursuant to this court's August 1, 2025 Order of Contempt, in which any Defendant had any ownership or financial interest;

---

[1] Dkt. 486, *Order of Contempt*.

1

  b. Defendant Sparks, through counsel, shall file on the docket, under penalty of perjury, a sworn accounting of all items sold during the liquidation sale that began on July 28, 2025, until it ceased pursuant to this court's August 1, 2025 Order of Contempt;

(3) Defendants may resume their liquidation sale, pursuant to the following requirements.

 a. No later than 5:00pm on August 8, 2025:

  i. Defendant Sparks shall deposit with the Clerk of Court the gross proceeds from all sales occurring on or after August 4, 2025, of all items in which any Defendant had any ownership or financial interest;

  ii. Defendant Sparks, through counsel, shall file on the docket, under penalty of perjury, a sworn accounting of all items sold on or after August 4, 2025, until 5:00pm on August 8, 2025;

 b. No later than 5:00pm on August 14, 2025:

  i. Defendant Sparks shall deposit with the Clerk of Court the gross proceeds from all sales occurring after 5:00pm on August 8, 2025, of all items in which any Defendant had any ownership or financial interest;

  ii. Defendant Sparks, through counsel, shall file on the docket, under penalty of perjury, a sworn accounting of all items sold after 5:00pm on August 8, 2025, until 5:00pm on August 14, 2025;

(4) No later than 5:00pm on August 14, 2025, Defendants shall, through counsel, provide to Plaintiff's counsel all documents, information, and disclosures required by Sections A and B of Judge Pead's January 23, 2025 Order (Dkt. 417). Defendants shall

provide in connection with the production, under penalty of perjury, a sworn declaration explaining all efforts taken to comply with Sections A and B of Judge Pead's Order.

(5) Unless Defendants request and are granted leave by the court, Defendants are prohibited from selling, transferring, moving, or otherwise encumbering any real or personal property except as it relates to the liquidation sale. Defendants may also incur reasonable living expenses and process in the normal course employee payroll for two August pay periods. The court stays Section C of Judge Pead's January 23, 2025 Order until the August 19, 2025 hearing, at which point Judge Pead may order any appropriate relief related to Section C.

(6) The court hereby reinstates Dkt. 473, with the following modifications: No later than 5:00pm on August 11, 2025, Defendants shall submit a brief, not to exceed fifteen substantive pages, addressing the matters on which Judge Pead ordered briefing. Defendants must also explain any grounds for why Judge Pead's January 23, 2025 Order is unlawful in part or in its entirety. Plaintiff may respond, in a brief not to exceed fifteen substantive pages, by 5:00pm on August 15, 2025.

(7) Nothing in this Order should be construed as limiting Judge Pead's authority to issue any relief or additional orders on or after the August 19, 2025 hearing.

The court notes Defendant Sparks remains in contempt of this court's orders. Strict compliance with the terms of this Order is necessary to purge his contempt. If Defendant Sparks does not comply with this Order, the court intends to reissue the warrant for his arrest and incarceration until such time as he complies.

SO ORDERED this 5th day of August 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge