| | | |
|---|---|---|
| Reed Zars | George E. Hays | Michelle Fein |
| Utah Bar No. 16351 | Attorney at Law | Utah Bar No. 18065 |
| Attorney at Law | P.O. Box 843 | 50 W Broadway, Suite 333 |
| 910 Kearney Street | Bellevue, WA 98009 | PMB 49891 |
| Laramie, WY 82070 | (415) 716-9159 | Salt Lake City, UT 84101 |
| (307) 760-6268 | georgehays@mindspring.com | (610) 761-7643 |
| reed@zarslaw.com | (Admitted pro hac vice) | michelle@fein.law |

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | **PLAINTIFF'S MOTION FOR ORDER REQUIRING ATTORNEY COLE CANNON TO SHOW CAUSE WHY HE SHOULD NOT BE FOUND IN CONTEMPT FOR FAILING TO DISCLOSE THE EMAILS REQUIRED BY COURT ORDER ECF NO. 480** <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br> Chief Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule of Civil Procedure Rule 70(e), Plaintiff Utah Physicians for a Healthy Environment ("UPHE") moves the Court to require attorney Cole Cannon to show cause why he should not be held in contempt for violating the Court's July 29, 2025 Memorandum Decision and Order, ECF No. 480. The court's order required attorney Cannon to disclose to UPHE by August 12, 2025 his five and one-half years of email chains between June of 2019 and January of 2025 described in his untimely privilege log attached here as Exhibit A.

Attorney Cannon has failed to provide to UPHE any of the emails required by the court's order.[1]

Pursuant to Federal Rule of Civil Procedure 70(e), a court may hold a party in contempt for failing to comply with a judgment of the court. According to this court in *Gardner v. Long*, No. 18-cv-00509, 2020 WL 1325338 (D. Utah Mar. 20, 2020) (unpublished slip op.),

> To prevail in a civil contempt proceeding, the moving party must show, by clear and convincing evidence, '[1] that a valid court order existed, [2] that the [nonmoving party] had knowledge of the order, and [3] that the [nonmoving party] disobeyed the order.' Once the moving party has satisfied its burden, the burden then shifts to the nonmoving party 'to show either [1] that he had complied with the order or [2] that he could not comply with it.

*Id.* (citing *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998), and *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008)).

Here, clear and convincing evidence satisfies the three elements above. First, the court's Order is plainly a valid court order. ECF No. 480 at 5. Second, attorney Cannon had knowledge of the order because it was served on him. Third, attorney Cannon disobeyed the Order by failing to provide his email chains.

Wherefore UPHE moves for an order requiring attorney Cannon to show cause why he should not be held in contempt.

---

[1] On August 12, 2025 attorney Cannon provided copies of texts to UPHE, but did not provide copies of any emails.

DATED this 18th day of August, 2025.

                                        Respectfully submitted,

                                        s/   Reed Zars
                                        Reed Zars
                                        Utah Bar No. 16351
                                        Attorney at Law
                                        910 Kearney Street
                                        Laramie, WY 82070
                                        (307) 760-6268
                                        reed@zarslaw.com

                                        s/   George Hays
                                        George E. Hays
                                        Attorney at Law
                                        P.O. Box 843
                                        Bellevue, WA 98009
                                        (415) 716-9159
                                        georgehays@mindspring.com

                                        s/   Michelle Fein
                                        Michelle Fein
                                        Utah Bar No. 18065
                                        50 W Broadway, Suite 333
                                        PMB 49891
                                        Salt Lake City, UT 84101
                                        (610) 761-7643
                                        michelle@fein.law

                                        *Attorneys for Plaintiff*