THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br><br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

On August 19, 2025, the court heard argument related to Plaintiff's efforts to collect on the judgment in this matter. The court also considered Defendants' arguments regarding their compliance and relief from the court's prior orders. Having considered the parties' briefing and arguments, the court enters the following order concerning the motions before it.

## BACKGROUND

This case is in the post judgment stage and Plaintiff is seeking to collect on the judgment entered by the court. The parties are familiar with the factual background of the case, so the court does not repeat it here. The present dispute centers on Plaintiff's collection efforts, Defendants' compliance, and particularly, the undersigned's Order on Motion for Relief to Defendants' Established Contempt of Fees Order entered January 23, 2025, at docket 417 (417 Order). As noted at the hearing, the court agrees that there is a commonsense element in that order, and it is modified as set forth herein. The court also considered Plaintiff's respective requests for writs on certain properties. Those requests are also granted as set forth herein.

## DISCUSSION

Rule 69 of the Federal Rules of Civil Procedure provides guidance for the execution of judgment. It states as follows:

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.[1]

Thus, under the Rules, a party may seek execution of a judgment following the procedures of the state where the court is located, and it may also seek discovery in aid of the judgment or execution of the judgment. Here, Plaintiff seeks certain writs of execution to enforce the money judgment. Generally, the Clerk of Court issues the writ, and a constable or U.S. Marshal is responsible for serving the writ.

Plaintiff first seeks an order foreclosing the lien on, and authorizing the sale of, Defendant David Sparks' membership interest in G.I. Sparks LLC. Defendants oppose Plaintiff's request arguing it is improper for two primary reasons. First, it is too harsh a remedy as the Clean Air Act is to "remove the incentive to violate, but not to put firms out of business."[2] Next, Defendants argue Plaintiff's Motion violated Utah Code § 48-3A-503(3), implying Defendant Sparks is not the sole member of GI Sparks. The court is not persuaded by these arguments. There is nothing in the Clean Air Act prohibiting Plaintiff's Motion and Defendants do not cite

---

[1] Fed. R. Civ. P. 69.

[2] Defendants' Opposition to Plaintiff's Motion for Order Foreclosing the Lien On, and Authorizing the Sale of, Defendant David Sparks's Membership Interest In, G.I. Sparks LLC, at 2, ECF No. 420.

to any authority supporting their position. Finally, the evidence in the record indicates Mr. David Wangsgard is not a member of GI Sparks and there is no evidence that it has any other members other than Defendant David Sparks. Thus, Utah Code § 48-3A-503(6) is applicable. That section provides for the foreclosure of a charging lien against the sole member of a limited liability company.

At oral argument assertions were made that Mrs. Ashley Sparks, Defendant David Sparks' wife, has an ownership interest in GI Sparks. Mrs. Sparks is not listed on any of the documentation regarding GI Sparks. Further, representations made at the hearing held on April 11, 2025, and at the hearing held on August 19, 2025, that Mr. Sparks's and Mrs. Sparks's were in divorce proceedings, and that those proceedings impact collection efforts, are completely false. The divorce proceedings were dismissed in November of 2024, long before the court's hearings.[3]

Accordingly, the court will grant Plaintiff's Motion as to GI Sparks.

Next, the court turns to Plaintiff's Motion for Writ of Execution on Defendant David Sparks's cabin.[4] There was no opposition filed to this Motion and at oral argument, only general assertions were made about the lease of the land effecting the sale of the cabin. The lease does not prevent the issuing of a writ by the court nor moving forward with the sale. The court is persuaded the writ of execution should issue. Plaintiff's Motion, therefore, is granted.

On January 23, 2025, the court issued a writ of execution on Defendant David Sparks's real property located at 3315 South Sunset Loop Rd. Bountiful, Utah 84010, Davis County Land

---

[3] During the hearing counsel for Mrs. Sparks was present. A divorce case number of 244701089 was provided, and it was discovered that the divorce case was dismissed November 26, 2024, without the parties divorcing. The court questions whether those proceedings were raised in an attempt to further frustrate the collection process.

[4] ECF No. 478.

Serial Number 01-201-0105.[5] This is Defendant David Sparks's home that he presumably shares with his wife Mrs. Sparks and their children. The execution of the writ was stayed by the court to allow the parties to work out an agreement.[6] An agreement was not reached, and Plaintiff seeks to execute the writ. Defendant argues the writ for his home should not be issued because of the large number of encumbrances upon it. Based on Defendant's representations, the home is worth approximately 2.2 million with encumbrances of 4.1 million. The court questions the validity of some of these alleged encumbrances. Moreover, Plaintiff is seeking a viable remedy available to them under the law to collect on a judgment. Thus, the court lifts any stay as to the execution of this writ and Plaintiff may pursue it subject to any future hearings or claims on the property.

Next, the court considered Defendants' arguments regarding Defendants' Emergency Motion for Relief from Orders 417, 418, 426, 427, 431, and 432 as well as Staying Collection Efforts.[7] As noted by Judge Shelby, commonsense applies to the court's orders, including the 417 Order. As to that Order, the court expressly adopts the "softening" of it that Defendants may incur reasonable living expenses and process in the normal course employee payroll. For example, Defendants need not request leave to take their kids to McDonalds, put gas in their car, or pay bills. Nor do they need to face some imagined conundrum between complying with the order and violating federal law. It was never the intent of the court to micromanage Defendants' reasonable normal life activities, prohibit employee payroll, or create a situation where the law would be violated. It is in the best interests of all parties that Defendants continue to generate some form of revenue to pay their debts. Much of the confusion alleged by Defendants could have easily been remedied by timely seeking further guidance from the court rather than waiting

---

[5] Writ of Execution dated 23 January 2025, ECF No. 418
[6] Minute Entry for proceedings held on 11 April 2025, ECF No. 466.
[7] ECF No. 440.

to do so. Defendants' untimeliness has been a consistent theme throughout this case and it has caused additional problems.

In accordance with the intent of the court, there is more leeway in the court's phrase that "Defendants are prohibited immediately from transferring or moving any real or personal property unless released by the court."[8] Defendants may incur reasonable living expenses, process in the normal course employee payroll, and engage in commonsense needs, without seeking leave of court to do so.

Defendants alleged there are other exceptions needed to the court's 417 Order. Defendant may file a brief not to exceed 10 pages or 3100 words, that specifically describes what other exceptions are needed and why they are required. Plaintiff may file a response of the same page and word limits within 14 days after service of Defendants' memoranda.

As agreed by Plaintiff, section C's requirement of Defendant paying $150,000 is stricken from the 417 Order.

The court is not persuaded that all collection efforts should be stayed as requested by Defendants. A judgment debtors' alleged impecunity does not automatically result in a stay of collection efforts. And the evidence before the court here, demonstrates Defendants do have assets of value that may be sold. Many of the arguments offered by Defendants in support of their Emergency Motion are disingenuous. For example, Defendants assert the court's order was entered under Rule 69(a)(2) which authorizes discovery but not collection efforts. Defendants, however, conveniently disregard Rule 69(a)(1), which allows for writs of execution in aide of judgment. Moreover, contrary to Defendants' representations, the court has offered multiple

---

[8] 417 Order at 5.

hearings for Defendants to exercise their due process rights in the collection efforts. And there is nothing prohibiting further hearings after a writ has been executed.

In short, the court is not persuaded by Defendants' arguments that there should be relief given from Plaintiff's collection efforts. Writs may issue and to the extent that Defendants have an ownership interest in property, those interests may be sold.

Finally, the parties provided information regarding Defendants' garage sale. From that sale certain funds were deposited with the court and additional funds are expected. The court is persuaded that Defendants have a viable claim to "overhead" and expenses incurred at the sale. Defendants noted the expenses were $9,900 for the first days of the garage sale before it was suspended. Defendants are to provide the court with an accounting of their expenses. Upon a valid showing, the court will release those funds back to Defendants to cover operating costs. As to future proceeds from garage sales, Defendants are to deposit with the court their gross proceeds with an accurate accounting of funds needed to cover operating costs.[9] The court will then consider releasing those funds back to Defendants.

The parties disagreed about the disbursement of proceeds from the garage sale. Defendants assert it should go toward penalties owed to the Government. Plaintiff argued it should go toward their fees given Defendants' conduct. The court finds Plaintiff's arguments persuasive. It is Defendants' conduct that created the issues and as such, the need for Plaintiff to respond. The proceeds from the garage sale are to go toward Plaintiff's fees.

---

[9] Defendants are to provide advanced notice of at least 24 hours to Plaintiff of any future garage sale events. An email sent notifying Plaintiff of a garage sale while it is happening, as was done previously, is insufficient.

## ORDER

For the foregoing reasons,

Plaintiff's Motion For Order Foreclosing the Lien on, and Authorizing the Sale of, Defendant David Sparks's Membership Interest in, G.I. Sparks LLC is GRANTED.[10]

Defendants' Emergency Motion for Relief from Orders 417, 418, 426, 427, 431, and 432 as well as Staying Collection Efforts is DENIED.[11] The court does however explicitly modify the 417 Order as set forth above.

Plaintiff's Motion for Writ of Execution on Defendant Sparks's Cabin and Motion for Hearing concerning the same are GRANTED.[12]

The Writ of Execution on Defendants David Sparks's home may proceed. And Plaintiff may seek further writs of execution on other property in which Defendants have an interest.[13]

IT IS SO ORDERED.

DATED this 19 August 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] ECF No. 415.

[11] ECF No. 440.

[12] ECF Nos. 478, 479.

[13] The Clerk of Court may sign writs of execution sought by Plaintiff.