Cole S. Cannon (UT #12053)
Jon Pfeifer (UT #16646)
Cannon Law Group, PLLC
124 South 600 East
Salt Lake City, Utah 84102
Telephone: 801-363-2999
Fax: 801-363-3013
cole@cannonlawgroup.com
jon@cannonlawgroup.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, <br><br> Plaintiff, <br><br> v. <br><br> DIESELSellerz.com, et al., <br><br> Defendants. | **OPPOSITION TO DKT. 516, MOTION FOR MISCELLANEOUS RELIEF** <br><br> Case No. 2:17-CV-32RJS <br><br> Judge: Hon. Robert Shelby |

Defendants Diesel Power Gear, LLC, Dave Sparks, Josh Stuart, and Sparks Motors, LLC hereby file this Opposition to Dkt. 516, the Motion for Miscellaneous Relief, filed by UPHE. The Motion should be denied for the following reasons:

     The relief sought is wholly inconsistent with the Federal Rules of Civil Procedure, specifically Rule 69, and with applicable statutes governing post-judgment collection. Plaintiff asks this Court to expand collection procedures ultra vires and far beyond what federal law or Utah law permits. The requests are therefore improper and must be denied.

    1. Federal Rules of Civil Procedure 69 strictly limits collection to statutory procedures.

2. Rule 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1) further specifies that the procedure on execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

3. So the added language of "unless a court directs otherwise" does not give the court carte blanche to fashion its own collection remedies, since the very next section of that statute states that execution "must accord" with the procedure in the state where it is located.

4. Thus, enforcement of money judgments may occur only through writs of execution (or other writs expressly authorized by statute) and in conformity with state or federal statutory schemes. Courts have repeatedly recognized that collection efforts stemming from federal actions should comply with state laws that protect creditors and debtors and which contain protections for all parties as outlined in such procedures.  See, e.g., *United States v. Yazell*, 382 U.S. 341, 352 (1966) (holding that there was no federal interest for the SBA to collect against a debtor in a manner that overrides local law in a manner that is contrary to state law).

5. UPHE seeks injunctive relief without citing any rule authorizing such relief or analyzing any required factors.

6. UPHE's Motion seeks that this court order David Sparks to take affirmative steps to deliver to it several items of property, some of which he has, some of which is real property (and therefore is simply fixed in place), and much of which is not in his possession or control.

7. In so doing, UPHE asks this court to bypass all of the protections outlined in various laws protecting property interests and governing collection procedures, such as laws relating to eviction and possession of real property, laws relating to publication of sales pursuant to writs, notices of exemptions, and the bidding process, and others.

8. UPHE seeks this injunctive relief without citing any procedural rule.

9. The 10th Circuit has found that a motion seeking a preliminary injunction that does not comply with (or cite to) FRCP 65 or outline the factors "governing whether a preliminary injunction should issue weigh in his favor" should be denied. *Edwards v. Oklahoma*, No. CIV-25-434-R, 2025 U.S. Dist. LEXIS 131082 (W.D. Okla. July 10, 2025); *Citing Colorado v. United States EPA*, 989 F.3d 874, 883 (10th Cir. 2021).

10. Plaintiff's requests further exceed the scope of rule 69 and applicable statutes.

11. The Motion demands numerous remedies that are not authorized by any writ, statute, or Rule 69 procedure:

    a. Forced Access and eviction from Real Property (Cabin in Fremont Canyon): Plaintiff seeks an order compelling Defendants to provide keys, access codes, bills of sale, and utility statements. Rule 69 does not permit compelled turnover of keys or documents absent a statutory turnover order. Utah law provides for writs of garnishment, attachment, and execution—not compelled property management or pre-sale disclosures.

    b. Delivery of Vehicles and Personal Property: Plaintiff demands delivery of vehicles to a constable outside the scope of a duly issued writ of execution. Rule 69 and Utah law require execution procedures—levy, notice, and sheriff's sale—not compelled physical delivery.

    c. Accounting of Past Liquidation Sales. Plaintiff's request for sworn accountings and documents for past sales is a discovery demand, not collection under Rule 69. Post-judgment discovery is permitted, but it must proceed under Rule 69(a)(2), not through an enforcement order masquerading as a writ. Further, Defendants provided the same as docket 496-1. It is counsel's understanding, upon information and belief, that no further sales occurred following that updated accounting that would make a further accounting necessary or possible.

    d. Direct Disbursement of Funds by Clerk.  Plaintiff seeks direct disbursement of deposited funds, bypassing the procedures for satisfaction, priority, and claims under federal and state law. Courts have no authority to order disbursement outside statutory frameworks. As for the remaining funds from the second portion of the sale, as counsel for UPHE knows, the shopify account to which payments were made was frozen in connection with a writ issued out of a federal court in New York.  A copy of the e-mail from shopify confirming the same is attached hereto as Exhibit "A".

12. The Federal Courts should not override legislative directives for collection procedures and act outside of such schemes.

13. There are due process concerns, since the writ process provides Defendants with due process protections—notice, levy, sale procedures, and exemptions—guaranteed under Utah and federal law.

14. The writ process further protects the property rights of non-parties, such as an LLC that is not a party.  Rule 69 does not allow seizure of non-party assets.

15. Finally, the judicial creation of new collection remedies usurps the role of legislatures in prescribing enforcement mechanisms.

16. UPHE has sought to make entering into the order a condition of withdrawal of Cannon Law Group.  Again, such a conditional withdrawal is nowhere authorized or permitted.  And conditions imposed on counsel that has withdrawn is improper.  Regardless, counsel must oppose UPHE's unlawful requests as long as it remains counsel to Defendants in this case.

## Conclusion

Plaintiff's Motion seeks remedies that contravene Rule 69 and disregard Utah statutory collection procedures. Each request for relief—forced access, compelled delivery of property, mandatory accountings, and direct disbursement of funds—is beyond the scope of any authorized writ.

For these reasons, the Motion should be DENIED in its entirety.

Dated this 1st day of October, 2025.

                                                  Respectfully submitted,

                                                  /s/ Cole S. Cannon  
                                                  Cole S. Cannon  
                                                  Cannon Law Group, PLLC  
                                                  124 S. 600 E.  
                                                  Salt Lake City, UT 84102  
                                                  801-363-2999  
                                                  801-606-7341  
                                                  cole@cannonlawgroup.com

Certificate of Service

I hereby certify that on the 1st day of October, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/Jon F. Pfeifer</u>
Jon F. Pfeifer
Cannon Law Group, PLLC
124 S. 600 E.
Salt Lake City, UT 84102
801-363-2999
801-606-7341
jon@cannonlawgroup.com