IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT INC.,<br><br>Plaintiff,<br><br>v.<br><br>DIESEL POWER GEAR LLC, et al.,<br><br>Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-00032-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

The court ORDERS Defendant Joshua Stuart to show cause why the court should not (1) find him in civil contempt and (2) order the U.S. Marshal to take him into custody until such time as the court finds he has purged his contempt and orders his release.

After entering Judgment against Defendants on March 10, 2020,[1] the court issued on January 26, 2021, an Order holding Defendants David W. Sparks, Diesel Power Gear LLC, B&W Auto LLC, and Stuart jointly and severally liable to Plaintiff for fees and costs totaling $843,602.23 (Fees Order).[2] Over three years later, after Defendants had failed to pay any amount to Plaintiff under the Fees Order, the court found all Defendants in contempt on June 24, 2024 for their noncompliance.[3] On January 23, 2025, Judge Pead entered an Order seeking to

---

[1] Dkt. 169, *Judgment in a Civil Case*. On January 19, 2024, the court issued an Amended Judgment. *See* Dkt. 318, *Amended Judgment*.

[2] Dkt. 230, *Memorandum Decision and Order Granting Plaintiff's Motion for Fees and Bill of Costs* (*Fees Order*). Originally, the court held all Defendants, including then-Defendant Keaton Hoskins, jointly and severally liable for $928,602.23. *Id.* at 51. However, Hoskins settled with Plaintiff, which resolved his liability and reduced the remaining Defendants' liability by $85,000. Dkt. 237, *Order Confirming Defendant Keaton Hoskins' Satisfaction of Civil Penalty and Costs and Fees Liability, and Retention of Permanent Injunction*.

[3] Dkt. 388, *Memorandum Decision and Order*.

enforce the Fees Order (First Enforcement Order).[4] The First Enforcement Order required Defendants, including Stuart, to produce various documents and information to Plaintiff.[5] The First Enforcement Order concluded by warning Defendants that failure "to comply with any provision of this Order" would subject Defendants "to arrest and incarceration upon proof of non-compliance."[6] This court later issued a Second Enforcement Order providing, in part, that "Defendants shall, through counsel, provide to Plaintiff's counsel all documents, information, and disclosures required by" the First Enforcement Order.[7]

As stated in the Memorandum Decision and Order of Contempt concerning Defendant Sparks issued contemporaneously with this Order to Show Cause,[8] Defendants have failed to demonstrate their compliance with the Fees Order and First and Second Enforcement Orders. Accordingly, the court ORDERS Defendant Stuart to show cause by October 23, 2025, why the court should not find him in civil contempt and order his incarceration.

SO ORDERED this 2nd day of October 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[4] Dkt. 417, *Order on Motion for Relief to Defendants' Established Contempt of Fees Order* (*First Enforcement Order*). The court later modified the First Enforcement Order to explicitly allow for Defendants to "incur reasonable living expenses" without the court's approval. Dkt. 491, *Order* (*Second Enforcement Order*) at 3; Dkt. 505, *Memorandum Decision and Order* at 4–5 (same).

[5] *First Enforcement Order*.

[6] *Id.*

[7] *Second Enforcement Order*.

[8] Dkt. 519, *Memorandum Decision and Order of Contempt*.