THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br> v. <br> DIESEL POWER GEAR, LLC, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's Motion for Order to Show Cause.[1] In short, this case is in the post judgment stage. Plaintiff is attempting to collect on a judgment entered by the court, and there has been extensive litigation regarding the collection efforts, that to date, has yet to conclude.

In the instant motion, Plaintiff moves the court to require Defendants' attorney Cole Cannon to show cause why he should not be held in contempt for violating this court's July 29, 2025, order.[2] In that order, the court granted Plaintiff's Motion requiring Mr. Cannon to produce the communications at issue within fourteen days.[3] These communications include "email chains between June of 2019 and January of 2025 described in [an] untimely privilege log."[4]

---

[1] Motion for Order to Show Cause, ECF No. 502. This matter is referred to the undersigned from Judge Shelby under 28 U.S.C. § 636(b)(1)(A) for disposition of non-dispositive matters.

[2] Memorandum Decision and Order dated July 29, 2025, ECF No. 480.

[3] *Id.* at 5.

[4] Motion for Order to Show Cause at 1.

Federal Rule of Civil Procedure 70(e) provides that the "court may … hold [a] disobedient party in contempt"[5] for failing to comply with a court order. As noted by this court previously, the Tenth Circuit has provided that to prevail in a civil contempt proceeding, the moving party must show, by clear and convincing evidence, "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."[6] Once a moving party has satisfied their burden, the burden then shifts to the nonmoving party to show either compliance with the order, or that compliance was not possible.[7]

In response to Plaintiff's Motion, Mr. Cannon offers that he "previously produced text messages of the same nature, but forgot that the order also required production of e-mails, …."[8] However, they have now been produced making this matter moot.

Although there has been a pattern of serious concerns regarding compliance with court orders by Defendants in this case, Mr. Cannon avers he has now complied with the court's order, and nothing currently before the court from Plaintiff suggests otherwise. Accordingly, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED this 8 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] Fed. R. Civ. P. 70(e).

[6] *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). *See Gardner v. Long*, 2020 WL 1325338 at *6-7 (D. Utah Mar. 20, 2020) (applying *Reliance* factors in ordering a party to show cause why they should not be held in civil contempt).

[7] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (noting the requirements for the nonmoving party to demonstrate once the burden shifts).

[8] Defendants' Opposition to Plaintiff's Motion for Order to Show Cause at 1, ECF No. 507.