Cole S. Cannon (UT #12053)
Jon Pfeifer (UT #16646)
Cannon Law Group, PLLC
124 S. 600 E.
Salt Lake City, Utah 84102
Telephone: (801) 363-2999
Fax: (801) 363-3013
cole@cannonlawgroup.com
jon@cannonlawgroup.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Diesel Power Gear LLC, 4X4 Anything LLC, B&W Auto LLC d/b/a Sparks Motors LLC, David W. Sparks, Joshua Stuart and Keaton Hoskins, <br><br> Defendants. | **DAVE SPARKS' MOTION FOR EXTENSION OF TIME** <br><br> Case No. 2:17-cv-32-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br> Magistrate Judge Dustin B. Pead |

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure ("*FRCP*"), Defendant David W. Sparks (collectively, "*Sparks*"), by and through his undersigned counsel of record, hereby submits this Motion for Extension of Time (the "*Motion*") to respond to Plaintiff's Emergency Motion to Enjoin Defendant Sparks From Inciting His Supporters to Confront UPHE or Its Counsel (the "*TRO Motion*"). Sparks respectfully requests until Monday, October 27, 2025, to respond to the TRO Motion, and Sparks' basis for this extension of time are as follows:

1

1. Cole Cannon, Sparks' attorney, has had a family emergency. Last night, Mr. Cannon's child had to have an emergency appendectomy, and Mr. Cannon, who was out of state at the time, spent all night traveling back to Arizona to be with his family. Currently, Mr. Cannon and his family are still at the hospital.

2. Sparks' attorneys, Mr. Cannon and Jon Pfeifer, are involved in deposition preparation that required a separate out of state counsel to fly into Utah. These depositions and their associated preparation had been previously scheduled.

3. The text of the order goes far beyond preventing any allegedly harmful communications and prohibits commenting at all on the case, UPHE, counsel for UPHE, or any other related matter. This is a clear violation of first amendment rights; therefore, it is imperative that Sparks be afforded time to respond meaningfully to the TRO Motion.

4. The complained of video was posted in response to the public inquiry and numerous articles, including national media, focusing on Sparks' incarceration.

5. The case relied on by UPHE, *In re Ho Wan Kwok*, No. 3:23-cv-102 (KAD), 2024 U.S. Dist. LEXIS 176935, 2024 WL 4349010 (D. Conn. Sept. 30, 2024), a Connecticut District Court case, is egregiously worse than the underlying facts here. The case cited by UPHE centers around a party posting personal contact information for the bankruptcy trustee and the members of the largest creditor in a bankruptcy proceeding, and inciting protestors to protest at their homes.

6. In Sparks' videos and posts, he calls for members of the public not to be threatening or violent. Specifically, Sparks states "But I'm just going to ask you again, please, if you're going to get involved and help be part of this process, no threats, no intimidation, just peaceful dialogue."   Text appears on such videos and posts saying "If you choose to

contact UPHE, Reed Zars, or any affiliated parties, please do so in a civil and respectful manner. Limit your communication to thoughtful, constructive questions only." And again, "With support, you know, there always comes a little too much support, or you get those overzealous supporters who potentially take it a step too far and they make threats, or they intimidate, or they scare, or they, you know, heaven forbid take violent action. Nothing like that has happened yet as far as like violence, but there has been a handful of people who reached out to the attorney Reed Zars and the UPHE, and rather than asking those hard questions, went straight for like threats, which it's not okay, guys. So, I want your support. I appreciate your support, and I expect your support because this could happen to any of us. But I'm just going to ask you again, please, if you're going to get involved and help be part of this process, no threats, no intimidation, just peaceful dialogue."

7. There is no post of contact information, and every pleading in this case (which is public record) contains the names of the Plaintiff in the case, UPHE, and the lead attorney, Reed Zars.

8. Counsel for Defendants and UPHE have been in discussions regarding a potential stipulation to resolve UPHE's concerns, and an extension would permit such process to proceed possibly without the need of Court action.

In light of these reasons, Sparks believes good cause exists for this small extension of time as this Motion is made before the expiration of the response deadline. Moreover, there is no prejudice to UPHE as Sparks has only requested three days to respond to the TRO Motion. Therefore, Sparks respectfully requests the court grant his extension request.

DATED this October 22, 2025.

          /s/ Jon Pfeifer
          Jon Pfeifer, Esq.
          Cole S. Cannon, Esq.
          *Attorneys for Defendants*

Certificate of Service

I hereby certify that on the 22nd day of October, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jon F. Pfeifer
Jon F. Pfeifer
Cannon Law Group, PLLC
124 S. 600 E.
Salt Lake City, UT 84102
801-363-2999
801-606-7341
jon@cannonlawgroup.com